FILED

1  Deon L. Thomas, Pro Se'
   14626 Red Gum Street
2  Moreno Valley, CA 92555          2011 JUN 13  PM 1:08
   951-413-9071/951-242-7015
3  dlthomas32@gmail.com             CLERK U.S. DISTRICT COURT
                                    CENTRAL DIST. OF CALIF.
4                                        LOS ANGELES

5

6

7                    UNITED STATES DISTRICT COURT
                     CENTRAL DISTRICT OF CALIFORNIA
8                                        )
   Deon L. Thomas  Pro Se'             )
9  Plaintiff                           )
                                       )
10 V.                                  )
                                       )
11 Bleier & Cox LLP                    )     Case No: 2:11-cv-04428 AHM (opX)
   Defendant                           )
12                                     )
   Co-Defendants:                      )
13 NCO Financial Systems, Inc., CAPITAL ONE, aka   )   **AMENDED COMPLAINT 1**
   CAPITAL ONE, NATIONAL ASSOCIATION,
14 CAPITAL ONE FINANCIAL CORP, CAPITAL              First Amendment to
   ONE BANK (USA), N. A., Capital One Bank         Complaint
15 (USA), N.A. ("COBUSANA")
   Does 1 through 10
16

17       TO THE CLERK OF THE COURT AND TO THE DEFENDANTS HEREIN:

18                          **AMENDED COMPLAINT 1**

19   Plaintiff amends his complaint to correctly identify the Co-Defendant CAPITAL ONE, aka, CAPITAL

20   ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP., CAPITAL ONE BANK (USA), N.

     A., Capital One Bank (USA), N.A. ("COBUSANA"), in this action, also made some changes in body of
21
     complaint.  This amended complaint does not affect Defendant Bleier & Cox LLP and Co-Defendant NCO
22
     Financial System Inc., names.  The complaint summons has been acknowledge via email by Legal Specialist
23
     Cameron Flood at Capital One indicating they have accepted summons, however the Plaintiff will put amended

     complaint 1 as outlined above and body of complaint.
24

25   Date: June 13, 2011                              _____ Pro Se' without Prejudice
26                                                    Deon L. Thomas, Pro Se'
                                                      14626 Red Gum St.
27                                                    Moreno Valley, CA 92555
                                                      951-242-7015/951-413-9071
28                                                    <dlthomas32@gmail.com>

AMENDED COMPLAINT 1                           Case No: 2:11-cv-04428 AMH (opX)
                                             Deon L.Thomas v. Bleier & Cox LLP

1

2

### CERTIFICATE OF SERVICE

Plaintiff is servicing this Amended Complaint 1 to the Co-Defendant CAPITAL ONE, aka, CAPITAL

ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP., CAPITAL ONE BANK (USA), N. A.,

Capital One Bank (USA), N.A. ("COBUSANA") on or about 13th day of June 2011.  This Amended Complaint will

be submitted to the court of record on or about June 13, 2011.  The process of serving to agent CSC-Lawyers

Incorporating Service, agent address: 2730 Gateway Oaks Dr. STE 100. Sacramento, CA 95833.

Deon L. Thomas, Pro Se'
14626 Red Gum St.
Moreno Valley, CA 92555
951-242-7015/951-413-9071
<dlthomas32@gmail.com>

**AMENDED COMPLAINT 1**

Case No: 2:11-cv-04428 AMH (opX)
Deon L.Thomas v. Bleier & Cox LLP

1

2

## CERTIFICATE OF SERVICE

Plaintiff is servicing this Amended Complaint 1 to the Bleier & Cox LLP Defendant at 16130 Ventura BLVD, Ste

620, Encino, CA. 91436.   This Amended Complaint will be submitted to the court of record on or about June 13,

2011..

3

4

5

6

7

8

9

10

11

12

Deon L. Thomas, Pro Se'
14626 Red Gum St.
Moreno Valley, CA 92555
951-242-7015/951-413-9071
<dlthomas32@gmail.com>

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**AMENDED COMPLAINT 1**

Case No: 2:11-cv-04428 AMH (opX)
Deon L.Thomas v. Bleier & Cox LLP

## CERTIFICATE OF SERVICE

Plaintiff is servicing this Amended Complaint 1 to the Co-Defendant NCO Financial System Inc. Agent for service of process C T CORPORATION SYSTEM, 818 W 7TH ST., LOS ANGELES CA 90017, on or about 13th day of June 2011. This Amended Complaint will be submitted to the court of record on or about June 13, 2011.

Deon L. Thomas, Pro Se'
14626 Red Gum St.
Moreno Valley, CA 92555
951-242-7015/951-413-9071
<dlthomas32@gmail.com>

**AMENDED COMPLAINT 1**

Case No: 2:11-cv-04428 AMH (opX)
Deon L.Thomas v. Bleier & Cox LLP

Deon L. Thomas, Pro Se'
14626 Red Gum Street
Moreno Valley, CA 92555
951-413-9071/951-242-7015
dlthomas32@gmail.com

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Deon L. Thomas  Pro Se' )
Plaintiff )
)
V. )
)
Bleier & Cox LLP )          Case No: 2:11-cv-04428 AMH (opX)
Defendant )
)
Co-Defendants )
NCO Financial Systems, Inc., CAPITAL ONE, aka )          **AMENDED COMPLAINT 1**
CAPITAL ONE, NATIONAL ASSOCIATION, )
CAPITAL ONE FINANCIAL CORP., CAPITAL
ONE BANK (USA), N. A., Capital One Bank
(USA), N.A. ("COBUSANA")
Does 1 through 10

---

## TO THE CLERK OF THE COURT AND TO THE DEFENDANTS HEREIN:

### ***AMENDED COMPLAINT 1***

Plaintiff changes the names in the original body of the complaint to match the name of the co defendant.

## **PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

**Comes now** the Plaintiff Deon L. Thomas :

Plaintiff's Complaint is based on the Fair Credit Reporting Act *15 U.S.C. § 1681 et seq*. (FCRA) and the Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq.* (FDCPA)

At all times hereinafter mentioned, The Plaintiff is a resident of State of California in Riverside County, C.A. From here forward Deon L. Thomas, will be known as the Plaintiff.

