Debbie P. Kirkpatrick, Esq. (SBN 207112)
Sondra R. Levine, Esq. (SBN 254139)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:    619/758-1891
Fax:   619/296-2013
dkirkpatrick@sessions-law.biz
slevine@sessions-law.biz

Attorney for NCO Financial Systems, Inc.

UNITED STATES DISTRICT COURT

CENTRAL  DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON L. THOMAS,<br><br>                Plaintiff,<br><br>     vs.<br><br>BLEIER & COX, LLP, NCO FINANCIAL SYSTEMS, INC., CAPITAL ONE aka CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPIAL ONE BANK (USA) N.A.,<br><br>                Defendants. | Case No.  2:11-CV-04428 AHM (OPx)<br><br>ANSWER OF NCO FINANCIAL SYSTEMS, INC. TO AMENDED COMPLAINT 1 |

Defendant, NCO Financial Systems, Inc. (hereinafter "NCO"), for itself alone, responds to the Amended Complaint 1 ("Complaint") filed by Plaintiff, Deon L. Thomas ("Plaintiff"), as follows:

///

1. NCO admits that Plaintiff purports to seek redress for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, as alleged at p. 1, ll. 22-23 of the Complaint. Except as expressly admitted herein, NCO denies the remaining allegations contained therein.

2. NCO lacks sufficient information to answer the allegations at p. 1, ll. 23-24 of the Complaint, and based thereon denies the same.

## JURISDICTION AND VENUE

3. NCO admits the allegations contained at p. 2, between ll. 1-3 of the Complaint for jurisdiction purposes only.

4. NCO lacks sufficient information to answer the allegations at p. 2, between ll. 3-9 of the Complaint, which relate to a party other than NCO, and based thereon denies the same.

5. NCO admits it is headquartered in Horsham, PA and that its agent for service of process in California is CT Corp. NCO further admits that when it acts as a furnisher of credit information, it may be subject to the provision of the FCRA. Except as expressly admitted, NCO denies the remaining allegations contained at p. 2, between ll. 9-15 of the Complaint. NCO denies any liability or wrongdoing to the extent alleged therein.

6. NCO lacks sufficient information to answer the allegations at p. 2, between ll. 15-25 of the Complaint, which relate to a party other than NCO, and based thereon denies the same.

7. NCO lacks sufficient information to answer the allegations at p. 2, between ll. 25-27 of the Complaint, and based thereon denies the same.

## DEMAND FOR JURY

8. NCO admits Plaintiff has demanded a jury and seeks punitive damages as set forth at p. 3, between ll. 1-5 of the Complaint. Except as expressly admitted, NCO denies the remaining allegations therein. NCO denies Plaintiff is entitled to punitive damages.

## PRELIMINARY STATEMENT

9. NCO admits Capital One Bank (USA), N.A. placed Plaintiff's account ending in 4182 with NCO for collection on March 19, 2010. NCO admits that on March 20, 2010, NCO obtained Plaintiff's credit report in connection with the placement of Plaintiff's account with NCO for collection. NCO further admits Capital One Bank (USA), N.A. placed Plaintiff's account ending in 5256 with NCO for collection on November 19, 2010. NCO admits that on November 20, 2010, NCO obtained Plaintiff's credit report in connection with the placement of Plaintiff's account with NCO for collection. NCO denies it reported either of these accounts to any consumer credit reporting agency. Except as expressly admitted, NCO denies the remaining allegations contained at p. 3, between ll. 6-18 of the Complaint.

# INTRODUCTION

10.     NCO admits it obtained Plaintiff's credit report in connection with collection of Plaintiff's Capital One Bank (USA), N.A. accounts as set forth in ¶ 9. Except as expressly admitted, NCO denies the remaining allegations contained at p. 3, between ll. 19-26 of the Complaint.

11.     NCO lacks sufficient information to answer the allegations at p. 4, between ll. 1-12 of the Complaint, which relate to a party other than NCO, and based thereon denies the same.

