1  Harvey M. Moore, Esq., CBN 101128
2  Terri Lazo, Esq., CBN 228663
   The Moore Law Group,
3  A Professional Corporation
   3710 S. Susan St., Ste 210
4  P.O. Box 25145
5  Santa Ana, CA 92799-5145
   (714) 431-2000
6

7
   Attorneys for Defendant
8  Bleier & Cox, LLP

9
                    UNITED STATES DISTRICT COURT
10
                    CENTRAL DISTRICT OF CALIFORNIA
11

12

13  DEON L. THOMAS,                    Case No. 2:11-cv-04428 AMH (OPx)

14           Plaintiff,

15      vs.                            **ANSWER TO FIRST AMENDED
                                       COMPLAINT**
16  BLEIER & COX, LLP

17           Defendant.

18  Co-Defendants
    NCO FINANCIAL SYSTEMS, INC.,
19  CAPITAL ONE, aka CAPITAL ONE,
    NATIONAL ASSOCIATION,
20  CAPITAL ONE FINANCIAL CORP.,
    CAPITAL ONE BANK (USA), N.A.,
21  CAPITAL BANK (USA), N.A.
    ("COBUSANA")
22  DOES 1 through 10

23

24  _____

25  ///

26  ///

27  ///

28  ///

Defendant, Bleier & Cox, LLP (hereinafter referred to as "Defendant"), by and through its attorneys, and for itself alone, answers Plaintiff Deon L. Thomas' (hereinafter referred to as "Plaintiff") First Amended Complaint (hereinafter referred to as "Complaint"), filed on or about June 13, 2011, as follows:

1.    Responding to Paragraph 1, on page 1 about line 19, of the Complaint, Defendant, based upon information and belief admits that Plaintiff changed Co-Defendant's name in the body of the Complaint.

2.    Responding to Paragraph 2, on page 1 about line 21, of the Complaint, Defendant admits, that the Complaint purports to be based on alleged violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, et.seq. (hereinafter referred to as "FDCPA") and the Fair Credit Reporting Act 15 U.S.C. §1681 et seq. (hereinafter referred to as "FCRA").

3.    Responding to Paragraph 3, on page 1 about line 24, of the Complaint, Defendant admits based upon information and belief.

4.    Responding to Paragraph 4, on page 2 about line 1, of the Complaint, Defendant admits the Court has jurisdiction to hear the present action.

5.    Responding to Paragraph 5, on page 2 about line 3, of the Complaint, Defendant admits it is debt collector with a business address of 16130 Ventura Blvd, Suite 620 Encino, CA 91436 and subject to provisions of the FDCPA and subject to parts of the FCRA.  Except as otherwise admitted, Defendant denies, generally and specifically, each and every remaining allegation contained therein.

6.     Responding to Paragraph 6, on page 2 about line 9, of the Complaint, Defendant asserts that the facts alleged in this paragraph are against Co-Defendant NCO Financial System Inc. and not against Defendant.  Therefore, it is inapplicable to Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and has no Response.

7.     Responding to Paragraph 7, on page 2 about line 15, of the Complaint, Defendant asserts that the facts alleged in this paragraph are against Co-Defendant Capital One, et. al., and not against Defendant.  Therefore, it is inapplicable to Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and has no Response.

8.     Responding to Paragraph 8, on page 2 about line 25, of the Complaint, Defendant asserts that the facts alleged in this paragraph are against Co-Defendants Does 1 through 10 and not against Defendant.  Therefore, it is inapplicable to Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and has no Response.

9.     Responding to Paragraph 9, on page 3 about line 1, of the Complaint, Defendant admits that the Complaint purports to demand a jury trial.

10.     Responding to Paragraph 10, on page 3 about line 2, of the Complaint, Defendant admits that the Complaint purports to request exemplary/punitive damages.  Defendant denies, generally and specifically, that Plaintiff is entitled to such damages.

