Deon L. Thomas, Pro Se'
14626 Red Gum Street
Moreno Valley, CA 92555
951-413-9071/951-242-7015
dlthomas32@gmail.com

FILED
2011 JUL 14  AM 10: 57
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deon L. Thomas Pro Se'<br>Plaintiff<br><br>V.<br><br>Bleier & Cox LLP<br>Defendant<br><br>Co-Defendants:<br>NCO Financial Systems, Inc., CAPITAL ONE, aka CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA")<br>Does 1 through 10 | Case No: 2:11-cv-04428 AHM (opX)<br><br>Honorable Judge A. Howard Matz<br><br>**MOTION IN OPPOSITION TO DISMISS, REPLY, and NOTICE**<br><br>Judge: A. Howard MATZ<br>Date: 8/22/2011<br>Location: Los Angeles - Spring Street, 14-Spring St. Floor<br>Type of Motion: Civil<br>Time: 10:00AM |

## MOTION IN OPPOSITION TO DISMISS BY DEFENDANT

**Comes now the Plaintiff** and states as follows: Plaintiff files his opposition to Co-Defendant NCO FINANCIAL SYSTEM INC., motion to dismiss. Plaintiff's complaint provides a generous overview of facts. The opposition is supported by the following reply, notice, pleadings filed herein, objections, and any oral argument that may be offered at the time of the trial on the motions. The Plaintiff move the court to deny motion to dismiss.

*[signature]*

Deon L. Thomas, Without Prejudice
14626 Red Gum St.
Moreno Valley, CA 92555
951-242-7015/951-413-9071
<dlthomas32@gmail.com>

```
Deon L. Thomas, Pro Se'
14626 Red Gum Street
Moreno Valley, CA 92555
951-413-9071/951-242-7015
dlthomas32@gmail.com
```

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Deon L. Thomas Pro Se'  )
Plaintiff                )
                         )
V.                       )
                         )   Case No: 2:11-cv-04428 AHM (opX)
Bleier & Cox LLP         )
Defendant                )   Honorable Judge A. Howard Matz
                         )
Co-Defendants            )   **MOTION IN OPPOSITION TO DISMISS,**
NCO Financial Systems, Inc., CAPITAL ONE, aka )   **REPLY, and NOTICE**
CAPITAL ONE, NATIONAL ASSOCIATION, )
CAPITAL ONE FINANCIAL CORP., CAPITAL
ONE BANK (USA), N. A., Capital One Bank
(USA), N.A. ("COBUSANA")
Does 1 through 10

## REPLY

PLAINTIFF Deon L. Thomas replies to affirmative defenses filed by Co-Defendant NCO FINANCIAL SYSTEM INC. and states with regard to each:

1. Plaintiff denies the first affirmative defense and demands strict proof.
2. Plaintiff denies the second affirmative defense and demands strict proof.
3. Plaintiff denies the third affirmative defense and demands strict proof.
4. Plaintiff denies the fourth affirmative defense and demands strict proof.
5. Plaintiff denies the fifth affirmative defense and demands strict proof.
6. Plaintiff denies the fifth affirmative defense and demands strict proof.

### Statement of Case and General Allegations of facts.

On or about Dec. 3, 2010 the Plaintiff requested copies of his credit reports from the three national credit reporting agencies Trans Union, Experian and Equifax. Upon review the Plaintiff found that Co-Defendant NCO Financial System Inc. were reporting erroneous, inaccurate and derogatory information in the plaintiff's credit reports. Upon inspection of the credit report's the Plaintiff observed that Co-Defendant NCO Financial System Inc. was listed

on the Plaintiffs Hard Credit Inquiries with Trans Union credit report indicating an account review, and they did not have permissible purpose to do so. The Plaintiff has not now or ever had any business affiliation or relationship with Co-Defendant NCO Financial System Inc., nor has ever applied for any type of mortgage, loan, credit cards, insurance or employment with the Defendants, yet the pulled Plaintiff credit report.

