**DOLL AMIR & ELEY LLP**
Hunter R. Eley (SBN 224321)
Hemmy So (SBN 259374)
1888 Century Park East
Suite 1850
Los Angeles, CA 90067
Telephone: (310) 557-9100
Facsimile: (310) 557-9101
E-mail:      HEley@dollamir.com
                HSo@dollamir.com

Attorneys for Defendant
CAPITAL ONE BANK (USA), N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON L. THOMAS Pro Se | CASE NO. CV11-04428 AHM (OPx) |
| Plaintiff. | |
| v. | **ANSWER OF DEFENDANT CAPITAL ONE BANK (USA), N.A.** |
| BLEIER & COX LLP, NCO FINANCIAL SYSTEMS, INC., CAPITAL ONE aka CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP., CAPITAL ONE BANK (USA), N.A. ("COBUSANA); and DOES 1 through 10, | |
| Defendants. | |

DOLL AMIR & ELEY LLP
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
(310) 557-9100

DOLL AMIR & ELEY LLP
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
(310) 557-9100

NOW COMES Defendant CAPITAL ONE BANK (USA), N.A. ("CAPITAL ONE"), erroneously sued as "CAPITAL ONE aka CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP." by and through its counsel, and hereby answers the First Amended Complaint filed by plaintiff DEON L. THOMAS ("Plaintiff") and alleges as follows:

1.    Answering: "Plaintiff's Complaint is based on the Fair Credit Reporting Act 15 U.S.C. §1681 et seq. (FCRA) and the Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq. (FDCPA).  Capital One admits that Plaintiff has filed the First Amended Complaint, which alleges that defendants violated the FCRA and FDCPA.

2.    Answering: "At all times hereinafter mentioned, The Plaintiff is a resident of State of California in Riverside County, C.A."  Capital One responds that it is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies, generally and specifically, each and every averment contained herein.

3.    Answering: "From here forward Deon L. Thomas, will be known as the Plaintiff."  Capital One admits that Plaintiff has stated that he will refer to himself as "Plaintiff" in the First Amended Complaint.

## JURISDICTION AND VENUE

4.    Answering: "Jurisdiction of this court arises pursuant to *15 U.S.C. §1681a(p)* and *15 U.S.C. §1692k(d)* and which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."  Capital One admits that 15 U.S.C. § 1692k(d) states in part that "An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy …."  Capital One states that these are legal conclusions that are not subject to denial or admission.

5.    Answering: "The Defendant Bleier & Cox LLP is a third party debt

-1-

collector and conducts business in the state of California and is located at 16130 Ventura Blvd., Ste 620, Encino, CA. 91436 as such is governed under the Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq*. (FDCPA) and Fair Credit Reporting Act *15 U.S.C. § 1681 et seq.*" Capital One responds that it is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies, generally and specifically, each and every averment contained herein.

6.    Answering: "Plaintiff brings this action to the fact as to how an alleged account was or was not validated, non-permissible purpose, and continued collection activities' [sic] and wrongful actions without providing proof of an alleged account to the Plaintiff in the attempted collection of the alleged account, <u>violated the civil rights</u> of the Plaintiff and the law as outlined in the Fair Debt Collection Practices Act 15 US. C. §1692 et seq. and Fair Credit Reporting Act 15 U.S.C. § 1681 et seq." Capital One admits that Plaintiff has filed the First Amended Complaint, which alleges that defendants violated the FCRA and FDCPA.    Capital One denies, generally and specifically, each and every remaining averment contained herein.

7.    Answering: "The Co-Defendant NCO Financial System Inc. conducts business outside the state of California and is headquartered at 507 Prudential Road, Horsham, PA 19044-2308 and Agent for service of process C T CORPORATION SYSTEM, 818 W 7TH ST., LOS ANGELES CA 90017.  As such is governed under the law by Fair Credit Reporting Act *15 US. C. § 1681 et seq.* Plaintiff brings this action to the fact as to how an alleged account was or was not validated, non-permissible purpose, and continued collection activities' and wrongful actions without providing proof of an alleged account to the Plaintiff in the attempted collection of the alleged account, <u>violated the civil rights</u> of the Plaintiff and the law as outlined in the Fair Debt Collection Practices Act *15 US.C. §1692 et seq. and* [sic] Fair Credit Reporting Act *15 U.S.C. § 1681 et seq.*.  Capital One responds that it is without knowledge or information sufficient to form a belief as to the truth of such

DOLL AMIR & ELEY LLP
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
(310) 557-9100

-2-

allegations regarding NCO Financial System, Inc., and on that basis denies, generally and specifically, each and every averment regarding NCO Financial System, Inc. contained herein.  Capital One further responds that it admits that Plaintiff has filed the First Amended Complaint, which alleges that defendants violated the FCRA and FDCPA.  Capital One denies, generally and specifically, each and every remaining averment contained herein.

