1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOLL AMIR & ELEY LLP

**DOLL AMIR & ELEY LLP**
Hunter R. Eley (SBN 224321)
Hemmy So (SBN 259374)
1888 Century Park East
Suite 1850
Los Angeles, CA 90067
Telephone:  (310) 557-9100
Facsimile:  (310) 557-9101
E-mail:      HEley@dollamir.com
                  HSo@dollamir.com

Attorneys for Defendant
CAPITAL ONE BANK (USA), N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON L. THOMAS Pro Se<br><br>            Plaintiff.<br><br>        v.<br><br>BLEIER & COX LLP, NCO FINANCIAL SYSTEMS, INC., CAPITAL ONE aka CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP., CAPITAL ONE BANK (USA), N.A. ("COBUSANA); and DOES 1 through 10,<br><br>            Defendants. | CASE NO. CV11-04428 AHM (OPx)<br><br>**DEFENDANT CAPITAL ONE BANK (USA), N.A.'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Date:  August 22, 2011<br>Time:  10:00 a.m.<br>Judge:  Hon. A. Howard Matz |

1    Defendant Capital One Bank (USA), N.A., erroneously sued as Capital One aka

2 Capital One, N.A., Capital One Financial Corporation, ("Capital One") respectfully

3 submits this memorandum in opposition to the Motion for Default Judgment filed by

4 Plaintiff Deon L. Thomas ("Plaintiff").

5 **I.      INTRODUCTION**

6    In his fervor to extract payment from Capital One for unsubstantiated claims

7 against his lender, Plaintiff has filed a procedurally defective Motion For Default

8 Judgment that should be denied.  The Motion should be denied on several grounds, as

9 follows:

10    (1) Plaintiff's Motion fails to comply with Local Rules 7-3, 7-4 and 55-1;

11    (2) Plaintiff's Motion is premature, as default has not been entered against Capital

12        One in this case pursuant to Federal Rule of Civil Procedure 55(a); and

13    (3) Capital One's Answer, which was filed on July 25, 2011, constitutes sufficient

14        evidence that Capital One intended to defend this suit.

15    As explained further below, Plaintiff has no basis to move for default judgment.

16 Remarkably, what Plaintiff fails to advise this Court in his Motion, is that Plaintiff and

17 Capital One's counsel were engaged in early resolution discussions throughout the past

18 month.  Indeed, Capital One's counsel reached out to Plaintiff in late June to request that

19 he provide a Notice of Acknowledgment and Receipt to assist Plaintiff in properly

20 serving the Complaint.  The NAR was executed on July 5, 2011, and returned to Plaintiff

21 the next day.  The responsive pleading deadline was calendared for July 26.

22    Discussions between Plaintiff and counsel took place thereafter on July 12, 14,

23 and 21, 2011.  Without any mention of his intent to do so, and in an apparent "gotcha"

24 attempt, Plaintiff then filed the instant Motion on Friday, July 22.  Capital One filed its

25 Answer on Monday, July 25.  That same day, Capital One received a service copy of

26 Plaintiff's Motion.  Thus, even if this Court were to consider Plaintiff's Motion, it should

27 be denied on the basis that any failure to meet the responsive pleading deadline was an

28

*DOLL AMIR & ELEY LLP*

-1-

1   inadvertent calendaring error that has long since been remedied.  These facts, in addition

2   to the Ninth Circuit's strong disfavor of default judgments where determination may be

3   made on the merits, should persuade this Court to deny Plaintiff's Motion For Default

4   Judgment.

5   **II.   STATEMENT OF FACTS**

6   Plaintiff filed his Complaint on June 28, 2011.  At the request of the undersigned

7   counsel of record, Plaintiff served the Summons and Complaint, along with a Notice of

8   Acknowledgement and Receipt ("NAR"), to counsel for Capital One on or about June

9   30, 2011.  Declaration of Hunter R. Eley ("Eley Decl."), ¶ 2.  Capital One's counsel

10   received the documents on June 30, 2011 and dated the NAR the same date.  Eley Decl.,

11   ¶ 3.  Capital One's counsel, however, signed the document on July 5, 2011 and served it

12   to Plaintiff on July 6, 2011.  *Id.*, Ex. 1.

