Harvey M. Moore, Esq. SBN 101128
Terri Lazo, Esq. SBN 228663
The Moore Law Group, APC
3710 S Susan Street, Suite 210
Santa Ana, CA 92704
(714) 431-2050
Attorneys for Defendant
Bleier & Cox, LLP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEON L. THOMAS, | ) | Case No.:  2:11-cv-04428 AMH(OPx) |
| | ) | |
| Plaintiff | ) | **JOINT RULE 26(f) REPORT &** |
| v. | ) | **PROPOSED DISCOVERY PLAN** |
| | ) | |
| BLEIER & COX, LLP; et al., | ) | Scheduling Conference: 10/3/2011 |
| | ) | Time:  1:30 p.m. |
| Defendants | ) | Courtroom: 14 |
| | ) | Judge: Hon.  A. Howard Matz |
| | ) | |
| | ) | |
| | ) | |

///
///
///
///
///

1

Pursuant to Federal Rule of Civil Procedure Rule 26(f), the parties having meet and conferred per local and federal rules, submit the following Joint Rule 26(f) Report and Proposed Discovery Plan.

**A.    A short statement of the claims, counterclaims, and affirmative defenses, not to exceed three (3) pages.**

Plaintiff Deon Thomas ("Plaintiff") alleges that Defendant Bleier & Cox, LLP ("Bleier & Cox"), Co-Defendant NCO Financial Systems, Inc. ("NCO"), and Co-Defendant Capital One et al.(" Capital One"), violated numerous provisions of the federal Fair Debt Collection Practices Act ("FDCPA"), violated numerous provisions of the Fair Credit Reporting Act ("FCRA"), committed willful and negligent noncompliance pursuant to 15 U.S.C. 1681 et seq., and violated Plaintiff's civil rights in their attempts to collect an alleged consumer debt from Plaintiff.  Plaintiff alleges he is entitled to statutory damages, actual damages, attorneys fees and costs under the FDCPA and the FCRA.

Bleier & Cox, NCO and Capital One, each deny Plaintiff's allegations and contest Plaintiff's damages claims.

**B.    A brief description of the key legal issues.**

The primary legal issue is whether Bleier & Cox and NCO committed the alleged conduct and whether the alleged conducted violated the FDCPA, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; and whether Capital

RULE 26(f) REPORT & PROPOSED DISCOVERY PLAN

One violated the FCRA, which was enacted to ensure accuracy and fairness in credit reporting.

The key legal issue presented with respect to Plaintiff's claim against Capital One is whether it violated FCRA Section 1681s-2 by failing, after receiving notice of dispute from a credit reporting agency, to conduct a reasonable investigation with respect to information disputed by Plaintiff.

**C.     A discussion of the likelihood of motions seeking to add other parties or claims, file amended pleadings, or transfer venue.**

Bleier & Cox, NCO and Capital One do not anticipate filing an amended pleading adding other parties or moving to transfer venue. Plaintiff reserves the right to file an amended complaint adding additional causes of action and other parties.

**D.   Insurance Coverage:**

Capital One maintains a blended professional liability insurance policy. Capital One does not expect insurance coverage to impact this litigation.  NCO maintains professional liability insurance.  NCO does not expect insurance coverage to impact this litigation. Bleier & Cox maintains professional liability insurance.  Bleier & Cox does not expect insurance coverage to impact this litigation.

**E.     A discussion of discovery and experts pursuant to Rule 26(f).**

The Parties agree to conduct discovery per the Federal Rules of Civil Procedure guidelines and constraints.  The parties believe that any information pertaining to the

3

communication between Plaintiff and Defendants, and each of them, both written and oral, will need to be discovered.

Plaintiff desires to limit the number of written discovery requests to a maximum of: thirty (30) interrogatories by each party to any other party; thirty (30) request for admissions by each party to any other party; thirty (30) requests for production for documents by each party; and six (6) depositions to be taken by each party, excluding, excluding expert depositions.

1)      Plaintiff's discovery will be directed toward all of Bleier & Cox's, NCO's, and Capital One's contacts with Plaintiff.   Plaintiff will also conduct discovery into Defendants' affirmative defenses.  Plaintiff intends to conduct numerous depositions.

2)      Plaintiff specifically wants the Court to know that he intends to file discovery motions as they are relevant to cross examine/depose all persons that the Defendants Capital One, Bleier & Cox and NCO provide as witnesses, expert witnesses, and or persons having knowledge of any alleged accounts or information  or documentation pertinent to this action or to the Plaintiff.  Plaintiff also intends to file discovery motions of any matter relevant to the violations of Defendants Capital One, Bleier & Cox and NCO involved in the action, and evidence discovered that may be admissible in trial.

3)      Bleier & Cox's discovery will be directed toward Plaintiffs' allegations and damages.   Defendant may take depositions and propound discovery.

4)      NCO's discovery will be directed toward Plaintiff's allegations and damages. Co-Defendant NCO may take Plaintiff's deposition and propound discovery to Plaintiff.

5)      Capital One anticipates that it will conduct discovery regarding Plaintiff's FCRA claim, including but not limited to Plaintiff's Capital One account, communications between Plaintiff and Capital One; communications between Plaintiff and any credit reporting agencies; Plaintiff's credit reports; and Plaintiff's claim for damages. Capital One plans to depose Plaintiff. Capital One may depose corporate representatives of the credit reporting agencies if necessary.

