```
 1  Deon L. Thomas, Pro Se'
    14626 Red Gum Street
 2  Moreno Valley, CA 92555
 3  951-413-9071/951-242-7015
    dlthomas32@gmail.com
 4
 5
 6              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
 7                                  )
 8  Deon L. Thomas  Pro Se'          )
    Plaintiff                        )
 9                                   )
10  V.                               )
                                     )  Case No: 2:11-cv-04428 AHM (opX)
11                                   )
    Bleier & Cox LLP                 )  JOINT RULE 26(f) REPORT &
12  Defendant                        )  PROPOSED DISCOVERY PLAN
                                     )
13  Co-Defendants                    )
                                        Scheduling Conference: 10/3/2011
14  NCO Financial Systems, Inc., CAPITAL ONE,
                                     )  Time: 1:30 p.m.
    aka
                                        Courtroom: 14
15  CAPITAL ONE, NATIONAL ASSOCIATION,
                                        Judge: Hon. A. Howard Matz
    CAPITAL ONE FINANCIAL CORP., CAPITAL
16  ONE BANK (USA), N. A., Capital One Bank
17  (USA), N.A. ("COBUSANA")
    Does 1 through 10
18
```

FILED
2011 SEP 19 AM 11:28
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

Pursuant to Federal Rule of Civil Procedure Rule 26(f), the parties having meet and confer per local and federal rules, submit the following Jont Rule 26(f) Report and Proposed Discovery Plan.

**A.  short statement of the claims, counterclaims, and affirmative defenses, not to exceed three (3) pages.**

Plaintiff Deon Thomas ("Plaintiff') alleges that Defendant Bleier & Cox, **LLP** ("Bleier & Cox"), Co-Defendant NCO Financial Systems, Inc. ("NCO"), and Co- Defendant Capital One et al.("Capital One"), violated numerous provisions of the federal Fair Debt Collection Practices Act ("FDCPA"), violated numerous provisions of the Fair Credit Reporting Act ("FCRA"), committed willful and negligent noncompliance pursuant to 15 U.S.C. 1681 et seq., and violated Plaintiff's civil rights in their attempts to collect an alleged consumer debt from Plaintiff.  Plaintiff alleged he is entitled to statutory damages, actual damages, attorneys fees and costs under the FDCPA and the FCRA.

Bleier & Cox, NCO and Capital One , each deny Plaintiff's allegations and contest Plaintiff's damage claims.

**B.  A brief description of the key legal issues.**

The primary legal issue is whether Bleier & Cox, NCO and Capital One ,committed the alleged conduct and whether the alleged conducted violated the FDCPA, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; and whether

Capital One violated the FCRA, which was enacted to ensure accuracy and fairness in credit reporting.

The key legal issue presented with respect to Plaintiff's claim against Capital One is whether it violated FCRA Section 1681s-2 by failing, after receiving notice of dispute from a credit reporting agency, to conduct a reasonable investigation with respect to information disputed by Plaintiff.

**C.     A discussion of the likelihood of motions seeking to add other parties or claims, file amended pleadings, or transfer venue.**

Bleier & Cox, NCO and Capital One, do not anticipate filing an amended pleading adding other parties or moving to transfer venue. Plaintiff reserves the right to file an amended pleading adding additional causes of action and other parties.

**D.     Insurance Coverage:**

Capital One maintain a blended professional liability insurance policy. Capital One does not expect insurance coverage to impact this litigation. NCO maintain a blended professional liability insurance. NCO does not expect insurance coverage to impact this litigation. Bleier & Cox maintain a blended professional liability insurance. Bleier & Cox does not expect insurance coverage to impact this litigation.

**E.     A discussion of discovery and experts pursuant to Rule 26(f).**

The parties agree to conduct discovery per the Federal Rule of Civil Procedure guidelines and constraints. The parties believe that any information pertaining to the communication between Plaintiff and Defendants, both written and oral, will need to be discovered.

Plaintiff desires to limit the number of written discovery request to a maximum of: thirty (30) interrogatories by each party to any other party; thirty (30) request for admissions by each party to any other party, thirty (30) requests for production for documents by each party, with all responses due within thirty (30) days after service; A maximum of six (6) six depositions to be taken by each party, excluding expert deposition.

