Deon L. Thomas, Pro Se'
14626 Red Gum Street
Moreno Valley, CA 92555
951-413-9071/951-242-7015
dlthomas32@gmail.com

FILED
CLERK, U.S. DISTRICT COURT
OCT 21 2011
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Deon L. Thomas  Pro Se'
Plaintiff

V.

Bleier & Cox LLP
Defendant

Co-Defendants:
NCO Financial Systems, Inc.,
CAPITAL ONE BANK (USA), N. A
Does 1 through 10

Case No: 2:11-cv-04428 AHM (opX)

STIPULATION TO AMEND
COMPLAINT; ~~ORDER THEREON~~

1. WHEREAS Plaintiff filed its First Amended Complaint in this matter on June 16, 2011.
2. WHEREAS Plaintiff contends he had discovered new information concerning Defendant Bleier & Cox, LLP and NCO Financial Systems, Inc., and desires to amend his Complaint as to these parties concerning Claims under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq., and the California Civil Code § 1788, et seq. Additionally, Plaintiff contends he has discovered new information concerning Defendant Bleier & Cox, LLP and NCO Financial Systems, Inc. and desires to amend his Complaint as to these parties concerning claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

1

Certified Mail # 7010 0780 0000 3365 9547

3. WHEREAS Defendants have consented to Plaintiff amending its Second Amended Complaint.

THEREFORE the parties hereby stipulate to the filing of the Second Amended Complaint attached hereto as Exhibit 1…

So Ordered:

                                                                                    The Hon. Judge A. Howard Matz
                                                                                    United States District Judge

So Stipulated:

DATE: 10-17-2011                                           Plaintiff

                                                                                    _____
                                                                                    Deon L. Thomas, Pro Se'

DATE: 10/17/2011                                          THE MOORE LAW GROUP

                                                                                    _____
                                                                                    Harvey M. Moore, Esq
                                                                                    Terri Lazo, Esq
                                                                                    Attorneys for Defendant
                                                                                    Bleier & Cox, LLP

DATE: 10/17/11                                              SESSION, FISHMAN, NATHAN & ISRAEL, LLP

                                                                                    _____
                                                                                    Debbie P. Kirkpatrick, Esq
                                                                                    Attorney for Co-Defendant
                                                                                    NCO Financial Systems, Inc.

2

DATE: 10/17/11

DOLL AMIR & ELEY LLP

_[signature]_

Hunter R. Eley, Esq.
Hemmy So, Esq
Attorneys for Defendant
Capital One Bank (USA), N.A.

Deon L. Thomas, Pro Se'
14626 Red Gum Street
Moreno Valley, CA 92555
951-413-9071/951-242-7015
dlthomas32@gmail.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deon L. Thomas Pro Se' <br> Plaintiff <br><br> V. <br><br> Bleier & Cox, LLP, NCO Financial System, Inc., Capital One Bank USA N.A. <br> Defendant <br><br> Does 1 through 10 | **SECOND AMENDED COMPLAINT** <br><br> **Violations of:** <br> Fair Credit Reporting Act 15 U.S.C. § 1681 et seq. <br> Fair Debt Collection Practice Act 15 U.S.C. §1692 <br> California Rosenthal Debt Collection Practice Act; California Civil Code § 1788 et seq. <br><br> **DEMAND FOR JURY TRIAL** |

TO THE CLERK OF THE COURT AND TO THE DEFENDANTS HEREIN:

## INTRODUCTION

**Comes now the** Plaintiff Deon L. Thomas ("hereinafter Plaintiff") :

1.  This lawsuit arises out of Defendant's Bleier & Cox, LLP, and NCO Financial System, Inc., violations of the Fair Debt Collection Practices Act, 15

U.S.C. §§ 1692 et seq. ("hereinafter FDCPA"), California Rosenthal Fair Debt Collection Practice Act, California Civil Code § 1788 et seq. (hereinafter "ROSENTHAL"), and violations of Defendant's Bleier & Cox, LLP, NCO Financial System, Inc., and Capital One Bank USA N.A. Fair Credit Reporting Act ("hereinafter FCRA") 15 U.S.C. §§ 1681 et seq.