### **JURISDICTION AND VENUE**

1   Jurisdiction of this court arises pursuant to *15 U.S.C. §1681a(p)* and *15 U.S.C. §1692k(d)* and which states that

2   such actions may be brought and heard before "any appropriate United States district court without regard to the
    amount in controversy."

3   The Defendant Bleier & Cox LLp. is a third party debt collector and conducts business in the state of California

4   and is located at 16130 Ventura BLVD, Ste 620, Encino, CA. 91436 as such is governed under the Fair Debt
    Collection Practices Act *15 U.S.C. §1692 et seq.*(FDCPA) and Fair Credit Reporting Act *15 U.S.C. § 1681 et seq.*

5   Plaintiff brings this action to the fact as to how an alleged account was or was not validated, non-permissible

6   purpose, and continued collection activities' and wrongful actions without providing proof of an alleged account

7   to the Plaintiff in the attempted collection of the alleged account, <u>violated the civil rights</u> of the Plaintiff and the
    law as outlined in the Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq and* Fair Credit Reporting Act *15*

8   *U.S.C. § 1681 et seq.*.

9   The Co-Defendant NCO Financial System Inc. conducts business outside the state of California and is

10  headquartered at 507 Prudential Road, Horsham, PA 19044-2308 and Agent for service of process C T
    CORPORATION SYSTEM, 818 W 7TH ST., LOS ANGELES CA 90017.  As such is governed under the law by

11  Fair Credit Reporting Act *15 U.S.C. § 1681 et seq.* Plaintiff brings this action to the fact as to how an alleged

12  account was or was not validated, non-permissible purpose,  and continued collection activities' and wrongful

13  actions without providing proof of an alleged account to the Plaintiff in the attempted collection of the alleged
    account, <u>violated the civil rights</u> of the Plaintiff and the law as outlined in the Fair Debt Collection Practices Act

14  *15 U.S.C. §1692 et seq and* Fair Credit Reporting Act *15 U.S.C. § 1681 et seq.*.

15  The Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE

16  FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") is

17  a Credit Lender as such is governed under the law by The Fair Credit Reporting Act 15 USC *§1681 et seq.* and
    also reports these accounts to the national credit reporting agencies i.e. Trans Union, Equifax, Experian and

18  Innovis. Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE

19  FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA")

20  has its corporation with offices at 15000 Capital One Drive, Richmond, VA 23238.  The Corporation service
    company which will do business in California as CSC-Lawyers Incorporating Service, as agent address: 2730

21  Gateway Oaks Dr. STE 100. Sacramento, CA 95833.  The State of California abides by and adheres to these laws,

22  specifically, the Fair Credit Reporting Act *15 USC §1681, et seq* The Plaintiff brings this action to the fact as to
    how an alleged account was or was not reported correctly and reported erroneous and inaccurate information in

23  the Plaintiffs Credit reports, and wrongful actions of the Co-Defendant in the credit reporting of the alleged

24  account, <u>violated the civil rights</u> of the Plaintiff and the law as outlined in the Fair Credit Reporting Act 15 USC
    §1681, *et seq.*.

25  Plaintiff is ignorant of the true names or capacities of the defendants sued herein under the fictitious names of

26  DOE ONE through TEN inclusive. Each of the fictitiously named Doe Defendants is responsible in some manner

27  for the wrongdoing alleged herein and is liable for the damages recoverable by Plaintiff.

28

**AMENDED COMPLAINT 1**                     Case No: 2:11-cv-04428 AMH (opX)
                                            Deon L.Thomas v. Bleier & Cox LLP

## "DEMAND FOR JURY TRIAL"

Plaintiff "DEMAND FOR JURY TRIAL".

REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES.

Plaintiff respectfully Demand that this Honorable Court instruct the jury, as the Trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendant under the provisions of the Fair Credit Act and/or states laws.

## PRELIMINARY STATEMENT

Plaintiff brings this action for damages based upon Defendants Bleier & Cox LLP and Co-Defendant NCO Financial System Inc. for violations of the Fair Debt Collection Practices Act *15 U.S.C. §1681, et seq.* Continued collection activity without providing proof of an alleged account. They had no permissible purpose to obtain Plaintiff credit report. The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with the Defendants Bleier & Cox LLP and Co-Defendant NCO Financial System Inc. Plaintiff brings this action for damages based upon violations of the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq. ("FCRA"). The Defendants Bleier & Cox LLP and Co-Defendant NCO Financial System Inc. are Reporting erroneous and inaccurate information in the Plaintiffs' Credit Report and with willful and negligent non-compliance. The Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") is a furnisher of information as contemplated by FCRA section 1681s-2(a) & (b), (n) & (o) that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer. Under the facts pled in this case, Plaintiff has set forth a cognizable claim as to why all Defendants fail to comply with the FCRA and Defendants Bleier & Cox LLP and Co-Defendant NCO Financial System Inc. violated the FDCPA.

## INTRODUCTION

On or about Dec. 3, 2010 the Plaintiff requested copies of his credit reports from the three national credit reporting agencies Trans Union, Experian and Equifax. Upon review the Plaintiff found that the Co-Defendant NCO Financial System Inc. were reporting erroneous, inaccurate and derogatory information in the plaintiff's credit reports. On or about Jan. 17, 2011 Defendant Bleier & Cox LLP were found in Plaintiff report. The Plaintiff observed that Defendant Bleier & Cox LLP and Co-Defendant NCO Financial System Inc. was listed on the Plaintiffs Hard Credit Inquiries with Trans Union credit report indicating an account review, and they did not have a permissible purpose to do so. The Plaintiff has not now or ever had any business affiliation or relationship with Defendant Bleier & Cox LLP and Co-Defendant NCO Financial System Inc., nor has ever applied for any type of mortgage, loan, credit cards, insurance or employment with the Defendants.