12.     NCO admits Capital One Bank (USA), N.A. placed Plaintiff's account ending in 5256 with NCO for collection on November 19, 2010.  NCO further admits it sent Plaintiff an initial collection notice relating to the account on November 23, 2010. NCO further admits it received Plaintiff's letter requesting validation on or about November 30, 2010 and NCO requested validation of the debt from Capital One on or about December 1, 2010.  NCO undertook no further collection efforts relating to the account.  Capital One recalled the account on or about December 6, 2010.  NCO admits that on November 20, 2010, it obtained Plaintiff's credit report in connection with the placement of Plaintiff's Capital One account with NCO for collection.  NCO denies it reported the account to any consumer credit reporting agency.  Except as expressly admitted, NCO denies the remaining allegations contained at p. 4, between ll. 12-27 of the Complaint.

13. NCO lacks sufficient information to answer the allegations at p. 5, between ll. 1-12 of the Complaint, which relate to a party other than NCO, and based thereon denies the same.

14. NCO lacks sufficient information to answer the allegations at p. 5, between ll. 13-27 of the Complaint, which relate to parties other than NCO, and based thereon denies the same.

15. NCO admits it received Plaintiff's notice of pending lawsuit on or about May 16, 2011.  Except as expressly admitted, NCO denies the remaining allegations contained at p. 5, l. 27 to p. 6, l. 5 of the Complaint.

### Count I against the Defendant Under DCPA

16. NCO lacks sufficient information to answer Count I, p. 6, l. 6 to p. 7, l. 10, which is alleged against a party other than NCO, and based thereon denies the allegations contained therein.

### Count II against the Defendant Under FCRA

17. NCO lacks sufficient information to answer Count II, p. 7, l. 11 to p. 8, l. 10, which is alleged against a party other than NCO, and based thereon denies the allegations contained therein.

### Count III against the Defendant Under FCRA

18. NCO lacks sufficient information to answer Count III, p. 8, l. 10 to p. 9, l. 9, which is alleged against a party other than NCO, and based thereon denies the allegations contained therein.

### Count IV against the Defendant Under FCRA

19.   NCO lacks sufficient information to answer Count IV, p. 9, l. 10 to p. 10, l. 2, which is alleged against a party other than NCO, and based thereon denies the allegations contained therein.

### Count I against the Co-Defendant Under DCPA

20.   NCO admits Capital One Bank (USA), N.A. placed Plaintiff's account ending in 5256 with NCO for collection on November 19, 2010.  NCO admits it received Plaintiff's letter requesting validation on or about November 30, 2010.  NCO undertook no further collection efforts relating to the account after receipt of Plaintiff's letter.  NCO requested validation of the debt from Capital One on or about December 1, 2010.  Capital One recalled the account on or about December 6, 2010.  NCO avers the statutes cited in Count I, at p. 10, l. 8 to p. 11, l. 5, speak for themselves and refers all matters of law to the Court.  Except as expressly admitted, NCO denies the remaining allegations contained in Count I, at p. 10, l. 3 to p. 11, l. 8.

### Count II against the Co-Defendant Under DCPA

21.   NCO admits Capital One Bank (USA), N.A. placed Plaintiff's account ending in 5256 with NCO for collection on November 19, 2010.  NCO admits it received Plaintiff's letter requesting validation on or about November 30, 2010.  NCO undertook no further collection efforts relating to the account after receipt of Plaintiff's letter.  NCO requested validation of the debt from Capital One on or about December 1, 2010.  Capital One recalled the account on or about December 6, 2010.  NCO avers the statutes cited in

...

...

Count II, at p. 11, l. 14 to p. 12, l. 11, speak for themselves and refers all matters of law to the Court.  Except as expressly admitted, NCO denies the remaining allegations contained in Count II, at p. 11, l. 8 to p. 12, l. 12.

### Count III against the Co-Defendant Under FCRA

22. NCO admits it obtained Plaintiff's credit report in connection with collection of Plaintiff's Capital One Bank (USA), N.A. accounts as set forth in ¶ 9. NCO further admits it received Plaintiff's letter requesting validation on or about November 30, 2010.  NCO undertook no further collection efforts relating to the account after receipt of Plaintiff's letter.  NCO avers the statutes cited in Count III, at p. 12, l. 23 to p. 13, l. 8, speak for themselves and refers all matters of law to the Court.  Except as expressly admitted, NCO denies the remaining allegations contained in Count III, at p. 12, l. 13 to p. 13, l. 12.