11.     Responding to Paragraph 11, on page 3 about line 3, of the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

12.     Responding to Paragraph 12, on page 3 about line 7, of the Complaint, Defendant admits, that the Complaint purports to be based on alleged violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, et.seq. (hereinafter referred to as "FDCPA") and the Fair Credit Reporting Act 15 U.S.C. §1681 et seq. (hereinafter referred to as "FCRA").   Defendant asserts that some of the facts alleged in this paragraph are against Co-Defendants and not against Defendant. Therefore, those facts and allegations are inapplicable to Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no Response to them.  Except as otherwise admitted, Defendant denies, generally and specifically, each and every remaining allegation contained therein.

13.     Responding to Paragraph 13, on page 3 about line 20, of the Complaint, Defendant admits that it ran Plaintiff's credit report.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiff's date of and request for copies of his own credit report, and, on that basis, denies, generally and specifically, the allegation contained therein. Defendant asserts that some of the facts alleged in this paragraph are against Co-Defendants and not against Defendant.  Therefore, those facts and allegations are

inapplicable to Defendant.   Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no Response to them.   Except as otherwise admitted, Defendant denies, generally and specifically, each and every remaining allegation contained therein.

14.   Responding to Paragraph 14, on page 4 about line 1, of the Complaint, Defendant admits it sent a demand letter to Plaintiff on December 22, 2010, that it received a second letter from Plaintiff requesting validation on March 3, 2010, and that Defendant has not to date provided validation of the debt to Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiff allegedly joining Privacy Guard, and, on that basis, denies, generally and specifically, the allegation contained therein. Except as otherwise admitted, Defendant denies, generally and specifically, each and every remaining allegation contained therein.

15.   Responding to Paragraph 15, on page 4 about line 13, of the Complaint, Defendant asserts that the facts alleged in this paragraph are against Co-Defendants and not against Defendant.  Therefore, those facts and allegations are inapplicable to Defendant.   Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no Response to them.

16.   Responding to Paragraph 16, on page 5 about line 1, of the Complaint, Defendant asserts that the facts alleged in this paragraph are against Co-Defendants

and not against Defendant.  Therefore, those facts and allegations are inapplicable to Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no Response to them.

17.    Responding to Paragraph 17, on page 5 about line 13, of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiff allegedly disputing information with the identified credit reporting agency, and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18.    Responding to Paragraph 18, on page 5 about line 16, of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiff allegedly disputing information with the identified credit reporting agency, and, on that basis, denies, generally and specifically, each and every allegation contained therein.

19.    Responding to Paragraph 19, on page 5 about line 18, of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiff allegedly disputing information with the identified credit reporting agency, and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20.    Responding to Paragraph 20, on page 5 about line 20, of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the

truth of the allegation regarding Plaintiff's alleged receipt of a letter from all three credit reporting agencies and what was contained in such letters, and, on that basis, denies, generally and specifically, each and every allegation contained therein. Except as otherwise admitted, Defendant denies, generally and specifically, each and every remaining allegation contained therein.

21.     Responding to Paragraph 21, on page 5 about line 27, of the Complaint, Defendant admits that in or about May 2010, Plaintiff sent a letter regarding pending lawsuit to Defendant and that the Parties did not reach an agreement.  Defendant asserts that some of the facts alleged in this paragraph are against Co-Defendants and not against Defendant.   Therefore, those facts and allegations are inapplicable to Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no Response to them.  Except as otherwise admitted, Defendant denies, generally and specifically, each and every remaining allegation contained therein.

22.     Responding to Paragraph 22, on page 6 about line 7, of the Complaint, Defendant admits it received a letter from Plaintiff requesting validation on March 3, 2010, and that Defendant has not to date provided validation of the debt to Plaintiff.    Except as otherwise admitted, Defendant denies, generally and specifically, each and every remaining allegation contained therein.

23.     Responding to Paragraph 23, on page 6 about line 12, of the Complaint,

Defendant can neither admit nor deny this paragraph as this paragraph contains no factual allegations.  Defendant neither admits nor denies that Plaintiff has properly quoted the FDCPA §1692g, such will stand on its own as to what is contained in the official written statute.

24.     Responding to Paragraph 24, on page 7 about line 1, of the Complaint, Defendant can neither admit nor deny this paragraph as this paragraph contains no factual allegations.  Defendant neither admits nor denies that Plaintiff has properly quoted the FDCPA §1692i, such will stand on its own as to what is contained in the official written statute.