On or about Nov. 02, 2010 the Co-Defendant NCO Financial System Inc. contacted the Plaintiff via US Mail with a notice of an alleged debt that was owed to Co-Defendant Capital One Bank (USA) N.A. The Plaintiff sent a timely validation letter to the Co-Defendant NCO Financial System Inc. by U.S. Postal Service, Certified Mail Return Receipt # 7010 0780 0000 3363 9791 on or about Nov. 22, 2010. The Co-Defendant received said letter, or about Nov. 26, 2011, of validation of alleged account and disputed permissible purpose of obtaining Plaintiff credit report. The Co-Defendant sent a reply without validating the alleged account on or about Jan. 18, 2011 stating "according the our files, we have not reported to any credit bureaus". In fact as of today's date Co-Defendant is in Plaintiffs credit report (Inquiry) with Trans Union by obtaining Plaintiff credit account, and had no permissible purpose to access Plaintiffs account. The Co-Defendant transferred or sold the alleged account to Defendant Bleier & Cox LLP or Co-Defendant Capitol One BANK (USA) N.A.. The Co-Defendant continues reporting erroneous and inaccurate information in credit report without any kind of validation of an alleged account. The Co-Defendant failed to conduct a corresponding reasonable investigation, and that any of the reported alleged debt were accurate.

The Plaintiff contacted Trans Union and disputed the erroneous and inaccurate information via U.S. Postal Service Certified Mail Return Receipt # 7010 1670 0000 7427 2644 on March 7, 2011 and said letter was received on March 10, 2011.

The Plaintiff contacted Experian and disputed the erroneous and inaccurate information via U.S. Postal Service Certified Mail Return Receipt # 7010 0780 0000 3364 9998 on March 7, 2011 and said letter was received on March 10, 2011.

The Plaintiff contacted Equifax and disputed the erroneous and inaccurate information via U.S. Postal Service Certified Mail Return Receipt # 7010 0780 0000 3364 9981 on March 7, 2011 and said letter was received on March 11, 2011.

All Credit Reporting Agencies sent Plaintiff a revised consumer disclosure that described the results of his disputes regarding the alleged account with Co-Defendant. In that disclosure, All Credit Reporting Agencies stated that the Co-Defendant verified the account and made no changes as to its status.

## Count I against the Co-Defendant Under DCPA

Failure to validate the alleged debt/account: Failure to provide proof of alleged debt/ On or about Nov. 22, 2010 the Plaintiff sent a timely letter of Validation to the Co-Defendant NCO Financial System Inc. via US Mail Certified Return Receipt # 7010 0780 0000 3363 9791 which the Co-Defendant received on Nov. 26, 2010. The Co-Defendant failed to conduct a corresponding reasonable investigation of accuracy from the validation letters they received. As of today's date there has been no response from the Co-Defendant in this matter, and failed to validate the alleged account, also failed to cease collection, in violation of DCPA.

§ 809. Validation of debts 15 USC 1692g

MOTION IN OPPOSITION TO DISMISS, REPLY, and NOTICE

Case No: 2:11-cv-04428 AHM (opX)
Deon L.Thomas v. Bleier & Cox LLP

### Count II against the Co-Defendant Under DCPA

Continued collection activity without validation of alleged account: Second letter received by Co-Defendant NCO Financial System Inc. on or about Jan. 14, 2011, again failing to provide proof of the alleged debt, in violation of DCPA. The Co-Defendant failed to conduct a corresponding reasonable investigation of accuracy from the validation letters they received. As of today's date there has been no response from the Defendant in this matter, and failed to validate the alleged account, also failed to cease collection in violation of DCPA.