8.     Answering: "The Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") is a Credit Lender as such is governed under the law by The Fair Credit Reporting Act 15 USC *§1681 et seq.* and also reports these accounts to the national credit reporting agencies i.e. Trans Union, Equifax, Experian and Innovis. Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") has its corporation with offices at 15000 Capital One Drive, Richmond, VA 23238. The Corporation service company which will do business in California as CSC-Lawyers Incorporating Service, as agent address: 2730 Gateway Oaks Dr. STE 100. Sacramento, CA 95833. The State of California abides by and adheres to these laws, specifically, the Fair Credit Reporting Act *15 USC §1681, et seq.* The Plaintiff brings this action to the fact as to how an alleged account was or was not reported correctly and reported erroneous and inaccurate information in the Plaintiffs Credit reports, and wrongful actions of the Co-Defendant in the credit reporting of the alleged account, <u>violated the civil rights</u> of the Plaintiff and the law as outlined in the Fair Credit Reporting Act 15 USC §1681, et seq."   Capital One admits that it provides credit services to consumers and furnishes information to the credit reporting agencies Trans Union, Equifax, Experian and Innovis.  Capital One further admits that it has offices located at 15000 Capital One Drive, Richmond, VA

DOLL AMIR & ELEY LLP
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
(310) 557-9100

-3-

23238.   Capital One further admits that Plaintiff has filed the First Amended Complaint, which alleges that defendants violated the FCRA and FDCPA.   Capital One responds that it is without knowledge or information sufficient to form a belief as to the truth of such allegations regarding CSC-Lawyers Incorporating Service or the State of California, and on that basis denies, generally and specifically, each and every averment regarding CSC-Lawyers Incorporating Service and the State of California contained herein.   Capital One denies, generally and specifically, each and every remaining averment contained herein.

9.     Answering: "Plaintiff is ignorant of the true names or capacities of the defendants sued herein under the fictitious names of DOE ONE through TEN inclusive. Each of the fictitiously named Doe Defendants is responsible in some manner for the wrongdoing alleged herein and is liable for the damages recoverable by Plaintiff."   Capital One responds that it is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies, generally and specifically, each and every averment contained herein.

## DEMAND FOR JURY TRIAL

10.     Answering:   "Plaintiff respectfully Demand [sic] that this Honorable Court instruct the jury, as the Trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendant under the provisions of the Fair Credit Act and/or states laws."   Capital One admits that Plaintiff makes a demand for actual, compensatory, punitive and/or exemplary damages, but denies that such damages should be awarded.   Capital One denies, generally and specifically, each and every remaining averment contained therein.

## PRELIMINARY STATEMENT

11.     Answering the entirety of allegations made in this section, Capital One admits that Plaintiff brings this action for damages under the Fair Credit Reporting Act and that Capital One is a furnisher of information as contemplated by 15 U.S.C. §

DOLL AMIR & ELEY LLP
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
(310) 557-9100

-4-

DOLL, AMIR & ELEY LLP
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
(310) 557-9100

1681s-2.  Capital One responds that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies, generally and specifically, each and every averment contained herein.

## **INTRODUCTION**

12.    Answering:  "On or about Dec. 3, 2010 the Plaintiff requested copies of his credit reports from the three national credit reporting agencies Trans Union, Experian and Equifax.  Upon review the Plaintiff found that the Co-Defendant NCO Financial System Inc. were reporting erroneous, inaccurate and derogatory information in the plaintiff's credit reports.  On or about Jan. 17, 2011 Defendant Bleier & Cox LLP were found in Plaintiff [sic] report. The Plaintiff observed that Defendant Bleier & Cox LLP and Co-Defendant NCO Financial System Inc. was [sic] listed on the Plaintiffs Hard Credit Inquiries with Trans Union credit report indicating an account review, and they did not have a permissible purpose to do so. The Plaintiff has not now or ever had any business affiliation or relationship with Defendant Bleier & Cox LLP and Co-Defendant NCO Financial System Inc., nor has ever applied for any type of mortgage, loan, credit cards, insurance or employment with the Defendants."  Capital One responds that it is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies, generally and specifically, each and every averment contained herein.