13   Since the initial communication with Plaintiff about the NAR on June 27, 2011,

14   Plaintiff and Capital One's counsel further communicated on July 12, July 14 and July

15   21 by email or phone.  *See* Eley Decl., ¶ 4, Ex. 2; Declaration of Hemmy So ("So

16   Decl."), ¶¶ 3, 4, Ex. B.  The phone and email communications on July 14 and July 21

17   dealt largely with settlement discussions.  So Decl., ¶¶ 3, 4, Ex B.

18   Due to an inadvertent calendaring error, Capital One believed its deadline to file a

19   responsive pleading was July 26, 2011, which was 21 days after the NAR was executed.

20   So Decl., ¶ 5.  In fact, the deadline was two business days earlier, on July 21, 2011,

21   which was 21 days after the NAR was received.  *Id.*, ¶ 6.  Upon realizing this error,

22   Capital One immediately filed an Answer on July 25, 2011.  *Id.*

23   In the meantime, Plaintiff filed his Motion For Default Judgment on July 22, 2011

24   — one day after Capital One's responsive pleading deadline.  Despite the fact that

25   Plaintiff and Capital One's counsel had been consistently communicating since the

26   service of his Complaint about his claims and settlement demands, Plaintiff never met

27   and conferred or otherwise gave Capital One's counsel notice that he intended to file a

28

DOLL AMIR & ELEY LLP

-2-

1   Motion for Default Judgment.  So Decl., ¶ 7.

2        According to PACER, this Court has not entered default against Capital One.  So

3   Decl., ¶ 8.

4   **III.   ARGUMENT**

5        A.   This Court Should Decline To Consider The Motion For Default Judgment

6             Because Plaintiff Has Failed To Comply With The Local Rules.

7        As a preliminary matter, Plaintiff's motion should be denied because he has failed

8   to meet the requirements of Local Rule 7-4.  That rule states the following:

9

10   The Court may decline to consider a motion unless it meets the
     requirements of L.R. 7-4 through 7-8. On the first page of the notice of
11   motion and every other document filed in connection with any motion,
     there shall be included, under the title of the document, the date and time
12   of the motion hearing, and the name of the judicial officer before whom
     the motion has been noticed. The notice of motion shall contain a concise
13   statement of the relief or Court action the movant seeks.

14

15        Plaintiff failed to include a Notice of Motion with his Motion for Default

16   Judgment.  This is basis alone for the Court to decline to consider Plaintiff's motion.

17        Plaintiff has also failed to comply with other Local Rules, including Local Rule 7-

18   3 (Conference of Counsel Prior to Filing of Motions) and 55-1 (Default Judgments).

19   Despite having first communicated with Capital One's counsel on June 27, 2011 and

20   engaged in numerous discussions over phone and email since that date, Plaintiff made no

21   effort to contact Capital One's counsel about his Motion for Default.  So Decl. ¶ 7.

22   Plaintiff's filing of the Motion for Default appears to be part of a "gotcha" effort that

23   creates the unnecessary motion practice that Local Rule 7-4 is designed to avoid.

24        The Motion for Default Judgment also violates Local Rule 55-1, which requires a

25   declaration in compliance with Federal Rule of Civil Procedure 55(b)(1) and/or (2) and

26   includes in pertinent part: "(a) When and against what party the default was entered; (b)

27   The identification of the pleading to which default was entered … and (e) That notice

28

DOLL AMIR & ELEY LLP

-3-

OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT          CASE NO. CV11-04428 AHM (OPx)

1  has been served on the defaulting party, if required by F.R. Civ.P. 55(b)(2)." Local Rule

2  55-1.  Plaintiff cannot have complied with this Local Rule because no default has yet

3  been entered, and therefore, any accompanying declaration to Plaintiff's motion could

4  not have included the information required by this Court.