6)      Expert witness disclosures: The parties agree to the time for expert witness disclosures set forth in FRCP 26(a)(2)(C).

7)      Electronically stored information: The parties have not identified nor anticipate issues to arise relating to the identification, maintenance and production of electronically stored information. The parties have made no formal agreements relating to this topic.

8)      Discovery conducted thus far: The parties have not yet conducted discovery.

9)      Discovery Limitations: Bleier & Cox, NCO and Capital One intend to file discovery motions to limit the scope of discovery to the facts alleged in this case and to not allow discovery of Bleier & Cox's, NCO's, and Capital One's, respective, employee training program and employee supervision practices which is irrelevant, not likely to lead to admissible evidence, and overly burdensome; or any other protected documents. Bleier

RULE 26(f) REPORT & PROPOSED DISCOVERY PLAN

& Cox, NCO, and Capital One, all anticipate the need for a Stipulated Protective Order and Confidentiality Agreement as to any respective account notes or documents which are determined relevant and discoverable.  Capital One may move for a protective order regarding certain confidential and proprietary information requested in discovery.

Plaintiff requests the following discovery limitation: Plaintiff intends to file discovery motions to limit the scope of discovery to the facts alleged in this case and to not allow discovery to go beyond the scope of the complaint, which will not likely to lead to any admissible evidence, and which is overly burdensome;  Plaintiff anticipates the need for a Stipulation Protective Order.

**F.    A description of any issues which may be resolved by motions for summary judgment.**

Plaintiff, Bleier & Cox, NCO, and Capital One, all believe that liability could be determined in a motion for summary judgment.

**G.    A brief description of settlement discussions to date, and the settlement selection pursuant to Local Rule 16.**

The parties have discussed settlement in good faith and were unable to reach an agreement. The parties consent to use a magistrate judge for a settlement conference.

**H.    A realistic time estimate required for trial and whether it will jury or court.**

Plaintiff has requested a jury trial and anticipates a 2or 3 day trial.

6

Bleier & Cox, NCO and Capital One are not requesting a jury trial.  They anticipate a 2 to 3 day bench trial or a 1 week jury trial if Plaintiff continues to request a jury trial.

**I.    Proposed dates.**

The parties have discussed and agreed on the following dates:

1)    Fact discovery cut-off = March 16, 2012

2)    Expert Witness Disclosure = February 30, 2011

3)    Rebuttal Expert Witness Disclosure = March 23, 2012

4)    Expert discovery cut-off = April 30, 2012

5)    Motion hearing date cut-off = May 15, 2012

6)    Pre-trial conference = May 31, 2012

7)    Trial = June 11, 2012

**J.    Any other matters affecting the status of the case.**

Defendants request leave for telephonic appearance of  their Witnesses at the Settlement Conference.

**K.    Disclosure By Corporate Parties**

Capital One filed the "Certification of Interested Entities or Persons" on July 27, 2011.  As stated in the certification, Capital One believes that the following listed persons (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could

7

substantially be affected by the outcome of this proceeding: Capital One Financial

Corporation.

NCO filed a Corporate Disclosure Statement on June 23, 2011.  NCO believes that

the following listed persons (i) have a financial interest in the subject matter in controversy

or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or

in a party that could substantially be affected by the outcome of this proceeding: NCO

Financial Systems, Inc., JDR Holdings, Inc., Compass International Services Corporation,

NCO Group, Inc.

Bleier & Cox filed the "Certification of Interested Entities or Persons" on or about

July 13, 2011.  As stated in the certification, Capital One believes that the following listed

persons (i) have a financial interest in the subject matter in controversy or in a party to the

proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could

substantially be affected by the outcome of this proceeding: Bleier & Cox, LLP.

**L.      Patent Cases.**

Not applicable.

**M.      Consent to Magistrate Judge.**

Plaintiff does not consent to a magistrate judge other than for the Settlement

Conference.

///

///

8

It is so respectfully submitted by:

Date:  September 19, 2011         DEON THOMAS

_____

Deon Thomas
Plaintiff in Pro Per

Date:  September 19, 2011         THE MOORE LAW GROUP

_____

Harvey Moore, Esq.
Terri Lazo, Esq.
Attorneys for Defendant
Bleier & Cox, LLP

Date:  September 19, 2011         SESSIONS, FISHMAN, NATHAN, & ISRAEL LLP

    /s/ Debbie Kirkpatrick_____

Debbie P. Kirkpatrick, Esq.
Attorneys for Defendant
NCO Financial Systems, Inc.

Date: September 19, 2011         DOLL AMIR & ELEY LLP

    /s/ Hemmy So_____

Hunter R. Eley, Esq.
Hemmy So, Esq.
Attorney for Defendant
Capital One Bank (USA), N.A.

9

# CERTIFICATE OF SERVICE

I, Terri Lazo, do hereby certify that on September 19, 2011, a copy of the forgoing document was sent by electronic mail to:

Deon L. Thomas
14626 Red Gum Street
Moreno Valley, CA 92555
Dlthomas32@gmail.com

Debbie P. Kirkpatrick, Esq.
Sondra R. Levine, Esq.
Sessions, Fishman, Nathan, & Israel, LLP
1545 Hotel Circle South, Suite 150
San Diego, CA 92108-3426
dkirkpatrick@sessions-law.biz

Hemmy So, Esq.
Doll Amir & Eley LLP
1888 Century Park East
Suite 1850
Los Angeles, CA 90067
HSo@Dollamir.com

TERRI LAZO