1) Plaintiff's discovery will be directed toward all of Bleier & Cox, NCO and Capital One's contacts with Plaintiff. Plaintiff will also conduct discovery into Defendant's affirmative defenses.

2) Bleier & Cox discovery will be directed toward Plaintiffs' allegations and damages. Defendant may take depositions and propound discovery.

3) NCO discovery will be directed toward Plaintiffs' allegations and damages. . Defendant may take depositions and propound discovery.

4) Expert witness disclosures: The parties agree to the time for expert witness disclosures set forth in FRCP 26(a)(2)(C).

5)   Capital One anticipates that it will conduct discovery regarding Plaintiff's FCRA claim, including but not limited to Plaintiff's Capital One account, communications between Plaintiff and Capital One; communication between Plaintiff and any credit reporting agencies; Plaintiff's credit reports; and Plaintiff's claims for damages.  Capital One plans to depose Plaintiff. Capital One may depose corporate representatives of the credit reporting agencies if necessary.

6)   Electronically stored information:  The parties have not identified nor anticipate issues to arise relating to the identification, maintenance and production of electronically stored information.  The parties have made no formal agreements relating to the topic.

7)   Plaintiff intend to file discovery as they are relevant to cross examine/depose all persons that Capital One, Bleier & Cox and NCO provides as witnesses, expert witnesses, and or persons having knowledge of any alleged accounts or information or documentation pertinent to this action or to the Plaintiff.

8)   Discovery conducted thus far:  The parties have not yet conducted discovery.

9)   Discovery Limitations:  Bleier & Cox, NCO, and Capital One intend to file discovery motions to limit the scope of discovery to the facts alleged in this case and to not allow discovery of  Bleier & Cox's, NCO's, and Capital One's ,

respective, employee training program and employee supervision practices which is irrelevant, not likely to lead to admissible evidence, and overly burdensome; or any other protected documents. Bleier & Cox, NCO, and Capital One all anticipate the need for a Stipulated Protective Order and Confidentiality Agreement as to any respective account notes or documents which are determined relevant and discoverable. Capital One may move for a protective order regarding certain confidential and proprietary information requested in discovery.

  10) Plaintiff intend to file discovery motions to limit the scope of discovery to the fact only alleged in this case and to not allow discovery to go beyond the scope of the complaint, which is irrelevant, inadmissible, and overly burdensome. Plaintiff anticipate the need for a Stipulation of Protective Order.

**F.    A description of any issues which may be resolved by motions for summary judgment.**

  Plaintiff, Bleier & Cox, NCO and Capital One, all believe that liability could be determined in a motion for summary judgment.

  Plaintiff anticipates that a motion in opposition may be appropriate in the event that a motion for summary judgment is filed by Bleier & Cox, NCO or Capital One as prompt discovery will demonstrate on the record, clear genuine issues of material fact, precluding summary judgment.

**G.     A brief description of settlement discussion to date, and the settlement selection pursuant to Local Rule 16.**

The parties have discussed settlement in good faith and were unable to reach an agreement.  The parties consent to use a magistrate judge for a settlement conference.

**H.     A realistic time estimate required for trial and whether it will be jury or court.**

Plaintiff has requested a jury trial and anticipates a (2) or (3) day trial.

Bleier & Cox, NCO or Capital One are not requesting a jury trial.  They anticipate a 2 or 3 day bench trial or a 1 week jury trial if Plaintiff continues to request a jury trial.

**I.     Proposed dates.**

The Plaintiff have discussed and agreed on the following dates:

1)   Fact discovery cut-off= January 9, 2012

2)   First expert exchange = December 19, 2011

3)   Second expert exchange = January 23, 2012

4)   Expert discovery cut-off = February 13, 2012

5)   Motion hearing date cut-off = February 20, 2012

6)   Pre-trial conference = March 19, 2012

7)   Trial = April 9, 2012

## **CERTIFICATE OF SERVICE**

I Deon L. Thomas do hereby certify that on September 19, 2011, I served the **JOINT RULE 26(f) REPORT & PROPOSED DISCOVERY PLAN** upon the Clerk of the Court

*[signature]*
Deon L. Thomas
14626 Red Gum St.
Moreno Valley, CA 92555
951-242-7015/951-413-9071
<dlthomas32@gmail.com>