2. Plaintiff brings this lawsuit to challenge the actions and inactions of Defendant's Bleier & Cox, LLP, NCO Financial System, Inc., and Capital One Bank USA N.A with regard to attempts by Defendants to unlawfully collect an allegedly owed debt by Plaintiff, and the conducts caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to plaintiff, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited. Unless otherwise stated, the conducts engaged in by Defendants Bleier & Cox, LLP, NCO Financial System, Inc., and Capital One Bank USA N.A took place in California.

5. Any violations by Defendants Bleier & Cox, LLP, NCO Financial System, Inc., and Capital One Bank USA N.A knew, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## PRELIMINARY STATEMENT

6. This is an action for damages; damages for violation of the FCRA; damages for violation of the FDCPA; damages for violation of the, ROSENTHAL.

## JURISDICTION and VENUE

7. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d), §1681p, subject matter jurisdiction properly founded upon 28 U.S.C. § 1331, supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C § 1367, and also lies in 28 U.S.C 1332, because the parties citizenship is diverse and the amount in controversy exceeds $75, 000.00.

8. The venue is proper in the District because the act occurred here, and Plaintiff resides here.

9. Venue is proper at all times relevant, because Defendants Bleier & Cox, LLP, NCO Financial System, Inc., and Capital One Bank USA N.A conducted business within the this District, and Defendant collection communications of alleged debt were received within this District.

10. Thus, establishing proper jurisdiction and venue of this honorable court.

## PARTIES

11. At all times hereinafter mentioned, The Plaintiff a natural person and a resident of State of California in County of Riverside.

12. The Defendants in this lawsuit are as follows:

13. The Defendants Bleier & Cox, LLP and NCO Financial System, Inc., is a person who principle purpose is to use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase as defined by the Fair Debt Collection Practice Act (FDCPA) §1692a(6).

14. The Defendant Capital One Bank USA N.A, is a Credit lender/Information provider as contemplated by FCRA section 1681s-2(a) & (b), (n) & (o) to the three national credit reporting agencies Trans Union, Experian, and Equifax.

15. Defendant Bleier & Cox, LLP (hereinafter "Bleier") is a law firm, serving Los Angeles, California, whose primary business is debt collection and litigation, located at 16130 Ventura BLVD, Ste 620, Encino, CA. 91436.

16. NCO Financial System, Inc. (hereinafter "NCO") is a junk debt buyer and debt collector, has a corporate office located at 507 Prudential Road, Horsham, PA 19044-2308.

17. Capital One Bank USA N.A. (hereinafter "Cap"), are Credit lender/Information provider, corporate office located 15000 Capital One Drive, Richmond, VA 23238.

18. Plaintiff is ignorant of the true names or capacities of the defendants sued herein under the fictitious names of DOES 1 through 10 inclusive. Each of the fictitiously named Doe Defendants is responsible in some manner for the wrongdoing alleged herein and is liable for the damages recoverable by Plaintiff. Plaintiff shall amend this Complaint accordingly to substitute the true names and capacities of DOES 1 through 10 if and when ascertained.

## STATEMENT OF FACTS

19. On or about Dec. 3, 2010 the Plaintiff received copies of his credit reports from the three national credit reporting agencies Trans Union, Experian and Equifax found, and found entries by entities that he was unfamiliar with in the reports.

20. Plaintiff determined that his consumer credit report had been pulled on various occasions by various entities he did not recognize and without his expressed consent.

21. On or about Feb. 28, 2011 Plaintiff join a credit monitoring service named "Privacy Guard" to monitor the national reporting agencies, Trans Union, Experian, and Equifax.

22. Plaintiff found after examination of his Trans Union consumer credit report that Defendant NCO had pulled Plaintiff's Trans Union consumer credit report in May of 2010 and July of 2010.

23. Plaintiff also found after examination of his Trans Union consumer credit report that Defendant Bleier had pulled Plaintiff's Trans Union consumer credit report in January of 2010.

24. Discovery of violation FCRA, 15 U.S.C. § 1681b brought forth herein occurred in May of 2010, July of 2010 and January of 2011, are within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

25. NCO sent a collection notice to the Plaintiff of an alleged debt that was owed to Cap, and notice was on or about Nov. 2, 2010. NCO initial notice to plaintiff on this day offered a settlement of 55%, which confused Plaintiff of his rights to validate, within 30 days of contact.