AMENDED COMPLAINT 1

Case No: 2:11-cv-04428 AMH (opX)
Deon L.Thomas v. Bleier & Cox LLP

On or about Dec. 22, 2010 the Defendant Bleier & Cox LLP contacted the Plaintiff via US Mail with a notice of an alleged debt that was owed to Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") On or about Jan. 14, 2011 the Plaintiff sent a timely letter of Validation and permissible purpose of obtaining Plaintiff credit report to the Defendant via US Mail which the Defendant received on or about Jan. 18, 2010.  The Defendant never responded to said validation letter.  On or about Feb. 28, 2011 Plaintiff join a credit monitoring service Privacy Guard to monitor the national reporting agencies, Trans Union, Experian, and Equifax.  On or about March 1, 2011 (see **Exhibit A)** the Plaintiff sent a second of Validation to the Defendant via US Mail Certified Return Receipt # 7010 0780 0000 3364 9356, which the Defendant received on or about March 3, 2011(see **Exhibit B).**  Non response and improper validation may constitute as prima facie evidence of intent to defraud, intimidate or coerce Plaintiff and to deprive Plaintiff of his civil rights.  To date the Defendant has failed to respond and validate the alleged debt.  The Defendant Bleier & Cox LLP had no permissible purpose to obtain Plaintiff credit report and continues reporting erroneous and inaccurate information in Plaintiff's credit report (Inquiry) without any kind of validation.  The Defendant failed to conduct a corresponding reasonable investigation of accuracy from the validation letters they received.

On or about Nov. 02, 2010 the Co-Defendant NCO Financial System Inc. contacted the Plaintiff via US Mail with a notice of an alleged debt that was owed to Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") The Plaintiff sent a timely validation  letter to the Co-Defendant NCO Financial System Inc. by U.S. Postal Service, Certified Mail Return Receipt # 7010 0780 0000 3363 9791 on or about Nov. 22, 2010 (see **Exhibit C).**  The Co-Defendant received said letter, on or about Nov. 26, 2011 (see **Exhibit D)** of advisement that Plaintiff is requesting validation and competent evidence that Plaintiff had some contractual obligation sans consumer protection encumbrance with them.  The Co-Defendant sent a reply without validating any obligation to them on or about Jan. 18, 2011 stating "according the our files, we have not reported to any credit bureaus".  In fact as of today's date Co-Defendant is in Plaintiffs credit report with Trans Union by obtaining Plaintiff credit report account, and had no permissible purpose to access Plaintiffs account.  Non response and improper validation may constitute as prima facie evidence of intent to defraud, intimidate or coerce Plaintiff and to deprive Plaintiff of his civil rights.  The Co-Defendant never properly validated with Plaintiff and thus, transferred or sold the alleged obligation to Defendant Bleier & Cox LLP or Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA").  The Co-Defendant continues reporting erroneous and inaccurate information in Plaintiff's credit report (Inquiry) without any kind of validation.  The Co-Defendant failed to conduct a corresponding reasonable investigation of accuracy from the validation letter they received as of today's date.

The Plaintiff requested a credit report and observed Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") has been reporting erroneous and inaccurate information in all three Credit Reporting Agencies-Trans Union, Experian, and Equifax. The Plaintiff Disputed with Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") on or about Feb. 22, 2011 via U.S. Postal Service Certified Mail Return Receipt # 7010 0780 0000 2252 0444 (see **Exhibit F**) and said letter was received on Feb. 24, 2011(see **Exhibit G**). The Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") continues reporting erroneous and inaccurate information. The Co-Defendant did not mark the credit report account as "disputed" with the Credit Reporting Agencies, and as of today's date it still does not say 'dispute". The Co-Defendant failed to conduct a corresponding reasonable investigation of accuracy from the dispute letter they received and failure to have the systems in place to prevent error which are the Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") responsibility.

The Plaintiff contacted Trans Union and disputed the erroneous and inaccurate information via U.S. Postal Service Certified Mail Return Receipt # 7010 1670 0000 7427 2644 on March 7, 2011 and said letter was received on March 10, 2011 (see **Exhibit H**).

The Plaintiff contacted Experian and disputed the erroneous and inaccurate information via U.S. Postal Service Certified Mail Return Receipt # 7010 0780 0000 3364 9998 on March 7, 2011 and said letter was received on March 10, 2011 (see **Exhibit I**).

The Plaintiff contacted Equifax and disputed the erroneous and inaccurate information via U.S. Postal Service Certified Mail Return Receipt # 7010 0780 0000 3364 9981 on March 7, 2011 and said letter was received on March 11, 2011 (see **Exhibit J**).

All Credit Reporting Agencies listed above sent Plaintiff a revised consumer disclosure that described the results of his disputes regarding the alleged accounts with Defendants Bleier & Cox LLP, Co-Defendant NCO Financial System Inc. and Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA"). In the disclosure, All Credit Reporting Agencies stated that Defendants Bleier & Cox LLP, Co-Defendant NCO Financial System Inc. and Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") verified the account and made no changes as to its status, including the failure to list the account as "disputed."

The Plaintiff contacted the Defendants on May 10, 2011 with a [mail notice of Pending Lawsuit in an attempt to

**AMENDED COMPLAINT 1**

Case No: 2:11-cv-04428 AMH (opX)
Deon L.Thomas v. Bleier & Cox LLP

settle this situation amicably to try and get a response from the Defendant prior to filing this complaint.  The Defendant Bleier & Cox LLP, Co-Defendant NCO Financial System Inc. received said notice on or about May 12, 2011 and Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") received said notice on or about May 13, 2011 via certified US Mail.  The Defendants and Plaintiff could not come to an amicable agreement.

## **Count I against the Defendant Under DCPA**

Failure to validate the alleged debt/account: Failure to provide proof of alleged debt, on or about Jan. 14, 2011 the Plaintiff sent a timely letter of Validation to the Defendant Bleier & Cox LLP via US Mail, they failed to respond. On or about March 1, 2011 the Plaintiff sent a second Validation letter to the Defendant via US Mail Certified Return Receipt # 7010 0780 0000 3364 9356 (see **Exhibit A**) which the Defendant received on March 3, 2011. The Defendant failed to conduct a corresponding reasonable investigation of accuracy from the validation letters they received.  As of today's date there has been no response from the Defendant in this matter, and failed to validate the alleged account, in violation of DCPA.

**§ 809. Validation of debts 15 USC 1692g**

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

**AMENDED COMPLAINT 1**

Case No: 2:11-cv-04428 AMH (opX)
Deon L.Thomas v. Bleier & Cox LLP

**§ 813. Civil liability 15 USC 1692i**
(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of (1) any actual damage sustained by such person as a result of such failure;

(2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or (B) in the case of a class action,

(i) such amount for each named plaintiff as could be recovered under subparagraph (A), and

(ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

The Defendant demands a judgment in the amount of $1,000.00 for their violations of DCPA.

Plaintiff restates and reiterates herein all previous paragraphs.