### Count IV against the Co-Defendant Under FCRA

23. NCO admits it obtained Plaintiff's credit report in connection with collection of Plaintiff's Capital One Bank (USA), N.A. accounts as set forth in ¶ 9. NCO further admits it received Plaintiff's letter requesting validation on or about November 30, 2010.  NCO undertook no further collection efforts relating to the account after receipt of Plaintiff's letter.  NCO avers the statutes cited in Count IV, at p. 13, l. 19 to p. 14, l. 9, speak for themselves and refers all matters of law to the Court.  Except as expressly admitted, NCO denies the remaining allegations contained in Count IV, at p. 13, l. 13 to p. 14, l. 13.

### Count V against the Co-Defendant Under FCRA

24.     NCO admits it obtained Plaintiff's credit report in connection with collection of Plaintiff's Capital One Bank (USA), N.A. accounts as set forth in ¶ 9. NCO further admits it received Plaintiff's letter requesting validation on or about November 30, 2010.  NCO undertook no further collection efforts relating to the account after receipt of Plaintiff's letter.  NCO avers the statute cited in Count V, at p. 14, ll. 19-27, speaks for itself and refers all matters of law to the Court.  Except as expressly admitted, NCO denies the remaining allegations contained in Count V, at p. 14, l. 14 to p. 15, l. 4.

### Count I against the Co-Defendant Under FCRA

25.     NCO lacks sufficient information to answer Count I, p. 15, l. 5 to p. 16, l. 17, which is alleged against a party other than NCO, and based thereon denies the allegations contained therein.

### Count II against the Co-Defendant Under FCRA

26.      NCO lacks sufficient information to answer Count II, p. 16, l. 18 to p. 18, l. 5, which is alleged against a party other than NCO, and based thereon denies the allegations contained therein.

### Count III against the Co-Defendant Under FCRA

27.     NCO lacks sufficient information to answer Count III, p. 18, l. 6 to p. 19, l. 10, which is alleged against a party other than NCO, and based thereon denies the allegations contained therein.

### Count IV against the Co-Defendant Under FCRA

28.    NCO lacks sufficient information to answer Count IV, p. 19, l. 11 to p. 20, l. 9, which is alleged against a party other than NCO, and based thereon denies the allegations contained therein.

### Summation

29.    In response to the allegations set forth at p. 20, ll. 11-28, NCO incorporates by reference as though set forth in full its responses contained in the preceding paragraphs. Except as expressly admitted, NCO denies the allegations at p. 20, ll. 11-28 of the Complaint.

30.    NCO admits that Plaintiff purports to seek redress for alleged violations of the FCRA and FDCPA, as alleged at p. 21, ll. 1-6 of the Complaint, but denies violating the FCRA or the FDCPA and denies any Plaintiff is entitled to the requested relief.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a first affirmative defense, NCO alleges plaintiff's Complaint should be dismissed because the various causes of action fail to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a second affirmative defense, NCO alleges, pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional

and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such error.

### THIRD AFFIRMATIVE DEFENSE

As a third affirmative defense, NCO alleges it had a permissible purpose to obtain Plaintiff's credit report in connection with the collection of a debt. 15 U.S.C. § 1681b(a)(3)(A).

### FOURTH AFFIRMATIVE DEFENSE

As a fourth affirmative defense, NCO alleges, Plaintiff consented to and/or invited the conduct for which he seeks relief.

### FIFTH AFFIRMATIVE DEFENSE

As a fifth affirmative defense, NCO alleges, Plaintiff knowingly and voluntarily waived his rights to obtain any or all of the relief sought in the complaint.

### SIXTH AFFIRMATIVE DEFENSE

NCO currently has insufficient information upon which to form a belief as to whether it has additional affirmative defenses available. NCO reserves its right to assert additional affirmative defenses in the event investigation and discovery indicate they would be appropriate.

WHEREFORE, NCO respectfully requests that:

1. Plaintiff take nothing by way of his Complaint;

2. Judgment of dismissal be entered in favor of NCO;

Answer of NCO Financial Systems, Inc. to Amended Complaint 1

3. NCO be awarded costs and attorney's fees it has incurred in defending this lawsuit.

4. NCO be granted such other and further relief as the Court deems just and proper.

Dated: 6/23/11               SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

/s/ Debbie P. Kirkpatrick
Debbie P. Kirkpatrick
Attorney for Defendant
NCO Financial Systems, Inc.