25.     Responding to Paragraph 25, on page 7 about line 9, of the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

26.     Responding to Paragraph 26, on page 7 about line 12, of the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

27.     Responding to Paragraph 27, on page 7 about line 20, of the Complaint, Defendant can neither admit nor deny this paragraph as this paragraph contains no factual allegations.  Defendant neither admits nor denies that Plaintiff has properly quoted the FCRA §1681b, such will stand on its own as to what is contained in the official written statute.

28.     Responding to Paragraph 28, on page 8 about line 7, of the Complaint,

Defendant denies, generally and specifically, each and every allegation contained therein.

29.     Responding to Paragraph 29, on page 8 about line 12, of the Complaint, Defendant admits that validation of the debt was not provided to Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiff's Trans Union credit score and alleged denied credit and reasonable interest rates, and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Except as otherwise admitted, Defendant denies, generally and specifically, each and every remaining allegation contained therein.

30.     Responding to Paragraph 30, on page 8 about line 17, of the Complaint, Defendant can neither admit nor deny this paragraph as this paragraph contains no factual allegations.  Defendant neither admits nor denies that Plaintiff has properly quoted the FCRA §1681n, such will stand on its own as to what is contained in the official written statute.

31.     Responding to Paragraph 31, on page 9 about line 5, of the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

32.     Responding to Paragraph 32, on page 9 about line 11, of the Complaint, Defendant admits that validation of the debt was not provided to Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the

9

truth of the allegation regarding Plaintiff's Trans Union credit score and alleged denied credit and reasonable interest rates, and, on that basis, denies, generally and specifically, each and every allegation contained therein.   Except as otherwise admitted, Defendant denies, generally and specifically, each and every remaining allegation contained therein.

33.   Responding to Paragraph 33, on page 9 about line 16, of the Complaint, Defendant can neither admit nor deny this paragraph as this paragraph contains no factual allegations.  Defendant neither admits nor denies that Plaintiff has properly quoted the FCRA §1681n, such will stand on its own as to what is contained in the official written statute.

34.   Responding to Paragraph 34, on page 9 about line 24, of the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

35.   Responding to Paragraph 35, on page 10 about line 4, of the Complaint, Defendant asserts that the facts alleged in this paragraph are against Co-Defendants and not against Defendant.  Therefore, those facts and allegations are inapplicable to Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no Response to them.

36.   Responding to Paragraph 36, on page 10 about line 8, of the Complaint, Defendant can neither admit nor deny this paragraph as this paragraph contains no

factual allegations.  Defendant neither admits nor denies that Plaintiff has properly quoted the FDCPA §1692g, such will stand on its own as to what is contained in the official written statute.

37.    Responding to Paragraph 37, on page 10 about line 25, of the Complaint, Defendant can neither admit nor deny this paragraph as this paragraph contains no factual allegations.  Defendant neither admits nor denies that Plaintiff has properly quoted the FDCPA §1692i, such will stand on its own as to what is contained in the official written statute.

38.    Responding to Paragraph 38, on page 11 about line 6, of the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

39.    Responding to Paragraph 39, on page 11 about line 9, of the Complaint, Defendant asserts that the facts alleged in this paragraph are against Co-Defendants and not against Defendant.  Therefore, those facts and allegations are inapplicable to Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no Response to them.

40.    Responding to Paragraph 40, on page 11 about line 14, of the Complaint, Defendant can neither admit nor deny this paragraph as this paragraph contains no factual allegations.  Defendant neither admits nor denies that Plaintiff has properly quoted the FDCPA §1692g, such will stand on its own as to what is

contained in the official written statute.

41.     Responding to Paragraph 41, on page 12 about line 3, of the Complaint, Defendant can neither admit nor deny this paragraph as this paragraph contains no factual allegations.  Defendant neither admits nor denies that Plaintiff has properly quoted the FDCPA §1692i, such will stand on its own as to what is contained in the official written statute.

42.     Responding to Paragraph 42, on page 12 about line 11, of the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

43.     Responding to Paragraph 43, on page 12 about line 14, of the Complaint, Defendant asserts that the facts alleged in this paragraph are against Co-Defendants and not against Defendant.  Therefore, those facts and allegations are inapplicable to Defendant.   Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no Response to them.