**§ 809. Validation of debts 15 USC 1692g**

### Count III against the Co-Defendant Under FCRA

There was no permissible purpose under the FCRA for the Co-Defendant NCO Financial System Inc. to obtain Plaintiff credit report. The Co-Defendant failed to provide any type of proof of a contract or agreement with them within the 30 days. On or about Nov. 22, 2010, the Plaintiff sent a Validation Letter to the Co-Defendant, as of today's date the Co-Defendant has **failed to provide Plaintiff with verification and failed to cease Collection efforts**. The Co-Defendant pulled Plaintiff credit report without permission and a legitimate purpose or contractual agreement with them. The Co-Defendant continued collection activity which is directly harming Plaintiff by affecting his credit score and credit report, due to the Inquiry with Trans Union. On or about 05/19/2010 Co-Defendant appeared in Plaintiff Trans Union credit report without valid reason or legitimate business need, thus the Co-Defendant violates permissible purpose. The Plaintiff has not now or ever had any business affiliation or relationship with Co-Defendant NCO Financial System Inc. **directly and voluntarily.** The Plaintiff never applied for any type of mortgage, loan, credit cards, insurance or employment with the Co-Defendant., yet the Co-Defendant appeared in Plaintiff credit report (Inquiry) without permissible purpose, in violation of FCRA.

**§ 604. Permissible purposes of consumer reports [15 U.S.C. § 1681b]**

### Count IV against the Co-Defendants under FCRA

The Co-Defendant NCO Financial System Inc. obtained Plaintiff credit report, without permissible purpose. Plaintiff asks Co-Defendant for validation of the alleged debt, they never proved it. The plaintiff explained to Co-Defendant that there was a problem, and they never resolved the dispute. The Co-Defendant who are aware of their violations and failed to mitigate the issues, knowingly with willful non-compliance pursued continued collection activity is in violation of the FCRA. The Co-Defendant failed to correct the Plaintiffs credit reports and continued the erroneous situation after being duly informed of their violation of the FCRA and DCPA. Plaintiff has a negative Trans Union credit score as of this date and has been denied credit and reasonable interest rates.

**Civil liability for willful noncompliance [15 U.S.C. § 1681n]**

### Count V against the Co-Defendant under FCRA

The Co-Defendant NCO Financial System Inc. obtained Plaintiff credit report, without permissible purpose. Plaintiff asks Co-Defendant for validation of the alleged debt, they never proved it. The plaintiff explained to Co-Defendant that there was a problem, and they never resolved the dispute. The Co-Defendant who are aware of their violations and failed to mitigate the issues, knowingly with negligent noncompliance pursued continued

collection activity is in violation of the FCRA. The Co-Defendant failed to correct the Plaintiffs credit reports and continued the erroneous situation after being duly informed of their violation of the FCRA and DCPA.  Plaintiff has a negative Trans Union credit score as of this date and has been denied credit and reasonable interest rates.
**Civil liability for negligent noncompliance [15 U.S.C. § 1681o]**

## Notice

*Janke Construction Co. v. Vulcan Materials Co., 527 F.2d 772 (7th Cir. 1974)*; *Hrubec v. Nat. R.Pass. Corp., 981 F.2d 962 (7th Cir. 1992).* Plaintiff is not required under Rule 8(a) to allege a cause of action or legal theory of the case. *Hostrop v. Board of Junior College District No. 1, 523 F.2d 569 (7th Cir. 1975), cert. denied, 425 U.S. 963, 48 L. Ed. 2d 208, 96 S. Ct. 1748 (1975).* There are "no technical forms of pleading" and Plaintiff's Original Complaint conforms with Rules 8(a), 8(e), 8(f) and 10 of the Federal Rules of Civil Procedure. *Maynard v. General Electric Company, 486 F.2d 538 (4th Cir. 1973).* Plaintiff is only required to set forth a short, concise and plain statement of their claim sufficient to advise the opposing party of the nature of the claim. *Neizil v. Williams, 543 F. Supp. 899 (U.S.D.C. M.D. Fla. 1982); Ambling v. Blackstone Cattle Co., 658 F. Supp. 1459 (U.S.D.C. N.D. Ill. 1987).* The complaint must be in general terms and need not be stated within a framework of a cause of action. *Stanley v. Harper Buffing Machine Co., 28 F.R.D. 579 (U.S.D.C. Conn. 1961).* Legal conclusions or statements of law must not be alleged in the complaint. *Curacao Trading Co. v. Fed. Ins. Co., 3 F.R.D. 203 (U.S.D.C. N.Y. 1942).* Further, plaintiff need not allege a theory of action. *Id.* Plaintiff need not specify under what law(s) his case arises. *Ghebreslassie v. Coleman Secur. Svc., 829 F.2d 892 (9th Cir. 1987).* Plaintiff need not plead state laws. *Lumbermans Mut. Cas. Co. v. Norris Grain Co., 343 F.2d 670 (8th Cir. 1965).* State laws should not be plead as the federal court will take judicial notice of applicable state laws. *Bower v. Casanave, 44 F. Supp. 501 (U.S.D.C. N.Y.1941).* Plaintiff need not state his legal theories and discuss all applicable laws or laws which might be applied by the court. Federal courts employ notice pleadings. Plaintiff has done much more than merely put Co-Defendant NCO Financial System Inc. on notice of his claims. The Plaintiff brings this action against the Co-Defendant NCO Financial System Inc. under the Fair Credit Reporting Act **15 U.S.C. 1681** *et seq* and Debt Collection Practice Act **15 U.S.C. 1692**.