13.    Answering:  "On or about Dec. 22, 2010 the Defendant Bleier & Cox LLP contacted the Plaintiff via US Mail with a notice of an alleged debt that was owed to Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA").  On or about Jan. 14, 2011 the Plaintiff sent a timely letter of Validation and permissible purpose of obtaining Plaintiff credit report to the Defendant via US Mail which the Defendant received on or about Jan. 18, 2010. The Defendant never responded to said validation

letter. On or about Feb. 28, 2011 Plaintiff join [sic] a credit monitoring service Privacy Guard to monitor the national reporting agencies, Trans Union, Experian, and Equifax. On or about March 1, 2011 (see **Exhibit A**) the Plaintiff sent a second of Validation to the Defendant via US Mail Certified Return Receipt *ft* 7010 0780 0000 3364 9356, which the Defendant received on or about March 3, 2011(see **Exhibit B**). Non response and improper validation may constitute as prima facie evidence of intent to defraud, intimidate or coerce Plaintiff and to deprive Plaintiff of his civil rights. To date the Defendant has failed to respond and validate the alleged debt. The Defendant Bleier & Cox LLP had no permissible purpose to obtain Plaintiff credit report and continues reporting erroneous and inaccurate information in Plaintiffs credit report (Inquiry) without any kind of validation. The Defendant failed to conduct a corresponding reasonable investigation of accuracy from the validation letters they received." Capital One responds that it is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies, generally and specifically, each and every averment contained herein.

14.    Answering: "On or about Nov. 02, 2010 the Co-Defendant NCO Financial System Inc. contacted the Plaintiff via US Mail with a notice of an alleged debt that was owed to Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") The Plaintiff sent a timely validation letter to the Co-Defendant NCO Financial System Inc. by U.S. Postal Service, Certified Mail Return Receipt # 7010 0780 0000 3363 9791 on or about Nov. 22, 2010 (see **Exhibit C**). The Co-Defendant received said letter, on or about Nov. 26, 2011 (see **Exhibit D**) of advisement that Plaintiff is requesting validation and competent evidence that Plaintiff had some contractual obligation sans consumer protection encumbrance with them. The Co-Defendant sent a reply without validating any obligation to them on or about Jan. 18, 2011 stating

DOLL, AMIR & ELEY LLP
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
(310) 557-9100

"according the our files, we have not reported to any credit bureaus".  In fact as of today's date Co-Defendant is in Plaintiffs [sic] credit report with Trans Union by obtaining Plaintiff credit report account, and had no permissible purpose to access Plaintiffs [sic] account. Non response and improper validation may constitute as prima facie evidence of intent to defraud, intimidate or coerce Plaintiff and to deprive Plaintiff of his civil rights. The Co-Defendant never properly validated with Plaintiff and thus, transferred or sold the alleged obligation to Defendant Bleier & Cox LLP or Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA"). The Co-Defendant continues reporting erroneous and inaccurate information in Plaintiff's credit report (Inquiry) without any kind of validation. The Co-Defendant failed to conduct a corresponding reasonable investigation of accuracy from the validation letter they received as of today's date." Capital One responds that it is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies, generally and specifically, each and every averment contained herein.

15.     Answering:  "The Plaintiff requested a credit report and observed Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") has been reporting erroneous and inaccurate information in all three Credit Reporting Agencies-Trans Union, Experian, and Equifax.  The Plaintiff Disputed [sic] with Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") on or about Feb. 22, 2011 via U.S. Postal Service Certified Mail Return Receipt # 7010 0780 0000 2252 0444 (see **Exhibit F**) and said letter was received on Feb. 24, 201 1(see **Exhibit G**).  The Co-Defendant CAPITAL ONE, aka,

DOLL, AMIR & ELEY LLP
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
(310) 557-9100

DOLL AMIR & ELEY LLP
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
(310) 557-9100

CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") continues reporting erroneous and inaccurate information. The Co-Defendant did not mark the credit report account as "disputed" with the Credit Reporting Agencies, and as of today's date it still does not say 'dispute.' The Co-Defendant failed to conduct a corresponding reasonable investigation of accuracy from the dispute letter they received and failure [sic] to have the systems in place to prevent error which are the Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") responsibility."  Capital One responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff sent a letter to Capital One on or about February 22, 2011 that was received on February 24, 2011, and on that basis denies such averment contained herein.  Capital One denies generally and specifically, each and every remaining averment contained herein.

16.    Answering:  "The Plaintiff contacted Trans Union and disputed the erroneous and inaccurate information via U.S. Postal Service Certified Mail Return Receipt # 7010 1670 0000 7427 2644 on March 7, 2011 and said letter was received on March 10, 2011 (see **Exhibit H**)."  Capital One responds that it is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies, generally and specifically, each and every averment contained herein.

17.    Answering:  "The Plaintiff contacted Experian and disputed the erroneous and inaccurate information via U.S. Postal Service Certified Mail Return Receipt # 7010 0780 0000 3364 9998 on March 7, 2011 and said letter was received on March 10, 2011 (see **Exhibit I**)."  Capital One responds that it is without knowledge or information sufficient to form a belief as to the truth of these

-8-

allegations, and on that basis denies, generally and specifically, each and every averment contained herein.

18.    Answering:  "The Plaintiff contacted Equifax and disputed the erroneous and inaccurate information via U.S. Postal Service Certified Mail Return Receipt # 7010 0780 0000 3364 9981 on March 7, 2011 and said letter was received on March 11, 2011 (see **Exhibit J**)."  Capital One responds that it is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies, generally and specifically, each and every averment contained herein.