5         B.    The Court Should Decline To Consider The Motion For Default Judgment

6                Because No Default Has Been Entered.

7         Federal Rule of Civil Procedure 55 governs the entry of default judgment.

8  Specifically, Federal Rule of Civil Procedure 55(a) instructs the clerk to enter default

9  against a party whom has "failed to plead or otherwise defend" in the Action.

10  Fed.R.Civ.P. 55(a).  After the clerk has entered default, default judgment may then be

11  entered by the Court pursuant to Federal Rule of Civil Procedure 55(b)(2).  Fed.R.Civ.P.

12  55(b)(2).  As such, the entry of default by the clerk is a necessary "prerequisite to

13  an entry of default judgment."  *Vongrabe v. Sprint PCS,* 312 F.Supp.2d 1313, 1318

14  (S.D.Cal.2004); *see Pathak v. Omaha Steaks Int'l, Inc.*, 2011 WL 2939705 at *3 (C.D.

15  Cal. July 21, 2011).

16         Plaintiff filed his Motion For Default Judgment on July 22, 2011.  At that time,

17  and as of the date of this Opposition, the Court Clerk has not entered default against

18  Capital One.  As such, Plaintiff's motion is premature and should be denied.

19         C.    Even If The Court Considers Plaintiff's Motion, It Should Be Denied

20                Because Capital One Demonstrated Intent To Defend The Suit.

21         Rule 55 of the Federal Rules of Civil Procedure provides that when a party "has

22  failed to plead or otherwise defend ... the clerk must enter the party's default."

23  Fed.R.Civ.P. 55(a).  Entry of default judgment is inappropriate if a defendant has filed a

24  response indicating its intent to defend the action.  *Direct Mail Specialists, Inc. v. Eclat*

25  *Computerized Technologies, Inc.,* 840 F.2d 685, 689 (9th Cir.1988). Capital One filed its

26  Answer on July 25, 2011, which clearly indicated its intent to defend this action.  (*See*

27  *Draper v. Coombs*, 792 F.2d 915, 924-25 (affirming denial of motion fo default

28

DOLL AMIR & ELEY LLP

-4-

DOLL AMIR & ELEY LLP

1  judgment where State filed answer late but delay did not prejudice plaintiff).

2        Capital One's position is further bolstered by the fact that prior to filing its

3  Answer, Plaintiff and Capital One had exchanged several communications about the

4  case. *See* So Decl., ¶¶ 3,4, Ex. B. "Normally, an appearance in an action 'involves

5  some presentation or submission to the court.' " *Direct Mail Specialists*, 840 F.2d at

6  689, quoting 10 C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 2683

7  at 430 (2d ed. 1983). "The appearance need not necessarily be a formal one, i.e., one

8  involving a submission or presentation to the court. In limited situations, informal

9  contacts between the parties have sufficed when the party in default has thereby

10 demonstrated a clear purpose to defend the suit. *Wilson v. Moore & Assoc., Inc.*, 564

11 F.2d 366, 369 (9th Cir. 1977), citing *H.F. Livermore Corp. v. Aktiengesellschaft*

12 *Gebruder Loepfe*, 432 F.2d 689 (D.C. Cir. 1970). Like the parties in *Livermore*, Plaintiff

13 and counsel for Capital One engaged in several meet and confer and settlement

14 discussions before Plaintiff, without any indication of previous intent to do so, filed the

15 Motion For Default Judgment. So Decl., ¶¶ 3, 4, 7, Ex. B; *see Livermore*, 432 F.2d at

16 692.

17       But because judgments by default are disfavored, "a court usually will try to find

18 that there has been an appearance by defendant." *Direct Mail Specialists*, 840 F.2d at

19 689, quoting Federal Practice & Procedure § 2683 at 433. In addition, in the Ninth

20 Circuit, "the general rule [is] that default judgments are ordinarily disfavored." *Eitel v.*

21 *McCool,* 782 F.2d 1470, 1472 (9th Cir.1986). "Cases should be decided upon their

22 merits whenever reasonably possible." *Id.* (explaining that the "strong policy underlying

23 the Federal Rules of Civil Procedure favors decisions on the merits."). As such, the

24 Ninth Circuit has held that it is not an abuse of discretion for a district court to deny a

25 motion for default where a party filed an answer late and the plaintiff has not shown

26 prejudice from the delay. *See, e.g., Draper v. Coombs,* 792 F.2d 915, 924-25 (9th Cir.