26. Plaintiff sent a cease and desist notice as well as a dispute and demand for validation of the alleged debt to NCO, on or about Nov. 22, 2010, sent by Certified Mail Return Receipt # 7010 0780 0000 3363 9791, and received by NCO on or about Nov. 26, 2011.

27. NCO sent a second letter to Plaintiff, received on or about Jan. 19, 2011, stating "according to our files, we have not reported to any credit bureaus". In the letter at the bottom of page it stated "this is an attempt to collect a debt. Any information obtained will be used for that purpose". This constitutes continued collection activity from a debt collector without validating the alleged debt, from letter they received for validation on or about Nov. 26, 2011.

28. Bleier sent a collection notice to the Plaintiff of an alleged debt that was owed to Cap, and notice was on or about Dec. 22, 2010. In Bleier initial contact

notice, they reference litigation, in which over-shadowed Plaintiff rights within the FDCPA and state laws.

29. Plaintiff sent a cease and desist notice as well as a dispute and demand for validation of the alleged debt to Bleier on or about Jan. 14, 2011.

30. Plaintiff sent another cease and desist notice as well as a dispute and demand for validation of the alleged debt to Bleier on or about March 1, 2011, sent by Certified Return Receipt # 7010 0780 0000 3364 9356, which the Defendant received on or about March 3, 2011.

31. Bleier sent a second notice to plaintiff on or about May 15, 2011, which did not provide Plaintiff any validation. In this letter it stated "this is an attempt to collect a debt. Any information obtained will be used for that purpose". This constitutes continued collection activity from a debt collector without validating the alleged debt.

32. Upon review the Plaintiff found that Cap has been reporting erroneous and inaccurate information in all three Credit Reporting Agencies, Trans Union, Experian, and Equifax indicating an alleged debt due to them.

33. The Plaintiff contacted the three national credit reporting agencies; Experian, Equifax, and Trans Union, via the U.S Postal Service with a "Letter of Dispute" to have them investigate the erroneous and inaccurate reporting by Cap. The letters were also sent by U.S Postal Service Certified Mail, with return receipts as follows:

34. **Trans Union**, the Plaintiff disputed the erroneous and inaccurate information of Cap via U.S. Postal Service Certified Mail Return Receipt on March 7, 2011 and said letter was received on March 10, 2011.

35. **Experian,** the Plaintiff disputed the erroneous and inaccurate information of Cap via U.S. Postal Service Certified Mail Return Receipt on March 7, 2011 and said letter was received on March 10, 2011.

36. **Equifax,** the Plaintiff disputed the erroneous and inaccurate information via U.S. Postal Service Certified Mail Return Receipt on March 7, 2011 and said letter was received on March 11, 2011.

37. All Credit Reporting Agencies listed above sent a consumer disclosure to Plaintiff stating that they have contacted the Cap "Confirm" that the information is being reported correctly and "Verified". The Plaintiff can show, the Cap did not conduct a reasonable investigation once they were contacted by CRA's.

38. Cap must inform the Three Major Credit Reporting Agencies that the alleged account of Plaintiff is "Disputed", which the Defendant has not done.

39. The Plaintiff can prove beyond doubt; (1) that he filed a Dispute with the CRA's concerning the inaccuracy of information furnished by Cap; (2) that Cap was notified of a dispute by the CRA's about Plaintiff's dispute; (3) that Cap was notified of Disputes of inaccurate and erroneous information by Plaintiff; and (4) that Cap failed to conduct a corresponding reasonable investigation concerning the Plaintiff's dispute, failed to mark plaintiff accounts in dispute, and failed to provide any proof of the alleged account they sent to CRA's.

40. Cap failure to indicate in any of the Plaintiff credit reports are in disputed, and reporting erroneous and inaccurate information after being notified by the credit reporting agencies, gives Plaintiff a private cause of action under FCRA section 1681n and 1681o.

41. The actions, inaction, misrepresentation, omission and violation of the federal and state laws by Bleier, NCO and Cap, regarding the Plaintiff's disputed account, as described herein, constitute harassment. As such, has resulted in the willful, negligent and intentional infliction of mental distress, and public humiliation, with damages to credit report, credit score, of which Plaintiff will in the future continue to suffer.