## Count II against the Defendant Under FCRA

There was no permissible purpose under the FCRA for the Defendant Bleier & Cox LLP to obtain Plaintiff credit report. The Co-Defendant failed to provide any type of proof of a contract or agreement with them; on or about Jan. 14, 2011 and on or about March 1, 2011, the Plaintiff sent a **Validation Letter** to the Defendant, as of today's date the Defendant has **failed to validate** the alleged debt. The Defendant pulled Plaintiff credit report without permission and without a legitimate purpose or contractual agreement and is directly harming Plaintiff by affecting his credit score, and has been denied credit. On or about Jan. 17, 2011 Defendant appeared in Plaintiff Trans Union credit report without valid reason, agreement or validation, thus the Defendant violates permissible purpose. The Plaintiff has not now or ever had any business affiliation or relationship with Defendant Bleier & Cox LLP, nor has ever applied for any type of mortgage, loan, credit cards, insurance or employment with the Defendant, yet the Defendant appeared in Plaintiff credit report without permissible purpose, in violation of FCRA.

§ 604. Permissible purposes of consumer reports [15 U.S.C. § 1681b] sets forth various permissible purposes for the furnishing of consumer reports.

(a) In general. Subject to subsection (c), any consumer reporting agency may furnish a consumer report under the following circumstances and no other:
(1) In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury.
(2) In accordance with the written instructions of the consumer to whom it relates.
(3) To a person which it has reason to believe
(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or
(B) intends to use the information for employment purposes; or
(C) intends to use the information in connection with the underwriting of insurance involving the consumer; or

**AMENDED COMPLAINT 1**                    Case No: 2:11-cv-04428 AMH (opX)
                                          Deon L.Thomas v. Bleier & Cox LLP

(D) intends to use the information in connection with a determination of the
consumer's eligibility for a license or other benefit granted by a
governmental instrumentality required by law to consider an applicant's
financial responsibility or status; or

(E) intends to use the information, as a potential investor or servicer, or
current insurer, in connection with a valuation of, or an assessment of the
credit or prepayment risks associated with, an existing credit obligation; or

(F) otherwise has a legitimate business need for the information

(i) in connection with a business transaction that is initiated by the
consumer; or

(ii) to review an account to determine whether the consumer continues to
meet the terms of the account.

Plaintiff demands Judgment in the amount of $4000.00 per violation under FCRA. This is based on every month
that   the Defendant violated the FCRA (four months), by non-permissible purpose failing to comply with the
requirements of the FCRA, times $1000.00, for reporting in national credit reporting bureau Trans Union. This is
allowed for every month that the Defendant fails to comply with the FCRA and its regulations.
Plaintiff restates and reiterates herein all previous paragraphs.

## Count III against the Defendant under FCRA

The Defendant Bleier & Cox LLP obtained Plaintiff credit report, without permissible purpose.  Plaintiff asks

defendant for validation of the alleged debt, they never proved it.  The plaintiff explained to Defendant that there

was a problem, and they never resolved the dispute.  The Defendants who are aware of their violations failed to

mitigate the issues and knowingly and with willful non-compliance pursued continued collection activity.

Defendant Failed to correct the Plaintiffs credit reports and the erroneous situation after being duly informed of

the situation and of the violation of the FCRA.  Plaintiff has a negative Trans Union credit score as of this date

and has been denied credit and reasonable interest rates.

**Civil liability for willful noncompliance [15 U.S.C. § 1681n]**

(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with

respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100

and not more than $1,000; or

(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly

without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000,

whichever is greater;

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the

costs of the action together with reasonable attorney's fees as determined by the court.

(b) Civil liability for knowing noncompliance. Any person who obtains a consumer report

from a consumer reporting agency under false pretenses or knowingly without a permissible purpose shall be

liable to the consumer reporting agency for actual damages sustained by the consumer reporting agency or $1,000,

whichever is greater.

**AMENDED COMPLAINT 1**                         Case No: 2:11-cv-04428 AMH (opX)
                                                Deon L.Thomas v. Bleier & Cox LLP

(c) Attorney's fees.

As a result of defendants' willful failure to comply with the FCRA, defendants are liable to the Plaintiff in an amount equal to the sum of (i) any actual damages sustained by the plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

Plaintiff demands judgment in the amount of $ 4,000.00 This is based on every month that the Defendant violated the FCRA (four months) by willfully failing to comply with the requirements of the FCRA, times $1000.00, times three for each one of the three national credit reporting bureaus, but only in (Trans Union CRA). This is allowed for every month that the Defendant fails to comply with the FCRA and its regulations.

Plaintiff restates and reiterates herein all previous paragraphs.

## Count IV against the Defendant under FCRA

The Defendant Bleier & Cox LLP obtained Plaintiff credit report, without permissible purpose. Plaintiff ask Defendant Bleier & Cox LLP for validation of the alleged debt, they never proved it. The plaintiff explained to Defendant that there was a problem, and they never resolved the dispute. The Defendants who are aware of their violations failed to mitigate the issues and knowingly and with negligent noncompliance pursued continued collection activity. Defendant Failed to correct the Plaintiffs credit reports and the erroneous situation after being duly informed of the situation and of the violation of the FCRA and DCPA. Plaintiff has a negative Trans Union credit score as of this date and has been denied credit and reasonable interest rates.

**Civil liability for negligent noncompliance [15 U.S.C. § 1681o]**

(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

(b) Attorney's fees. On a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

Plaintiff demands judgment in the amount of $4,000.00. This is based on every month that the Defendant violated the FCRA (four months) by negligently failing to comply with the requirements of the FCRA, times $1000.00, times three for each one of the three national credit reporting bureaus, but only in (Trans Union CRA).

AMENDED COMPLAINT 1

Case No: 2:11-cv-04428 AMH (opX)
Deon L.Thomas v. Bleier & Cox LLP

This is allowed for every month that the Defendant fails to comply with the FCRA and its regulations. Plaintiff restates and reiterates herein all previous paragraphs.