44.     Responding to Paragraph 44, on page 12 about line 23, of the Complaint, Defendant can neither admit nor deny this paragraph as this paragraph contains no factual allegations.  Defendant neither admits nor denies that Plaintiff has properly quoted the FCRA §1681b, such will stand on its own as to what is contained in the official written statute.

45.     Responding to Paragraph 45, on page 13 about line 9, of the Complaint,

Defendant denies, generally and specifically, each and every allegation contained therein.

46.     Responding to Paragraph 46, on page 13 about line 14, of the Complaint, Defendant asserts that the facts alleged in this paragraph are against Co-Defendants and not against Defendant.  Therefore, those facts and allegations are inapplicable to Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no Response to them.

47.     Responding to Paragraph 47, on page 13 about line 19, of the Complaint, Defendant can neither admit nor deny this paragraph as this paragraph contains no factual allegations.  Defendant neither admits nor denies that Plaintiff has properly quoted the FCRA §1681n, such will stand on its own as to what is contained in the official written statute.

48.     Responding to Paragraph 48, on page 14 about line 10, of the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

49.     Responding to Paragraph 49, on page 14 about line 14, of the Complaint, Defendant asserts that the facts alleged in this paragraph are against Co-Defendants and not against Defendant.  Therefore, those facts and allegations are inapplicable to Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and

1  has no Response to them.

2      50.    Responding to Paragraph 50, on page 14 about line 20, of the
3
4  Complaint, Defendant can neither admit nor deny this paragraph as this paragraph
5  contains no factual allegations.  Defendant neither admits nor denies that Plaintiff
6
7  has properly quoted the FCRA §1681o, such will stand on its own as to what is
8  contained in the official written statute.

9      51.    Responding to Paragraph 51, on page 15 about line 1, of the Complaint,
10
11  Defendant denies, generally and specifically, each and every allegation contained
12  therein.

13      52.    Responding to Paragraph 52, on page 15 about line 6, of the Complaint,
14
15  Defendant asserts that the facts alleged in this paragraph are against Co-Defendants
16  and not against Defendant.  Therefore, those facts and allegations are inapplicable to
17  Defendant.  Defendant is without knowledge or information sufficient to form a
18
19  belief as to the truth of such allegations contained therein, and has no Response to
20  them.

21      53.    Responding to Paragraph 53, on page 15 about line 20, of the
22
23  Complaint, Defendant can neither admit nor deny this paragraph as this paragraph
24  contains no factual allegations.  Defendant neither admits nor denies that Plaintiff
25  has properly quoted the FCRA, such will stand on its own as to what is contained in
26
27  the official written statute.

28      54.    Responding to Paragraph 54, on page 16 about line 11, of the

Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiff's credit reports and whether information is reflected as disputed, and, on that basis, denies, generally and specifically, each and every allegation contained therein. Defendant asserts that some of the facts alleged in this paragraph are against Co-Defendants and not against Defendant. Therefore, those facts and allegations are inapplicable to Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no Response to them. Except as otherwise admitted, Defendant denies, generally and specifically, each and every remaining allegation contained therein.

55. Responding to Paragraph 55, on page 16 about line 19, of the Complaint, Defendant asserts that the facts alleged in this paragraph are against Co-Defendants and not against Defendant. Therefore, those facts and allegations are inapplicable to Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no Response to them.

56. Responding to Paragraph 56, on page 16 about line 26, of the Complaint, Defendant can neither admit nor deny this paragraph as this paragraph contains no factual allegations. Defendant neither admits nor denies that Plaintiff has properly quoted the FCRA, such will stand on its own as to what is contained in the official written statute.

57.   Responding to Paragraph 57, on page 18 about line 1, of the Complaint, Defendant asserts that some of the facts alleged in this paragraph are against Co-Defendants and not against Defendant.  Therefore, those facts and allegations are inapplicable to Defendant.   Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no Response to them.   Except as otherwise admitted, Defendant denies, generally and specifically, each and every remaining allegation contained therein.

58.   Responding to Paragraph 58, on page 18 about line 7, of the Complaint, Defendant asserts that the facts alleged in this paragraph are against Co-Defendants and not against Defendant.  Therefore, those facts and allegations are inapplicable to Defendant.   Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no Response to them.