## The Federal Rules of Civil Procedures Only Require That a Complaint Contains a Short and Plain Statement of the Claim Showing a Right to Relief.

## NCO FINANCIAL SYSTEM INC.
## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, IS DENIED

The Co-Defendant **NCO FINANCIAL SYSTEM INC.** alleges plaintiff's Complaint should be dismissed because the various causes of action fail to state claims upon which relief can be granted. The Plaint demands motion to dismiss should be denied. Under the Federal Rules of Civil Procedure, the complaint is only required to contain enough information to put the other party on notice of the complaint against him, *Dioguardi v. Durning, 139 F. 2d 774 (2d Cir. 1944).* Here, Plaintiff, did state in his complaint causes of actions and facts sufficient to put Co-

Defendant on notice of what Plaintiff's claim were and the grounds on which they rested. The complaint should not be judged on the quality of the pleading, but on the required notice being given. The federal rules are an attempt to get away from the rigid, formal requirements of code pleading. Under the federal rules, all that is required is that the complaint is entitled to relief. Since the challenge to the complaint went only to the face of the complaint and not to any of the evidence, the court should be careful not to deny a person his day in court because of the form of his complaint, *Dioguardi v. Durning*, 139 F.2d 774 (2d Cir. 1944). When faced with a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must accept the allegations of the complaint as true, drawing all reasonable inferences in favor of the plaintiff. See *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Young v. Lepone*, 305 F.3d 1, 8 (1st Cir. 2002). Pursuant to Federal Rules of Civil Procedure 12(b)(6), and the jurisprudence construing same, when faced with a Motion to Dismiss under Rule 12(b)(6), the court must treat the facts alleged in the complaint as admitted. *Ward v. Hudnall*, 366 F.2d 247 (5th Cir. 1966); *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). Furthermore, the complaint is sufficient if it shows that plaintiff is entitled to any relief, regardless of whether it alleged the proper theory of the case. *Janke Construction Co. v. VulcanMaterials Co.*, 527 F.2d 772 (7th Cir. 1974); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827,1833 (1989). Plaintiff's allegations must be treated and presumed as true and correct in all respects and plaintiff's factual allegations are to be liberally construed so that plaintiff is likewise afforded each and every favorable inference to be drawn from this. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683 (1974); *Miree v. Dekalb County, Georgia*, 433 U.S. 25, 97 S.Ct. 2490 (1977). If admitted and taken as true, the allegations of the plaintiff's complaint do state claims upon which relief can be granted. Motions to Dismiss are not favored and are granted only when it appears to a certainty that no set of facts could be proven at trial which would entitle Plaintiff to any relief. *Dann v.Studebaker-Packard Corp.*, 288 F.2d 201 (6th Cir. 1961). A 12(b)(6) dismissal is proper only in "extraordinary" cases. *United States v. Redwood City* (9th Cir. 1981) 640 f.2d 963, 966; *Cauchi v. Brown* (ED CA 1999) 51 F.Supp.2d 1014, 1016; *United States v. White* (CD CA 1995) 893 F.Supp. 1423, 1428. Instead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving-if the claim is unclear, by requiring a more definite statement under Rule 12(e)...*Bennett v. Schmidt* (7th Cir. 1998) 153 F.3d 516, 518. "For Rule 12(b)(6) motions, a district court may only consider the allegations in the complaint and any attachments." *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir.2003); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir.2002); *Berry v. Hardwick*, 152 Fed.Appx. 371 [5th Cir. (Miss.),2005]. The Plaintiff can show proven fact that he sent a validation letters to Defendant, disputes with credit reporting agencies, and have monthly credit report from Trans Union, Equifax, and Experian from date of discovery.