19.    Answering:  "All Credit Reporting Agencies listed above sent Plaintiff a revised consumer disclosure that described the results of his disputes regarding the alleged accounts with Defendants Bleier & Cox LLP, Co-Defendant NCO Financial System Inc. and Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA").  In the disclosure, All Credit Reporting Agencies stated that Defendants Bleier & Cox LLP, Co-Defendant NCO Financial System Inc. and Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") verified the account and made no changes as to its status, including the failure to list the account as "disputed."  Capital One responds that it is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies, generally and specifically, each and every averment contained herein.

20.    Answering:  "The Plaintiff contacted the Defendants on May 10, 2011 with a mail notice of Pending Lawsuit in an attempt to settle this situation amicably to try and get a response from the Defendant prior to filing this complaint. The Defendant Bleier & Cox LLP, Co-Defendant NCO Financial System Inc. received

DOLL AMIR & ELEY LLP
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
(310) 557-9100

-9-

DOLL, AMIR & ELEY LLP
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
(310) 557-9100

1   said notice on or about May 12, 2011 and Co-Defendant CAPITAL ONE, aka,

2   CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL

3   CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A.

4   ("COBUSANA") received said notice on or about May 13, 2011 via certified US

5   Mail. The Defendants and Plaintiff could not come to an amicable agreement."

6   Capital One admits it received a document entitled "Notice of Pending Lawsuit" on

7   or about May 20, 2011.  Capital One further admits that it did not resolve the matters

8   alleged in the "Notice of Pending Lawsuit" and attached draft Complaint with

9   Plaintiff.  Capital One responds that it is without knowledge or information sufficient

10  to form a belief as to the truth of the remaining allegations, and on that basis denies,

11  generally and specifically, each and every averment contained herein.

## COUNT I AGAINST THE DEFENDANT UNDER DCPA

12  21.   Capital One incorporates its answer to paragraphs 1-20 above as though

13  fully set forth herein. Capital One admits that 15 U.S.C. § 1692g appears to be quoted

14  herein.  Capital One denies that 15 U.S.C. § 1692i is quoted herein.  Capital One

15  responds that it is without knowledge or information sufficient to form a belief as to

16  the truth of the remaining allegations, and on that basis denies, generally and

17  specifically, each and every averment contained herein.

## COUNT II AGAINST THE DEFENDANT UNDER FCRA

18  22.   Capital One incorporates its answer to paragraphs 1-21 above as though

19  fully set forth herein. Capital One admits that a portion of 15 U.S.C. § 1681b appears

20  to be quoted herein.  Capital One responds that it is without knowledge or

21  information sufficient to form a belief as to the truth of the remaining allegations, and

22  on that basis denies, generally and specifically, each and every averment contained

23  herein.

24

25

26

27

28

ANSWER OF DEFENDANT CAPITAL ONE BANK (USA), N.A.                    CASE NO. CV11-04428 AHM (OPx)

## COUNT III AGAINST THE DEFENDANT UNDER FCRA

23.     Capital One incorporates its answer to paragraphs 1-22 above as though fully set forth herein. Capital One admits that a portion of 15 U.S.C. § 1681n appears to be quoted herein.  Capital One responds that it is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies, generally and specifically, each and every averment contained herein.

## COUNT IV AGAINST THE DEFENDANT UNDER FCRA

24.     Capital One incorporates its answer to paragraphs 1-23 above as though fully set forth herein.  Capital One admits that 15 U.S.C. § 1681o appears to be quoted herein. Capital One responds that it is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies, generally and specifically, each and every averment contained herein.

## COUNT I AGAINST THE CO-DEFENDANT UNDER DCPA

25.     Capital One incorporates its answer to paragraphs 1-24 above as though fully set forth herein. Capital One admits that a portion of 15 U.S.C. § 1692g appears to be quoted herein.  Capital One denies that 15 U.S.C. § 1692i is quoted herein. Capital One responds that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies, generally and specifically, each and every averment contained herein.

## COUNT II AGAINST THE CO-DEFENDANT UNDER DCPA

26.     Capital One incorporates its answer to paragraphs 1-24 above as though fully set forth herein. Capital One admits that a portion of 15 U.S.C. § 1692g appears to be quoted herein.  Capital One denies that 15 U.S.C. § 1692i is quoted herein. Capital One responds that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies, generally and specifically, each and every averment contained herein.

DOLL AMIR & ELEY LLP
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
(310) 557-9100

DOLL, AMIR & ELEY LLP
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
(310) 557-9100

## COUNT III AGAINST THE CO-DEFENDANT UNDER FCRA

27.    Capital One incorporates its answer to paragraphs 1-26 above as though fully set forth herein. Capital One admits that a portion of 15 U.S.C. § 1681b appears to be quoted herein.  Capital One responds that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies, generally and specifically, each and every averment contained herein.