27 1986).

28

OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT      CASE NO. CV11-04428 AHM (OPx)

D.    This Court Should Deny The Motion For Default Judgment Because
Capital One Can Demonstrate Mistake, Inadvertence Or Excusable Neglect
In Filing A Late Answer.

Federal Rule of Civil Procedure 55(c) states that "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed.R.Civ.P. 55(c).  Rule 60(b) allows a court to relieve a party from a final judgment for several reasons, including "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1).

To conserve judicial resources and avoid future motion practice, Capital One asserts that default and default judgment should not be entered against Capital One because it will be able to show that it filed an untimely Answer due to mistake, inadvertence and/or excusable neglect.  Counsel for Capital One received a copy of the Summons and Complaint, along with the Notice of Acknowledgement, on or about June 30, 2011.  So Decl., ¶ 6.  Counsel for Capital One signed the Notice of Acknowledgment on or about July 5, 2011.  Eley Decl., ¶ 3.  The Notice was dated June 30, 2011, however, because that is the date on which counsel's office received the document.  *See id.*  Due to a calendaring error based on the date of signature, counsel for Capital One believed its deadline to file a responsive pleading was Tuesday, July 26, 2011.  So Decl., ¶ 5.  Pursuant to Federal Rule of Civil Procedure 12, the true deadline was Thursday, July 21, 2011.  *See* Fed.R.Civ.P. 12(a)(1)(A)(i) (defendant must serve an answer within 21 days after being served with the summons and complaint).

Upon realizing this inadvertent error, Capital One filed its Answer on Monday, July 25, 2011 — two business days after the July 21 deadline.  Plaintiff has not shown any prejudice as a result of this delay.  *See generally*, Affidavit of Competency.  Given that Capital One's error was inadvertent, unintentional and did not prejudice Plaintiff, an entry of default or default judgment should later be set aside.

DOLL AMIR & ELEY LLP

-6-

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Defendant Capital One respectfully requests that this Court deny Plaintiff's Motion For Default Judgment.

Dated:  August 1, 2011                **DOLL AMIR & ELEY LLP**

                                      /s/ *Hemmy So*_____.
                                         Hemmy So
                                      Attorneys for Defendant:
                                      CAPITAL ONE BANK (USA), N.A.
                                      Email: HSo@DollAmir.com

DOLL AMIR & ELEY LLP

-7-

OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT          CASE NO. CV11-04428 AHM (OPx)

DOLL AMIR & ELEY LLP

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is **1888 Century Park East, Suite 1850, Los Angeles, California 90067**.

On August 1, 2011, I served the foregoing document described as **DEFENDANT CAPITAL ONE BANK (USA), N.A.'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** on the interested parties in this action by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

### SEE ATTACHED SERVICE LIST

☐ **BY REGULAR MAIL:**I deposited such envelope in the mail at 1888 Century Park East, Suite 1850, Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE MACHINE:** I transmitted a true copy of said document(s) by facsimile machine, and no error was reported.  Said fax transmission(s) were directed as indicated on the service list.

☒ **BY OVERNIGHT DELIVERY:**Icaused such documents to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressees.  The envelope or package was deposited with delivery fees thereon fully prepaid.

☐ **BY ELECTRONIC MAIL:** I transmitted a true copy of said document(s) via electronic mail, and no error was reported. Said email was directed as indicated on the service list.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 1, 2011, at Los Angeles, California.

/s/ *Felicia Dorng*

Felicia Dorng

**DOLL AMIR & ELEY LLP**

1

**SERVICE LIST**

2

3    Deon L. Thomas                              T: (951) 413-9071
     14626 Red Gum Street                        F: (951) 242-7015
4    Moreno Valley, CA 92555                     Dlthomas32@gmail.com
                                                 *Plaintiff in Pro Se*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28