42. The Plaintiff demands relief.

## Count I

## VIOLATION OF THE FCDPA 15 U.S.C. § 1692

### By Defendants Bleier and NCO

43. *Plaintiff re-alleges the allegation set forth in paragraph 1-42.*

44. Plaintiff is a consumer pursuant to 15 U.S.C. § 1692a(3)

45. Bleier and NCO are debt collectors pursuant to 15 U.S.C. § 1692a(6)

46. Bleier and NCO violated 15 U.S.C § 1692e(2) by the use of any false and representation of character, amount, or legal status of the alleged debt. The Plaintiff demands $1,000.00.

47. Bleier and NCO violated 15 U.S.C § 1692e(10) by the use of false representation or deceptive means to collect or attempt to collect a alleged debt or obtain information concerning a consumer. The Plaintiff demands $1,000.00.

48. Bleier and NCO violated 15 U.S.C § 1692g(b) Collectors must cease collection efforts until debt is validated. The Plaintiff demands $1,000.00.

49. Bleier and NCO violated 15 U.S.C § 1692c(c) after written notification that consumer refuses to pay debt or that consumer wants collector to cease communication. If such notice from the consumer is made by mail, notification shall be complete upon receipt. The Plaintiff demands $1,000.00.

50. Due to the repeated and continuing violation of the FDCPA, Plaintiff is entitled to actual and statutory damages under 15 U.S.C § 1692(k).

**WHEREFORE,** Plaintiff demands judgment for damages against Bleier and NCO for actual or statutory damages in the amount of $4,000., and punitive damages, and attorney's fees, pursuant to 15 U.S.C. § 1692(k).

## Count II
## VIOLATION OF THE ROSENTHAL CAL. CIVIL CODE *§ 1788 et seq.*
### By Defendants Bleier and NCO

*51. Plaintiff re-alleges the allegation set forth in paragraph 1-50.*

52. Pursuant to 1788.2(C) Bleier and NCO are debt collectors, means any person who in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection.

53. Bleier and NCO are subject to the Rosenthal Fair Debt Collection Act (Civil Code § 1788-§ 1788.33 et. seq.)

54. Bleier and NCO violated 15 U.S.C § 1692e(10), as incorporated by Rosenthal 1788.17, the use of any false and representation or deceptive means to collect or attempt to collect a alleged debt or obtain information concerning a consumer. Plaintiff demands statutory damages in the amount of $1000 per credit report, each month Defendant violated the act.

55. Bleier violated Rosenthal 1788.13(j) false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made. Plaintiff demands statutory damages in the amount of $1000 per credit report, each month Defendant violated the act.

56. Bleier and NCO violated Rosenthal 1788.13(l) any communication by a license collection agency to a debtor demanding money unless the claim is

actually assigned to the collection agency. Plaintiff demands statutory damages in the amount of $1000 per credit report, each month Defendant violated the act.

57.   Bleier and NCO violated 15 U.S.C § 1692e(2) as incorporated by Rosenthal 1788.17, by the use of any false and representation of character, amount, or legal status of the alleged debt. Plaintiff demands statutory damages in the amount of $1000 per credit report, each month Defendant violated the act.

**WHEREFORE,** Plaintiff demands judgment against Bleier and NCO for actual or statutory and punitive damages, and attorney's fees pursuant to Cal. Civil Code § 1788.30(b)and(c).

## Count III
## VIOLATION OF THE FCRA 15 U.S.C. *§ 1681 et seq./ § 623*
## WILLFUL NON-COMPLIANCE NEGLIGENT NON-COMPLIANCE
### By Defendants Bleier and NCO

58.   *Plaintiff re-alleges the allegations set forth in paragraphs 1-57.*

59.   Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

60.   Trans Union is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

61.   Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

62.   The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

63.   Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

64. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from Bleier and NCO.

65. At no time did Plaintiff give his consent for Bleier and NCO, to acquire his consumer credit report from any credit reporting agency.

66. FCRA in 15 U.S.C. §1681a(r)(4) states: The terms "account" and "electronic fund transfer" have the same meanings as in section 1693a of this title.