## Count I against the Co-Defendant Under DCPA

Failure to validate the alleged debt/account: Failure to provide proof of alleged debt/ On or about Nov. 22, 2010 the Plaintiff sent a timely letter of Validation to the Co-Defendant NCO Financial System Inc. via US Mail Certified Return Receipt # 7010 0780 0000 3363 9791 (see **Exhibit B**) which the Co-Defendant received on Nov. 26, 2010. The Co-Defendant failed to conduct a corresponding reasonable investigation of accuracy from the validation letters they received. As of today's date there has been no response from the Co-Defendant in this matter, and failed to validate the alleged account, in violation of DCPA.

**§ 809. Validation of debts 15 USC 1692g**

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

**§ 813. Civil liability 15 USC 1692i**

(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of (1) any actual damage sustained by such person as a result of such failure;

(2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

(B) in the case of a class action,

(i) such amount for each named plaintiff as could be recovered under subparagraph (A), and

(ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

The Defendant demands a judgment in the amount of $1,000.00 for their violations of **DCPA.**

Plaintiff restates and reiterates herein all previous paragraphs.

## **Count II against the Co-Defendant Under DCPA**

Continued collection activity without validation of alleged account: Second letter received by Co-Defendant NCO Financial System Inc. on or about Jan. 14,  2011, again failing to provide proof of the alleged debt, in violation of DCPA. The Co-Defendant failed to conduct a corresponding reasonable investigation of accuracy from the validation letters they received.  As of today's date there has been no response from the Defendant in this matter, and failed to validate the alleged account, in violation of DCPA.

### § 809. Validation of debts 15 USC 1692g

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

AMENDED COMPLAINT 1

Case No: 2:11-cv-04428 AMH (opX)
Deon L.Thomas v. Bleier & Cox LLP

(c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

**§ 813. Civil liability 15 USC 1692i**

(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of (1) any actual damage sustained by such person as a result of such failure;

(2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

(B) in the case of a class action,

(i) such amount for each named plaintiff as could be recovered under subparagraph (A), and

(ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

Plaintiff demands Judgment in the amount of $1,000.00.

Plaintiff restates and reiterates herein all previous paragraphs.

## Count III against the Co-Defendant Under FCRA

There was no permissible purpose under the FCRA for the Co-Defendant NCO Financial System Inc. to obtain Plaintiff credit report.  The Co-Defendant failed to provide any type of proof of a contract or agreement with them; on or about Nov. 22, 2010, the Plaintiff sent a Validation Letter to the Co-Defendant, as of today's date the Co-Defendant has failed to validate the alleged debt.  The Co-Defendant pulled Plaintiff credit report without permission and without a legitimate purpose or contractual agreement with them, and is directly harming Plaintiff by affecting his credit score, and has been denied credit.  On or about 05/19/2010 Co-Defendant appeared in Plaintiff Trans Union credit report without valid reason, thus the Co-Defendant violates permissible purpose.  The Plaintiff has not now or ever had any business affiliation or relationship with Co-Defendant NCO Financial System Inc., nor has ever applied for any type of mortgage, loan, credit cards, insurance or employment with the Co-Defendant., yet the Co-Defendant appeared in Plaintiff credit report without permissible purpose, in violation of FCRA.

§ 604.  Permissible purposes of consumer reports [15 U.S.C. § 1681b]
(a) In general.  Subject to subsection (c), any consumer reporting agency may furnish a consumer report under the following circumstances and no other:
 (1) In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury.
(2) In accordance with the written instructions of the consumer to whom it relates.
(3) To a person which it has reason to believe
(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

**AMENDED COMPLAINT 1**

Case No: 2:11-cv-04428 AMH (opX)
Deon L.Thomas v. Bleier & Cox LLP

(B) intends to use the information for employment purposes; or
(C) intends to use the information in connection with the underwriting of
  insurance involving the consumer; or
(D) intends to use the information in connection with a determination of the
  consumer's eligibility for a license or other benefit granted by a
  governmental instrumentality required by law to consider an applicant's
  financial responsibility or status; or
(E) intends to use the information, as a potential investor or servicer, or
  current insurer, in connection with a valuation of, or an assessment of the
  credit or prepayment risks associated with, an existing credit obligation; or
(F) otherwise has a legitimate business need for the information
(i) in connection with a business transaction that is initiated by the
  consumer; or
(ii) to review an account to determine whether the consumer continues to
  meet the terms of the account.

Plaintiff demands Judgment in the amount of $6,000.00 per violation under FCRA. This is based on every month that the Co-Defendant violated the FCRA (six months), by non-permissible purpose failing to comply with the requirements of the FCRA, times $1,000.00, for reporting in national credit reporting bureau (Trans Union). This is allowed for every month that the Co-Defendant fails to comply with the FCRA and its regulations.

Plaintiff restates and reiterates herein all previous paragraphs.

## Count IV against the Co-Defendants under FCRA

The Co-Defendant NCO Financial System Inc. obtained Plaintiff credit report, without permissible purpose. Plaintiff asks Co-Defendant for validation of the alleged debt, they never proved it. The plaintiff explained to Co-Defendant that there was a problem, and they never resolved the dispute. Co-Defendant who are aware of their violations and failed to mitigate the issues, knowingly with willful non-compliance pursued continued collection activity is in violation of the FCRA. Co-Defendant failed to correct the Plaintiffs credit reports and continued the erroneous situation after being duly informed of their violation of the FCRA and DCPA. Plaintiff has a negative Trans Union credit score as of this date and has been denied credit and reasonable interest rates.

**Civil liability for willful noncompliance [15 U.S.C. § 1681n]**

(a) In general. Any person who **willfully** fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or

(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

(b) Civil liability for knowing noncompliance. Any person who obtains a consumer report

Page **13** of **21**

from a consumer reporting agency under false pretenses or knowingly without a permissible purpose shall be liable to the consumer reporting agency for actual damages sustained by the consumer reporting agency or $1,000, whichever is greater.

(c) Attorney's fees. Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper. As a result of defendants' willful failure to comply with the FCRA, Co-defendants are liable to the Plaintiff in an amount equal to the sum of (i) any actual damages sustained by the plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

Plaintiff demands Judgment in the amount of $6,000.00 per violation under FCRA.  This is based on every month that the Co-Defendant violated the FCRA (six months), by willfully failing to comply with the requirements of the FCRA, times $1,000.00, for reporting in national credit reporting bureau (Trans Union).  This is allowed for every month that the Co-Defendant fails to comply with the FCRA and its regulations.

Plaintiff restates and reiterates herein all previous paragraphs.