59.   Responding to Paragraph 59, on page 18 about line 15, of the Complaint, Defendant can neither admit nor deny this paragraph as this paragraph contains no factual allegations.  Defendant neither admits nor denies that Plaintiff has properly quoted the FCRA §1681n, such will stand on its own as to what is contained in the official written statute.

60.   Responding to Paragraph 60, on page 19 about line 6, of the Complaint, Defendant asserts that some of the facts alleged in this paragraph are against Co-Defendants and not against Defendant.  Therefore, those facts and allegations are

inapplicable to Defendant.   Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no Response to them.   Except as otherwise admitted, Defendant denies, generally and specifically, each and every remaining allegation contained therein.

61.   Responding to Paragraph 61, on page 19 about line 12, of the Complaint, Defendant asserts that the facts alleged in this paragraph are against Co-Defendants and not against Defendant.   Therefore, those facts and allegations are inapplicable to Defendant.   Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no Response to them.

62.   Responding to Paragraph 62, on page 19 about line 19, of the Complaint, Defendant can neither admit nor deny this paragraph as this paragraph contains no factual allegations.   Defendant neither admits nor denies that Plaintiff has properly quoted the FCRA §1681o, such will stand on its own as to what is contained in the official written statute.

63.   Responding to Paragraph 63, on page 19 about line 27, of the Complaint, Defendant asserts that some of the facts alleged in this paragraph are against Co-Defendants and not against Defendant.   Therefore, those facts and allegations are inapplicable to Defendant.   Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no Response to them.   Except as otherwise admitted, Defendant

denies, generally and specifically, each and every remaining allegation contained therein.

64.     Responding to Paragraph 64, on page 20 about line 5, of the Complaint, Defendant denies that Plaintiff can amend his Complaint at whim.   Defendant neither admits nor denies that Plaintiff has properly quoted or cited the Rosenthal Act §1785.19, such will stand on its own as to what is contained in the official written statute. Except as otherwise admitted, Defendant denies, generally and specifically, each and every remaining allegation contained therein.

65.     Responding to Paragraph 65, on page 20 about line 11, of the Complaint, Defendant admits it has not provided validation of the debt to Plaintiff. Defendant asserts that some of the facts alleged in this paragraph are against Co-Defendants and not against Defendant.   Therefore, those facts and allegations are inapplicable to Defendant.   Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no Response to them.   Except as otherwise admitted, Defendant denies, generally and specifically, each and every remaining allegation contained therein.

66.     Responding to Paragraph 66, on page 21 about line 1, of the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

///

///

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

67.   Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Failure to State Facts)

68. The Complaint, and each and every purported cause of action thereof, fails to state facts sufficient to constitute a cause of action against Defendant.

### THIRD AFFIRMATIVE DEFENSE

#### (Lack of Proximate Cause)

69.  The alleged injuries to Plaintiff were not proximately caused by any acts or omissions of Defendant.

### FOURTH AFFIRMATIVE DEFENSE

#### (Failure to Plead Damages)

70.  The Complaint fails to plead any damages sustained with any certainty.

### FIFTH AFFIRMATIVE DEFENSE

#### (Damages Resulted Solely from Plaintiff's Fault)

71.   Defendant alleges, without admitting liability or obligation, if any, without impairing the general denials herein, that if Plaintiff was damaged at all, Plaintiff was so damaged due to Plaintiff's own failures, or by the failures of those acting on Plaintiff's behalf.

## SIXTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

72.  Plaintiff failed to mitigate his damages.

## SEVENTH AFFIRMATIVE DEFENSE

(Good Faith)

73.  At all times relevant to the causes of action alleged therein, Defendant acted with good faith and honesty of purpose.

## EIGHTH AFFIRMATIVE DEFENSE

(Bad Faith)

74.  Plaintiff brought this action in bad faith and for purposes of harassment.  15 U.S.C. 1692k(a)(3) states in pertinent part, "On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to Defendant attorney's fees reasonable in relation to the work expended and costs.