## NCO FINANCIAL SYSTEM INC.
## BONA-FIDE ERROR EXCUSE IS DENIED

The Co-Defendant NCO FINANCIAL SYTSTEM INC. alleges, pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error not withstanding maintenance of procedures reasonably adapted to avoid any such error. The Plaintiff demands motion to dismiss be denied. Regarding any bona fide error defense that you may assert, I direct your attention to the recent

Supreme Court decision of April 21, 2010, Supreme Court Finds Bona Fide Error Defense Inapplicable In FDCPA Action. (*Karen L. Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, et al.*, No. 08-1200, U.S. Sup.). **In a 7-2 decision, the Supreme Court majority, comprising Justices Sonya Sotomayor, John G. Roberts Jr., Clarence Thomas, Ruth Bader Ginsburg, Stephen G. Breyer, Antonin Scalia and John Paul Stevens, reversed the Sixth Circuit and held that the bona fide error defense does not apply to a violation resulting from a debt collector's mistaken interpretation of the legal requirements of the FDCPA, 15 U.S. Code Section 1692. Supreme Court Tells Debt-Collection Law Firm that Ignorance of Law Is No Excuse.** We have long recognized the "common maxim, familiar to all minds, that [6] ignorance of the law will not excuse any person, either civilly or criminally." *Barlow v. United States*, 32 U.S. 404, 7 Pet. 404, 411, 8 L. Ed. 728 (1833) (opinion for the Court by Story, J.).

## NCO FINANCIAL SYSTEM INC.
## PERMISSIBLE PURPOSE DEFENSE IS DENIED

The Co-Defendant NCO FINANCIAL SYSTEM INC. alleges it had a permissible purpose to obtain Plaintiff's credit report in connection with the collection of a debt. 15 U.S.C. § 1681b(a)(3)(A), is denied. The Co-Defendant had Impermissible Purpose of obtaining Plaintiff credit report by doing so is damaging Plaintiff. There were never an offer or acceptance of agreement with Co-Defendant NCO FINANCIAL SYSTEM INC.. The Co-Defendant admitted in their response to complaint that they obtained Plaintiff credit report, but never validated with Plaintiff, showed any proof that they own an alleged debt or has been assigned to an alleged debt of Plaintiff, so they never proved they can collect on an alleged debt. The Co-Defendant continued collection activity in Plaint credit report (Inquiry) as of today's date.

1. Plaintiff sent a timely dispute of validation to Co-Defendant **NCO FINANCIAL SYSTEM INC.** in response to an initial communication of alleged debt, the Co-Defendant **NCO FINANCIAL SYSTEM INC. must cease all collection activity** until such time as they obtains verification of the alleged debt and sends it to the Plaintiff, which they never did.

2. Since the Co-Defendant **NCO FINANCIAL SYSTEM INC.** is no longer collecting an alleged debt, there is no longer a permissible purpose in obtaining access to the Plaintiff's credit file.

3. Therefore, it is a violation of both the FCRA and the FDCPA to obtain a consumer's credit report after receiving, but not responding to Plaintiff timely debt validation letter. The Co-Defendant **NCO FINANCIAL SYSTEM INC.** is currently reporting a status (Inquiry) in Plaintiff credit report as of today's date, which is continued collection activity. They are updating Plaintiff's credit report month after month and reporting to CRA as of today's date.

4. Plaintiffs re-alleges that Co-Defendant requested and obtained consumer reports relating to Plaintiffs, without Plaintiff's authorization, proof, and/or knowledge and for no other purpose authorized by the FCRA was sufficient to establish a permissible purpose claim.