## COUNT IV AGAINST THE CO-DEFENDANT UNDER FCRA

28.    Capital One incorporates its answer to paragraphs 1-27 above as though fully set forth herein.  Capital One admits that a portion of 15 U.S.C. § 1681n appears to be quoted herein. Capital One responds that it is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies, generally and specifically, each and every averment contained herein.

## COUNT V AGAINST THE CO-DEFENDANT UNDER FCRA

29.    Capital One incorporates its answer to paragraphs 1-28 above as though fully set forth herein.  Capital One admits that 15 U.S.C. § 1681o appears to be quoted herein.  Capital One responds that it is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies, generally and specifically, each and every averment contained herein.

## COUNT I AGAINST THE CO-DEFENDANT UNDER FCRA

30.    Answering:  "The Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") was notified of the errors and disputes, once Plaintiffs became aware of the facts sufficient, however, Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL

-12-

CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") continued to issue and/or publish report(s) to various consumer reporting agencies which contained erroneous, inaccurate and false information about the Plaintiffs and even assigned collection activities to third party collectors.  The Co-Defendant has not place Plaintiff account in dispute since February 24, 2011 when they received dispute letter, and still undisputed as of today's date, in all three credit reporting bureaus.  Co-Defendant has failed to indicate that the alleged account is in dispute.  The Plaintiff can prove beyond doubt; 1) that he filed a Dispute with the CRA's concerning information furnished by Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA"); (2) that Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") was notified of any dispute by the CRA's; and (3) that Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") failed to conduct a reasonable investigation concerning a consumer complaint."  Capital One denies, generally and specifically, each and every averment contained herein.

**31.**   Answering:  "**Failure to mark the account in dispute**

**According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies**

(a)  Duty of furnishers of information to provide accurate information.

(1)  Prohibition.

(A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer-reporting agency if

DOLL, AMIR & ELEY LLP
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
(310) 557-9100

-13-

the person knows or consciously avoids knowing that the information is inaccurate.

(B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer-reporting agency if (i) the person has been notified by the consumer, at the address specified by the person for such notices, that  specific information is inaccurate; and

(ii) the information is, in fact, inaccurate.

(2) Duty to correct and update information. A person who

(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

**(3) Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.**"

Capital One admits that 15 U.S.C. § 1681s-2 is quoted herein.

32.    Answering:  "The Plaintiffs [sic] credit reports from Experian, Trans Union, and Equifax do not reflect that the information is disputed , even though the Plaintiff has sent a letter of dispute to the Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A.

DOLL, AMIR & ELEY LLP
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
(310) 557-9100

-14-

("COBUSANA") and Credit Reporting Agencies and to date the Co-Defendant has not responded.  Plaintiff demands judgment in the amount of $12,000.00. Based on every month (four months) the Co-Defendant has failed to mark the account in dispute times $1000.00 per violation, times all three national credit bureaus. The Co-Defendant has broken the FCRA by updating the reports each month without marking the alleged account in dispute."  Capital One denies, generally and specifically, each and every averment contained herein.

## COUNT II AGAINST THE CO-DEFENDANT UNDER FCRA

33.    Answering:  "The Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") continued to report false and inaccurate information and failed to retract, delete and suppress false and inaccurate information about the plaintiffs [sic]. The plaintiff has disputed with the Co-Defendant and all three credit reporting agencies in the same time frame and the Co-Defendant has not complied with the FCRA.  The Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") has damaged the Plaintiff's credit score, credit report, and Plaintiff's reputation by saying that the Plaintiff doesn't pay his bills. As a result Plaintiff had credit denial, and higher interest rates."  Capital One responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff has disputed information with Capital One and three credit reporting agencies, and on that basis denies, generally and specifically, such averments contained herein.  Capital One denies, generally and specifically, each and every remaining averment contained herein.

34.    Answering:  "**Reporting erroneous and inaccurate information According to the Fair Credit Reporting Act, section 623. Responsibilities of**

DOLL AMIR & ELEY LLP
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
(310) 557-9100

DOLL, AMIR & ELEY LLP
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
(310) 557-9100

**furnishers of information to consumer reporting agencies:**

(a) Duty of furnishers of information to provide accurate information.

(1) Prohibition.

(A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer-reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

(B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer-reporting agency if

**(i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate: and**

(ii) the information is, in fact, inaccurate.

(2) Duty to correct and update information. A person who

(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

(3) **Duty to provide notice of dispute.** If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer. (b) Duties of furnishers of information upon notice of dispute.

(1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a

dispute with regard to the completeness or accuracy of any information provided by

a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency

pursuant to section 611(a)(2) [§ 1681 i];

(C) report the results of the investigation to the consumer reporting agency; and

(D) if the investigation finds that the information is incomplete or inaccurate, report

those results to all other consumer reporting agencies to which the person furnished

the information and that compile and maintain files on consumers on a nationwide

basis.