(2) the term "account" means a demand deposit, savings deposit, or other asset account <u>(other than an occasional or incidental credit balance in an open end credit plan</u> as <u>defined in section 103(i) of this Act),</u> as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;

67. **<u>The definition of "account" clearly does not include an account such as a credit card open end credit account</u>** but does include a demand deposit account, savings deposit or other asset account which is wholly different. Bleier and NCO stated they were attempting to collect on an account with Cap where Plaintiff never had any such account so there was obviously no permissible purpose for the credit pull.

68. In May of 2010 and July of 2010 NCO obtained the Trans Union consumer credit report for the Plaintiff with no permissible purpose in violation of FCRA, 15 U.S.C. § 1681b.

69. In January of 2011 Bleier obtained the Trans Union consumer credit report for the Plaintiff with no permissible purpose in violation of FCRA, 15 U.S.C. § 1681b.

70. The action of Bleier and NCO obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a violation

of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

**WHEREFORE,** Plaintiff demands judgment against NCO for statutory in the amount of $ 2000.00 and Bleier for $1000.00, punitive damages to be determined by this honorable court, attorney's fees, and costs, pursuant to 15 U.S.C. § 1681(n), and 15 U.S.C. § 1681(o).

## Count VI
### VIOLATION OF THE FCRA 15 U.S.C. *§ 1681 et seq./ § 623*
### WILLFUL NON-COMPLIANCE NEGLIGENT NON-COMPLIANCE
### By Defendants Cap

71. *Plaintiff re-alleges the allegation set forth in paragraph 1-70.*

72. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. *§ 1681a(c).*

73. Cap is a furnisher of information within the meaning of the FCRA 15 U.S.C. *§ 1681s-2.*

74. Plaintiff had disputed the erroneous and inaccurate information with the three major credit bureaus Trans Union, Experian, and Equifax.

75. Cap received notification from credit reporting agencies that Plaintiff disputes the information they furnished, and failed to reasonably investigate.

76. Despite such disputes, Cap failed to reasonably investigate Plaintiff's disputes and has refused to indicate Plaintiff's account **as disputed**.

**WHEREFORE,** Plaintiff demands judgment against Cap for actual or statutory in the amount of $ 24,000.00, $1000.00 per credit report(x)3, each month on credit report x (8), and punitive damages, and attorney's fees pursuant to 15 U.S.C. § 1681(n), and 15 U.S.C. § 1681(o).

## Count V

## **VIOLATION OF THE FCRA 15 U.S.C. *§ 1681 et seq./ § 623*** 
## **By Defendants Cap**

77. *Plaintiff re-alleges the allegation set forth in paragraph 1-76.*

78. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

79. Cap is a furnisher of information within the meaning of the FCRA 15 U.S.C. *§ 1681s-2.*

80. Cap knew it possessed erroneous and inaccurate information, and consciously avoided such knowledge for over eight months. Cap continued the erroneous and inaccurate information in Plaintiff Credit Reports.

81. Plaintiff contends that the Cap has violated the FCRA by repeatedly and willfully issuing false, inaccurate and erroneous information in his credit reports month after month, resulting in damages to credit report, credit score, damaged reputation with public humiliation, credit delay, credit denial, financial loss, loss of use of funds.

**WHEREFORE,** Plaintiff demands judgment against Cap for actual or statutory in the amount of $ 24,000.00, $1000.00 per credit report(x)3, each month on credit report x (8), and punitive damages, and attorney's fees pursuant to 15 U.S.C. § 1681(n),and 15 U.S.C. § 1681(o).

### **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues as triable as matter of law

Date: Oct. 18, 2011

_____

Deon L. Thomas, Pro Se', Without Prejudice, All Rights Reserved
14626 Red Gum St.
Moreno Valley, CA 92555
951-242-7015/951-413-9071
<dlthomas32@gmail.com>

Page 13 of 13    EXHIBIT 1

SECOND AMENDED COMPLAINT

Deon L.Thomas v. Bleier& Cox, LLP

## CERTIFICATE OF SERVICE

Plaintiff is servicing this **STIPULATION TO AMEND; ORDER THERON AND SECOND AMENDED COMPLAINT-EXHIBIT 1**, to counsels and submits the same to the court of record on or about October 18, 2011.

*Deon L. Thomas*
Deon L. Thomas, Pro Se'
14626 Red Gum St.
Moreno Valley, CA 92555
951-242-7015/951-413-9071
<dlthomas32@gmail.com>