## Count V against the Co-Defendant under FCRA

The Co-Defendant NCO Financial System Inc. obtained Plaintiff credit report, without permissible purpose. Plaintiff asks Co-Defendant for validation of the alleged debt, they never proved it.  The plaintiff explained to Co-Defendant that there was a problem, and they never resolved the dispute.  Co-Defendant who are aware of their violations and failed to mitigate the issues, knowingly with negligent noncompliance pursued continued collection activity is in violation of the FCRA.  Co-Defendant failed to correct the Plaintiffs credit reports and continued the erroneous situation after being duly informed of their violation of the FCRA and DCPA.  Plaintiff has a negative Trans Union credit score as of this date and has been denied credit and reasonable interest rates.

Civil liability for negligent noncompliance [15 U.S.C. § 1681o]

(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

(b) Attorney's fees. On a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

AMENDED COMPLAINT 1                    Case No: 2:11-cv-04428 AMH (opX)
                                      Deon L.Thomas v. Bleier & Cox LLP

Plaintiff demands Judgment in the amount of $6,000.00 per violation under FCRA.  This is based on every month that the Co-Defendant violated the FCRA (six months), by negligently failing to comply with the requirements of the FCRA, times $1,000.00, for reporting in national credit reporting bureau (Trans Union).  This is allowed for every month that the Co-Defendant fails to comply with the FCRA and its regulations.

Plaintiff restates and reiterates herein all previous paragraphs.

## Count I against the Co-Defendant under FCRA

The Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") was notified of the errors and disputes, once Plaintiffs became aware of the facts sufficient, however, Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") continued to issue and/or publish report(s) to various consumer reporting agencies which contained erroneous, inaccurate and false information about the Plaintiffs and even assigned collection activities to third party collectors.  The Co-Defendant has not place Plaintiff account in dispute  since February 24, 2011 when they received dispute letter, and still undisputed as of today's date, in all three credit reporting bureaus.  Co-Defendant has failed to indicate that the alleged account is in dispute.  The Plaintiff can prove beyond doubt; 1) that he filed a Dispute with the CRA's concerning information furnished by Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA");  (2) that Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") was notified of any dispute by the CRA's; and (3) that Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") failed to conduct a reasonable investigation concerning a consumer complaint.

**Failure to mark the account in dispute**

**According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies**

(a) Duty of furnishers of information to provide accurate information.

(1) Prohibition.

(A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer-reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

(B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer-reporting agency if

(i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

Page 15 of 21

(ii) the information is, in fact, inaccurate.

(2) Duty to correct and update information. A person who

(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

**(3) Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.**

The Plaintiffs credit reports from Experian, Trans Union, and Equifax do not reflect that the information is disputed , even though the Plaintiff has sent a letter of dispute to the Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") and Credit Reporting Agencies and to date the Co-Defendant has not responded.  Plaintiff demands judgment in the amount of $12,000.00. Based on every month (four months) the Co-Defendant has failed to mark the account in dispute times $1000.00 per violation, times all three national credit bureaus.  The Co-Defendant has broken the FCRA by updating the reports each month without marking the alleged account in dispute.

## **Count II against the Co-Defendants under FCRA**

The Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") continued to report false and inaccurate information and failed to retract, delete and suppress false and inaccurate information about the plaintiffs.  The plaintiff has disputed with the Co-Defendant and all three credit reporting agencies in the same time frame and the Co-Defendant has not complied with the FCRA.  The Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") has damaged the Plaintiff's credit score, credit report, and Plaintiff's reputation by saying that the Plaintiff doesn't pay his bills.  As a result Plaintiff had credit denial, and higher interest rates.

**Reporting erroneous and inaccurate information**

**According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies:**

(a)Duty of furnishers of information to provide accurate information.

**AMENDED COMPLAINT 1**

Case No: 2:11-cv-04428 AMH (opX)
Deon L.Thomas v. Bleier & Cox LLP

(1) Prohibition.

(A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer-reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

(B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer-reporting agency if

**(i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and**

(ii) the information is, in fact, inaccurate.

(2) Duty to correct and update information. A person who

(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

(3) **Duty to provide notice of dispute**. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

(b) Duties of furnishers of information upon notice of dispute.

(1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681 i];

(C) report the results of the investigation to the consumer reporting agency; and

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611 (a)(1) [§ 1681 i] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

**AMENDED COMPLAINT** 1

Case No: 2:11-cv-04428 AMH (opX)
Deon L.Thomas v. Bleier & Cox LLP

Plaintiff demands judgment in the amount of $12,000.00. This is based on every month that the Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") violated the FCRA (four months) by reporting erroneous and inaccurate information, times $1000.00, times three for each of the three national credit reporting bureaus.  This is allowed for every month that the Co-Defendant  fails to update the report by marking the alleged account in dispute.

## Count III against the Co-Defendants under FCRA

The Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") who are aware of their violations and failed to mitigate the issues, knowingly, with willful non-compliance pursued continued collection activity is in violation of the FCRA.  Co-Defendant failed to correct the Plaintiffs credit reports and continued the erroneous situation after being duly informed of their violation of the FCRA.  The Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") has damaged the Plaintiff's credit score, credit report, and Plaintiff's reputation by saying that the Plaintiff doesn't pay his bills.  As a result Plaintiff had credit denial, and higher interest rates.

**1681n. Civil liability for willful noncompliance.**

**Civil liability for willful noncompliance [15 U.S.C. § 1681n]**

(a) In general. Any person who **willfully** fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or

(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;

(2) such amount of punitive damages as the court may allow; or

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

(b) Civil liability for knowing noncompliance. Any person who obtains a consumer report from a consumer reporting agency under false pretenses or knowingly without a permissible purpose shall be liable to the consumer reporting agency for actual damages sustained by the consumer reporting agency or $1,000, whichever is greater.

(c) Attorney's fees. Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work

**AMENDED COMPLAINT 1**

Case No: 2:11-cv-04428 AMH (opX)
Deon L.Thomas v. Bleier & Cox LLP

expended in responding to the pleading, motion, or other paper. As a result of defendants' willful failure to comply with the FCRA, Co-defendants are liable to the Plaintiff in an amount equal to the sum of (i) any actual damages sustained by the plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

Plaintiff restates and reiterates herein all previous paragraphs.