## NINTH AFFIRMATIVE DEFENSE

(Justifiable Conduct)

75.  Defendant alleges, without admitting any liability, obligation, or conduct, if any, without impairing the general denials herein, that the conduct of Defendant in regard to the matters alleged in the Complaint were justified, and by reason of the foregoing, Plaintiff is barred from any recovery against Defendant.

## TENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

76.  Plaintiff failed to bring these causes of action within the governing statute of limitations.  15 U.S.C. §1692k(d) states in pertinent part, "an action to enforce

any liability created by this subchapter may be brought…within one year from the date on which the violation occurs." 15 U.S.C. §1681p states in pertinent part that the statute of limitations for a FCRA claim is 2 years from the date of discovery of the violation and within 5 years of the actual date of violation.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Statutory Exemption)

77.  The FCRA § 1681b specifically allows a collection law firm such as Defendant to pull a debtor's credit report in connection with collecting on a delinquent credit card account.

## TWELFTH AFFIRMATIVE DEFENSE

### (Reservation)

78.  Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, and as yet unstated, affirmative defenses available.   Defendant reserves, herein, the right to assert additional defenses in the event that discovery indicates it would be appropriate.

## PRAYER FOR RELIEF

Defendant denies Plaintiff is entitled to the Complaint's requested relief, or to any relief whatsoever.

WHEREFORE, Defendant prays as follows:

1.    That judgment be entered in Defendant' favor;
2.    That Plaintiff take nothing by virtue of his Complaint and that this action be dismissed with prejudice in its entirety;
3.    For attorney's fees and costs; and

21

1      4.      For such other and further relief as the Court may deem just and proper.

2

3

Dated:  July 13, 2011                                      The Moore Law Group, APC

4

5

                                                        By:  ____/s/ Terri Lazo_____

6                                                              Harvey M. Moore

7                                                              Terri Lazo
                                                             Attorneys for Defendant
8                                                              Bleier & Cox, LLP

9

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

# CERTIFICATE OF SERVICE

I, Terri Lazo, do hereby certify that on July _____, 2011, a copy of the forgoing document was sent by U.S. Mail to:

Deon L. Thomas
14626 Red Gum Street
Moreno Valley, CA 92555

Debbie P. Kirkpatrick, Esq.
Sondra R. Levine, Esq.
Sessions, Fishman, Nathan, & Israel, LLP
1545 Hotel Circle South, Suite 150
San Diego, CA 92108-3426
Attorneys for NCO Financial Systems, Inc.

_____/s/ Terri Lazo_____
TERRI LAZO

///

///

///

///

///

///

///

///

///

23

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the county of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 3710 S. Susan Street, Suite 210, Santa Ana, CA 92704.

On July 13, 2011, I served the foregoing documents described as**:**

**Answer to First Amended Complaint**

[ ] by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

[x] by placing  ____ the original  _x_  a true copy thereof enclosed in sealed envelopes addressed as follows:

[ ] by causing personal service of the foregoing document via DDS at the following address:

**Deon L. Thomas**
**14626 Red Gum Street**
**Moreno Valley, CA 92555**

**Debbie P. Kirkpatrick, Esq.**
**Sondra R. Levine, Esq.**
**Sessions, Fishman, Nathan, & Israel, LLP**
**1545 Hotel Circle South, Suite 150**
**San Diego, CA 92108-3426**
**Attorneys for NCO Financial Systems, Inc.**

[ x]BY MAIL

    [ ] I deposited such envelope in the mail at Santa Ana, California.  The envelope was mailed with postage thereon fully prepaid.

    [x ]As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] ** (VIA EMAIL) I caused the above-referenced document to be delivered via electronic mail to the above-referenced email address.

[ ] ** (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

[ ] **(VIA ONTRAC OVERNIGHT EXPRESS) As follows:  I am "readily familiar" with the

1    firm's practice of practice of collection and processing documents for overnight
2    delivery.

3    [ ]  (State) I declare under penalty of perjury under the laws of the State of California that the
     above is true and correct.

4
5    [ x](Federal) I declare that I am employed in the office of a member of the bar of this court at
     whose direction the service was made.

6    Executed on July 13, 2011, at Santa Ana, California

7                                                    _____/s/ Terri Lazo_____
                                                     TERRI LAZO
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28