5. *Subsequently, the improper acquisition of the pulled credit report, resulting in damages of Plaintiff credit report, lowered credit score, and denied credit.*

MOTION IN OPPOSITION TO DISMISS, REPLY, and NOTICE

Case No: 2:11-cv-04428 AHM (opX)
Deon L.Thomas v. Bleier & Cox LLP

The Co-Defendant NCO FINANCIAL SYSTEM INC. obtaining Plaintiff credit report in violation of the terms of the statute without disclosing the impermissible purpose for which the report is desired can constitute obtaining consumer information under false pretenses. The facts in this case demonstrates that the Plaintiff report was so obtained by Co-Defendant.

### Defendant May Not Deny Allegation in the Complaint on the Basis of Information and Belief if the Information is Within the Actual Knowledge of the Defendants

Pursuant to Oliver v. Swiss Club Tell, Cal Ct. App., 222 Cal. App. 2d 528 (1963), if the Defendants have the information to answer the complaint and that information is in their possession, their denial of the complaint on the grounds of lack of information and believe would be consider defective. Per *Oliver v. Swiss* and Federal Rules of Civil Procedure 8(b), which state that if the defendants are without knowledge or information sufficient to form a belief as to the truth of an averment of the complaint, they shall so state and this has the effect of a denial. Federal Rules of Civil Procedure 11 requires that the attorney sign the pleading and the signature constitutes a certificate by him/her that he has read the pleading and that, to the best of their knowledge, information and belief, there is good ground to support it. The attorney is required to act in good faith in making such denials.

This complaint submitted by the Plaintiff is not about an alleged debts, monies owed, credit cards and/or about judgments, it's what the Co-Defendant failed to do once Plaintiff challenged them. The Co-Defendant NCO Financial System Inc. continued updating Plaintiff credit report month after month and still updating up to today's date, which is in violation of FCRA and FDCPA.

### CONCLUSION

Plaintiff believes he has addressed and opposed each and every argument submitted by Co-Defendant NCO Financial System Inc. Plaintiff intends to oppose each and every such argument as requested by Defendant. None of the claims are subject to dismissal and are properly plead. Plaintiff respectfully asserts that defendant name motion should be denied. The Plaintiff states that he is not sure who is representing the Co-Defendant, because an attorney of record has not been identified on record to the court.

**Plaintiff PRAYS** that after all due proceedings be had there be judgment herein in favor of Plaintiff and against Co-Defendant, NCO Financial System Inc., as follows:

1) That there be Judgment in favor of Plaintiff, and against Co-Defendant NCO Financial System Inc., for all reasonable damages sustained by Plaintiff including but not limited to actual damages, statutory damages, compensatory damages, out-of-pocket expenses, credit denials, adverse action, lost credit opportunities, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, fear of personal and financial safety and security, and for punitive/exemplary damages, attorneys' fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

Respectfully submitted:
This day of July 14, 2011

Deon L. Thomas, Without Prejudice
14626 Red Gum St.
Moreno Valley, CA 92555
951-242-7015/951-413-9071
<dlthomas32@gmail.com>

## CERTIFICATE OF SERVICE

I, the Plaintiff, Deon L. Thomas, does hereby certify that a copy of the MOTION IN OPPOSITION TO DISMISS, REPLY, and NOTICE was sent to the Defendant **NCO FINANCIAL SYSTEM INC.** through their attorney Debbie P. Kirkpatrick, Esq. of SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P. at 1545 Hotel Circle South, Suite 150, San Diego, CA 92108-3426 on and about July 14, 2011, for the purpose of satisfying by USPS Mail pursuant to Federal Rules of Civil Procedure 4 (c) (2) (c) (i). This Motion will be submitted to the court of record on or about July 14, 2011. This will also be available to any and all PACER ECF participants and will serve as Notice and Service.

Deon L. Thomas, Without Prejudice
14626 Red Gum St.
Moreno Valley, CA 92555
951-242-7015/951-413-9071
dlthomas32@gmail.com

Cc
Debbie P. Kirkpatrick, SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
Attorney for Defendant
NCO Financial Systems, Inc.
1545 Hotel Circle South, Suite 150
San Diego, CA 92108-3426