(2) Deadline. A person shall complete all investigations, reviews, and reports

required under paragraph (I) regarding information provided by the person to a

consumer reporting agency, before the expiration of the period under section 611

(a)(1) [§ 1681 i] within which the consumer reporting agency is required to complete

actions required by that section regarding that information."

Capital One admits that portions of 15 U.S.C. § 1681s-2 appear to be quoted herein.

    35.    Answering:  "Plaintiff demands judgment in the amount of $12,000.00.

This is based on every month that the Co-Defendant CAPITAL ONE, aka, CAPITAL

ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL

ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") violated

the FCRA (four months) by reporting erroneous and inaccurate information, times

$1000.00, times three for each of the three national credit reporting bureaus. This is

allowed for every month that the Co-Defendant fails to update the report by marking

the alleged account in dispute."  Capital One denies, generally and specifically, each

and every averment contained herein.

## COUNT III AGAINST THE CO-DEFENDANT UNDER FCRA

    36.    Answering: "The Co-Defendant CAPITAL ONE, aka, CAPITAL ONE,

DOLL AMIR & ELEY LLP
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
(310) 557-9100

-17-

NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE
BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") who are aware
of their violations and failed to mitigate the issues, knowingly, with willful non-
compliance pursued continued collection activity is in violation of the FCRA. Co-
Defendant failed to correct the Plaintiffs credit reports and continued the erroneous
situation after being duly informed of their violation of the FCRA. The Co-Defendant
CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE
FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA),
N.A. ("COBUSANA") has damaged the Plaintiffs credit score, credit report, and
Plaintiffs reputation by saying that the Plaintiff doesn't pay his bills. As a result
Plaintiff had credit denial, and higher interest rates.  Capital One denies, generally and
specifically, each and every averment contained herein.

**37.**   Answering: "**1681n. Civil liability for willful noncompliance.**

**Civil liability for willful noncompliance [15 U.S.C. § 1681n]**

(a) In general. Any person who willfully fails to comply with any requirement
imposed under this title with respect to any consumer is liable to that consumer in
an amount equal to the sum of

(1)(A) any actual damages sustained by the consumer as a result of the failure or
damages of not less than $100 and not more than $1,000; or

(B) in the case of liability of a natural person for obtaining a consumer report under
false pretenses or knowingly without a permissible purpose, actual damages sustained
by the consumer as a result of the failure or $1,000, whichever is greater;

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the
costs of the action together with reasonable attorney's fees as determined by the court.

(b) Civil liability for knowing noncompliance. Any person who obtains a consumer
report from a consumer reporting agency under false pretenses or knowingly without a

DOLL AMIR & ELEY LLP
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
(310) 557-9100

permissible purpose shall be liable to the consumer reporting agency for actual damages sustained by the consumer reporting agency or $1,000, whichever is greater.

(c) Attorney's fees. Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper. As a result of defendants' willful failure to comply with the FCRA, Co-defendants are liable to the Plaintiff in an amount equal to the sum of (i) any actual damages sustained by the plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees."

Capital One admits that a portion of 15 U.S.C. § 1681n appears to be quoted herein.

38.     Answering:  "Plaintiff restates and reiterates herein all previous paragraphs."  Capital One incorporates its answer to paragraphs 1-37 above as though fully set forth herein.

39.     Answering:  "Plaintiff demands judgment in the amount of $18,000.00. This is based on every month that the Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") violated the FCRA (six months) by willfully failing to comply with the requirements of the FCRA, times $1000.00, times three for each one of the three national credit reporting bureaus. This is allowed for every month that the Co-Defendant fails to comply with the FCRA and its regulations."  Capital One denies, generally and specifically, each and every averment contained herein.

## COUNT IV AGAINST THE CO-DEFENDANT UNDER FCRA

40.     Answering:  "The Co-Defendant CAPITAL ONE, aka, CAPITAL ONE,

DOLL AMIR & ELEY LLP
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
(310) 557-9100

NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") who was aware of their violations and failed to mitigate the issues, knowingly, with negligent noncompliance pursued continued collection activity is in violation of the FCRA. Co-Defendant failed to correct the Plaintiffs credit reports and continued the erroneous situation after being duly informed of their violation of the FCRA. The Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") has damaged the Plaintiff's credit score, credit report, and Plaintiffs reputation by saying that the Plaintiff doesn't pay his bills. As a result Plaintiff had credit denial, and higher interest rates." Capital One denies, generally and specifically, each and every averment contained herein.

41. Answering: "**Civil liability for negligent noncompliance [15 U.S.C. § 1681o]** (a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

(b) Attorney's fees. On a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

Capital One admits that 15 U.S.C. § 1681o appears to be quoted herein.