Plaintiff demands judgment in the amount of $18,000.00. This is based on every month that the Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") violated the FCRA (six months) by willfully failing to comply with the requirements of the FCRA, times $1000.00, times three for each one of the three national credit reporting bureaus.  This is allowed for every month that the Co-Defendant fails to comply with the FCRA and its regulations.

## Count IV against Co-Defendant under FCRA

The Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") who was aware of their violations and failed to mitigate the issues, knowingly, with negligent noncompliance pursued continued collection activity is in violation of the FCRA.  Co-Defendant failed to correct the Plaintiffs credit reports and continued the erroneous situation after being duly informed of their violation of the FCRA.  The Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") has damaged the Plaintiff's credit score, credit report, and Plaintiff's reputation by saying that the Plaintiff doesn't pay his bills.  As a result Plaintiff had credit denial, and higher interest rates.

Civil liability for negligent noncompliance [15 U.S.C. § 1681o]

(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

(b) Attorney's fees. On a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

Plaintiff demands judgment in the amount of $18,000.00. This is based on every month that the Co-Defendant

AMENDED COMPLAINT 1

Case No: 2:11-cv-04428 AMH (opX)
Deon L.Thomas v. Bleier & Cox LLP

CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") violated the FCRA (six months) by negligently failing to comply with the requirements imposed under the FCRA, times $1000.00, times three for each one of the three national credit reporting bureaus. This is allowed for every month that the Co-Defendant fails to comply with the FCRA and its regulations.

Plaintiff reserve the right to amend his complaint to add the violation of California Consumer Protection Act, also known as Rosenthal Act., Such as, 1785.19. (a) In addition to any other remedy provided by law, a consumer may bring an action for a civil penalty, not to exceed two thousand five hundred dollars ($2,500), against any of the following:

(1)     A person who knowingly and willfully obtains access to a file other than as provided in Section 1785.11. More violated actions will be included as they become evident to Plaintiff in this case.

## **Summation**

Plaintiff has disputed the with the Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA"), also validated with Defendant Bleier & Cox LLP and Co-Defendant NCO Financial System Inc., and disputed with the Credit Reporting Agencies in a timely manner, as of today's date the Defendants all have been unresponsive. The Plaintiff sent a timely validation letter to Defendant Bleier & Cox LLP and Co-Defendant NCO Financial System Inc., as of today's date they did not respond to show an agreement, obligation or contract with them. Non response and improper validation may constitute as prima facie evidence of intent to defraud, intimidate or coerce Plaintiff and to deprive Plaintiff of his civil rights. The Defendant Bleier & Cox LLP and Co-Defendant NCO Financial System Inc., pulled my credit report impermissible purpose. The Defendant Bleier & Cox LLP, Co-Defendants NCO Financial System Inc and Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") continued collection activity month after month in Plaintiff credit report. Therefore, they have been reporting erroneous and inaccurate information on the Plaintiff's credit reports. The Plaintiff now has a negatively impacted credit score as of this date and has been denied credit and/or denied credit at reasonable rates, because of the willful noncompliance and negligent actions of erroneous and inaccurate reporting and/or inaction's of the Defendant Bleier & Cox LLP, Co-Defendants NCO Financial System Inc and Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA"). The Defendant Bleier & Cox LLP, Co-Defendants NCO Financial System Inc and Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") has not only violated the Plaintiff's civil rights but damaged the Plaintiff credit score, credit report and reputation, which affected Plaintiff both monetarily and emotionally.

AMENDED COMPLAINT 1                    Case No: 2:11-cv-04428 AMH (opX)
                                       Deon L.Thomas v. Bleier & Cox LLP

WHEREFORE, the Defendant and Co-Defendants has violated the Fair Credit Reporting Act and Fair Debt Collection Practice Act,  Plaintiff demands Judgment in the amount of $93,000.00, plus all costs of this action along with punitive damages in the amount of $70,000.00, for their violations of DCPA, and FCRA, as the court may allow along with Private Attorney General fees of $3000.00 as prescribed by law *Graziano v. Harrison, 950 F.2d 107,* 113 *(3d Cir.* 1991), 15 *U.S.C. sec. 1692k(a)(3),(see Zagorski v. Midwest Billing Services, Inc., F.3d- (1997 WL 695401, 7th Cir.)* or 128 *F. 3d* 1164 *(7th Cir.,* 1997), and any other damages the court deems permissible.

Respectfully submitted this 13th Day of June 2011.

Deon L. Thomas, Pro Se attout prgudice

Deon L. Thomas
14626 Red Gum St.
Moreno Valley, CA 92555
951-242-7015/951-413-9071
<dlthomas32@gmail.com>

Page **21** of 21

**AMENDED COMPLAINT 1**

Case No: 2:11-cv-04428 AMH (opX)
Deon L.Thomas v. Bleier & Cox LLP

| | | | |
|---|---|---|---|
| Postage | $ | | |
| Certified Fee | | | |
| Return Receipt Fee (Endorsement Required) | | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | | |
| Total Postage & Fees | $ | | 22/11/2011 |

Sent To  **Bleier & Cox, LLP**

Street, Apt. No.; or PO Box No.  **16130 Ventura Blvd Ste 620**

City, State, ZIP+4  **Encino, CA 91436 - 2542**

7010 0780 0000 3364 9356

*Exhibit A*

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X *Segueira*  ☐ Agent  ☐ Addressee<br>B. Received by ( *Printed Name* )  C. Date of Delivery<br>*Cagueira*  3/3/11<br>D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No |
| 1. Article Addressed to:<br><br>Bleier & Cox, LLP<br>16130 Ventura BLVD Ste 620<br>Encino, CA 91436-2542 | 3. Service Type<br>☐ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label)  7010 0780 0000 3364 9356 | |
| PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540 | |

Exhibit B



NCo Financial System Inc

507 Prudential Road

Horsham PA 19044

Exhibit C

```
          MORENO VLY STA USPS
         MORENO VALLEY, California
               925556907
             0567760554 -0098
11/22/2010    (800)275-8777    02:55:41 PM

             Sales Receipt
Product          Sale Unit      Final
Description       Qty  Price    Price

HORSHAM PA 19044 Zone-8         $0.44
First-Class Letter
0.60 oz.
Expected Delivery: Fri 11/26/10
Return Rcpt (Green Card)        $2.30
Certified                       $2.80
Label #:      70100 80009 3639791
                                ====  ==
Issue PVI:                      $5.54

MORENO VALLEY CA 92552          $0.44
Zone-0 First-Class
Letter
0.30 oz.
Expected Delivery: Tue 11/23/10
Return Rcpt (Green Card)        $2.30
Certified                       $2.80
Label #:     70100780000 3640001
                                ========
Issue PVI:                      $5.54


Total:                         $11.08

Paid by:
Cash                           $15.08
Change Due:                     $4.00
```