42. Answering: "Plaintiff demands judgment in the amount of $18,000.00.

DOLL AMIR & ELEY LLP
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
(310) 557-9100

This is based on every month that the Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") violated the FCRA (six months) by negligently failing to comply with the requirements imposed under the FCRA, times $1000.00, times three for each one of the three national credit reporting bureaus. This is allowed for every month that the Co-Defendant fails to comply with the FCRA and its regulations." Capital One denies, generally and specifically, each and every averment contained herein.

43.    Answering:  "Plaintiff reserve the right to amend his complaint to add the violation of California Consumer Protection Act, also known as Rosenthal Act., Such as, 1785.19. (a) In addition to any other remedy provided by law, a consumer may bring an action for a civil penalty, not to exceed two thousand five hundred dollars ($2,500), against any of the following:

(1)    A person who knowingly and willfully obtains access to a file other than as provided in Section 1785.11."

Capital One admits that a portion of California Civil Code § 1785.19 appears to be quoted herein.  Capital One denies, generally and specifically, each and every remaining averment contained herein.

44.    Answering:  "More violated actions will be included as they become evident to Plaintiff in this case."  Capital One responds that it is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies, generally and specifically, each and every averment contained herein.

## **SUMMATION**

45.    Answering: "Plaintiff has disputed the with the Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE

DOLL, AMIR & ELEY LLP
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
(310) 557-9100

DOLL, AMIR & ELEY LLP
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
(310) 557-9100

FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA"), also validated with Defendant Bleier & Cox LLP and Co-Defendant NCO Financial System Inc., and disputed with the Credit Reporting Agencies in a timely manner, as of today's date the Defendants all have been unresponsive. The Plaintiff sent a timely validation letter to Defendant Bleier & Cox LLP and Co-Defendant NCO Financial System Inc., as of today's date they did not respond to show an agreement, obligation or contract with them. Non response and improper validation may constitute as prima facie evidence of intent to defraud, intimidate or coerce Plaintiff and to deprive Plaintiff of his civil rights. The Defendant Bleier & Cox LLP and Co-Defendant NCO Financial System Inc., pulled my credit report impermissible purpose. The Defendant Bleier & Cox LI,P, Co-Defendants NCO Financial System Inc and Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") continued collection activity month after month in Plaintiff credit report. Therefore, they have been reporting erroneous and inaccurate information on the Plaintiff's credit reports. The Plaintiff now has a negatively impacted credit score as of this date and has been denied credit and/or denied credit at reasonable rates, because of the willful noncompliance and negligent actions of erroneous and inaccurate reporting and/or inaction's of the Defendant Bleier & Cox LLP, Co-Defendants NCO Financial System Inc and Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA"). The Defendant Bleier & Cox LLP, Co-Defendants NCO Financial System Inc and Co-Defendant CAPITAL ONE, aka, CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPITAL ONE BANK (USA), N. A., Capital One Bank (USA), N.A. ("COBUSANA") has not only violated

the Plaintiff's civil rights but damaged the Plaintiff credit score, credit report and reputation, which affected Plaintiff both monetarily and emotionally." Capital One responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to Defendants Bleier & Cox LLP and NCO Financial Systems, Inc., and on that basis denies, generally and specifically, such averments contained herein. Capital One denies, generally and specifically, each and every remaining averment contained herein.

46.    Answering: "WHEREFORE, the Defendant and Co-Defendants has violated the Fair Credit Reporting Act and Fair Debt Collection Practice Act, Plaintiff demands Judgment in the amount of $93,000.00, plus all costs of this action along with punitive damages in the amount of $70,000.00, for their violations of DCPA, and FCRA, as the court may allow along with Private Attorney General fees of $3000.00 as prescribed by law *Graziano v. Harrison, 950 F.2d 107,* 113 *(3d Cir. 1991),* 15 *US. C. sec. 1692k(a)(3),(see Zagorski v. Midwest Billing Services, Inc., F.3d- (1997 WL 695401, 7th Cir.)* or 128 *F. 3d* 1164 *(7th Cir.,* 1997), and any other damages the court deems permissible." Capital One responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to Defendants Bleier & Cox LLP and NCO Financial Systems, Inc., and on that basis denies, generally and specifically, such averments contained herein. Capital One denies, generally and specifically, each and every averment contained herein.

## AFFIRMATIVE DEFENSES

NOW WHEREFORE, having answered the Complaint, CAPITAL ONE asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

1.    The First Amended Complaint fails to state a claim upon which relief can be granted against CAPITAL ONE.

-23-

DOLL AMIR & ELEY LLP
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
(310) 557-9100

## SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff has failed to mitigate his damages.

## THIRD AFFIRMATIVE DEFENSE

3.      The First Amended Complaint is barred because Plaintiff lacks standing to bring or maintain the claims set forth in the First Amended Complaint.

## FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff is not entitled to attorneys' fees.

## FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff is barred from any legal or equitable relief under each of the purported causes of action in the First Amended Complaint, to the extent Plaintiff has offsetting claim(s).

## SIXTH AFFIRMATIVE DEFENSE

6.      No punitive damages are recoverable in this Action.  Any award of punitive damages against CAPITAL ONE is unconstitutional.

## SEVENTH AFFIRMATIVE DEFENSE

7.      CAPITAL ONE alleges that the alleged actions of the defendants were proper and did not violate any provisions of 15 U.S.C. § 1681 et. seq.

## EIGHTH AFFIRMATIVE DEFENSE

8.      CAPITAL ONE alleges that all of its actions mentioned in this First Amended Complaint were lawful, within its legal rights, and were done with a good faith belief in the exercise of that right.  Further, under the circumstances, and based on information reasonably available to CAPITAL ONE, CAPITAL ONE acted in good faith in the honest belief that the acts, conduct and communications, if any, of CAPITAL ONE was justified.

## NINTH AFFIRMATIVE DEFENSE

9.      CAPITAL ONE alleges that the alleged actions of CAPITAL ONE were not accompanied by actual malice, intent or ill will.

DOLL, AMIR & ELEY LLP
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
(310) 557-9100

ANSWER OF DEFENDANT CAPITAL ONE BANK (USA), N.A.                    CASE NO. CV11-04428 AHM (OPx)

DOLL, AMIR & ELEY LLP
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
(310) 557-9100

### TENTH AFFIRMATIVE DEFENSE

10.     Assuming *arguendo* that CAPITAL ONE violated a statute alleged in the complaint, which CAPITAL ONE denies, generally and specifically, such violation was not intentional, but a result of a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### ELEVENTH AFFIRMATIVE DEFENSE

11.     CAPITAL ONE alleges that if Plaintiff was damaged in any sum or sums alleged, which CAPITAL ONE denies, generally and specifically, each and every averment contained in the complaint, then Plaintiff's damages are limited by 15 U.S.C. § 1681 et. seq.

### TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiff's claims are barred by the applicable statute of limitations.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiff's claims are barred by the doctrine of unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.     CAPITAL ONE is informed and believes, and on that basis alleges that it has complied with all applicable state and federal laws, statutes and regulations, and therefore cannot be held liable for any alleged damages suffered by Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.     CAPITAL ONE reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to CAPITAL ONE during the course of litigation.

WHEREFORE, Defendant CAPITAL ONE prays for judgment against Plaintiff as follows:

1.     That the First Amended Complaint be dismissed with prejudice in its entirety;

2.      That Plaintiff take nothing by reason of his First Amended Complaint;

3.      That judgment be entered in favor of Defendant CAPITAL ONE;

4.      For recovery of Defendant CAPITAL ONE'S costs of suit, including its attorneys' fees to the extent recoverable by contract or law; and

5.      For such other and further relief as the Court deems just.

Dated:  July 25, 2011                    **DOLL AMIR & ELEY LLP**


                                         /s/ *Hemmy So*_____.
                                           Hemmy So
                                         Attorneys for Defendant
                                         CAPITAL ONE BANK (USA), N.A.

ANSWER OF DEFENDANT CAPITAL ONE BANK (USA), N.A.                    CASE NO. CV11-04428 AHM (OPx)

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is **1888 Century Park East, Suite 1850, Los Angeles, California 90067**.

4

5

On July 25, 2011, I served the foregoing document described as **ANSWER OF DEFENDANT CAPITAL ONE BANK (USA), N.A.** on the interested parties in this action by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

6

7

**SEE ATTACHED SERVICE LIST**

8

☒   **BY REGULAR MAIL:**I deposited such envelope in the mail at 1888 Century Park East, Suite 1850, Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

9

10

11

12

13

☐   **BY FACSIMILE MACHINE:** I transmitted a true copy of said document(s) by facsimile machine, and no error was reported.  Said fax transmission(s) were directed as indicated on the service list.

14

15

☐   **BY OVERNIGHT DELIVERY:**Icaused such documents to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressees.  The envelope or package was deposited with delivery fees thereon fully prepaid.

16

17

☐   **BY ELECTRONIC MAIL:** I transmitted a true copy of said document(s) via electronic mail, and no error was reported. Said email was directed as indicated on the service list.

18

19

☐   **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

20

21

    I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

22

23

Executed on July 25, 2011, at Los Angeles, California.

24

/s/ *Felicia Dorng*

25

Felicia Dorng

26

27

28

*DOLL AMIR & ELEY LLP*

1

## SERVICE LIST

2

3   Deon L. Thomas                          T: (951) 413-9071
4   14626 Red Gum Street                   F: (951) 242-7015
    Moreno Valley, CA 92555                Dlthomas32@gmail.com
                                           *Plaintiff in Pro Se*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOLL AMIR & ELEY LLP