Order stamps at USPS shop or call
1-800-Stamp24. Go to usps.com/clickn ip
to print shipping labels with postage.
For other information call 1-800-ASK-USPS
**************************************
************************************
Get your mail when and where you want it
with a secure Post Office Box. Sign up for
a box online at usps.com/poboxes.
*************************************
**********************************

```
Bill#: 1000202895834
Clerk: 16
```

   All sales final on stamps and postage
    Refunds for guaranteed services only
        Thank you for your business
*************************************
*************************************
     HELP US SERVE YOU BETTER

  Go to: https://postalexperience.com/Pos

      TELL US ABOUT YOUR RECENT
         POSTAL EXPERIENCE

---

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

NCO Financial System Inc.

507 Prudential Road

Horsham, P.A. 19044

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _John Custa_                    ☐ Agent
                                  ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
                                  11/24

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
(Transfer from service label)      7010 0780 0000 3363 9791

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-15

Exhibit D



Capital One
PO Box 30281
Salt Lake City, UT 84130

Exhibit F

```
          MORENO VLY STA USPS
          MORENO VALLEY, California
              925556907
          0567760554 -0098
2/22/2011   (800)275-8777    03:30:00 PM

            Sales Receipt
roduct         Sale Unit      Final
escription      Qty  Price    Price

ALT LAKE CITY UT 84130            $0.44
one-4 First-Class
etter
).30 oz.
xpected Delivery: Fri 02/25/11
Return Rcpt (Green Card)          $2.30
ertified                         $2.80
abel #:      70100780000022520444
                                ========
ssue PVI:                        $5.54

EW YORK NY 10013                  $0.44
one-8 First-Class
etter
).30 oz.
xpected Delivery: Fri 02/25/11
eturn Rcpt (Green Card)          $2.30
ertified                         $2.80
abel #:      70100780000033639975
                                ========
ssue PVI:                        $5.54

tal:                            $11.08

id by:
sh                              $20.00
ange Due:                       -$8.92

der stamps at USPS.com/shop or call
800-Stamp24.  Go to USPS.com/clicknship
 print shipping labels with postage
r other information call 1-800-ASK-USPS.
*****************************************
*****************************************
t your mail when and where you want it
th a secure Post Office Box. Sign up for
box online at usps.com/poboxes.
*****************************************
*****************************************


ll#: 1000202978986
erk: 16


All sales final on stamps and postage
 Refunds for guaranteed services only
    Thank you for your business
*****************************************
*****************************************
   HELP US SERVE YOU BETTER

Go to: https://postalexperience.com/Pos

  TELL US ABOUT YOUR RECENT
      POSTAL EXPERIENCE

    YOUR OPINION COUNTS
*****************************************
*****************************************


    Customer Copy
```

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Capital One
Po Box 30281
Salt Lake City, UT 84130

2. Article Number
(Transfer from service label)

7010 0780 0000 2252 0444

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    ☐ Agent
                    ☐ Address

B. Received by (Printed Name)    C. Date of Delive

FEB 24 2011

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Certified Mail     ☐ Express Mail
☐ Registered         ☐ Return Receipt for Merchand
☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

Exhibit G



7010 1670 0000 7427 2644

*Trans Union*
*PO Box 2000*
*Chester, PA 19022*

---

| **SENDER:** COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ............................ □ Agent<br> □ Addressee<br>B. Received by ( Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>*Transunion*<br>*P.O. Box 2000*<br>*Chester, PA 19022* | D. Is delivery address different from item 1? □ Yes<br>If YES, enter delivery address below: □ No<br>MAR 1 0 2011 |
| | 3. Service Type<br>☑ Certified Mail   □ Express Mail<br>□ Registered   □ Return Receipt for Merchandise<br>□ Insured Mail   □ C.O.D. |
| 2. Article Number<br>(Transfer from service label)   7010 1670 0000 7427 2644 | 4. Restricted Delivery? (Extra Fee)   □ Yes |
| PS Form 3811, February 2004      Domestic Return Receipt | 102595-02-M-1540 |

*Exhibit H*

7010 0780 0000 3364 9998

Experian
701 Experian Parkway
Allen, TX 75013

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br><br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by ( Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Experian<br>701 Experian Parkway<br>Allen, TX 75013 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No | |
| | 3. Service Type<br>☑ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee)   ☐ Yes | |
| 2. Article Number<br>(Transfer from service label)   7010 0780 0000 3364 9998 | | |
| PS Form 3811, February 2004   Domestic Return Receipt | | 102595-02-M-1540 |

Exhibit I

**UNITED STATES**
**POSTAL SERVICE**

Home | Help | Sign In

Track & Confirm      FAQs

# Track & Confirm

### Track & Confirm

Label/Receipt Number: **7010 0780 0000 3364 9998**
Expected Delivery Date: **March 10, 2011**
Class: **First-Class Mail®**
Service(s): **Certified Mail™**
            **Return Receipt**
Status: **Delivered**

Track & Confirm

Enter Label/Receipt Number.

Your item was delivered at 12:01 pm on March 10, 2011 in ALLEN, TX
75013.

Detailed Results:

- **Delivered, March 10, 2011, 12:01 pm, ALLEN, TX 75013**
- **Arrival at Unit, March 10, 2011, 11:51 am, ALLEN, TX 75002**
- **Acceptance, March 07, 2011, 11:01 am, MORENO VALLEY, CA 92555**

Notification Options

**Track & Confirm by email**
Get current event information or updates for your item sent to you or others by email. 

---

Site Map    Customer Service    Forms    Gov't Services    Careers    Privacy Policy    Terms of Use    Business Customer Gateway

Exhibit I



7010 0780 0000 3364 9981

Equifax
PO Box 105379
Atlanta, GA 30348

---

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Equifax
PO Box 105379
Atlanta, GA 30348

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
   (Transfer from service label)   7010 0780 0000 3364 9981

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

Exhibit J