Debbie P. Kirkpatrick, Esq. (SBN 207112)
Sᴇssɪᴏɴs, Fɪsʜᴍᴀɴ, Nᴀᴛʜᴀɴ & Isʀᴀᴇʟ, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:   619/296-2013
dkirkpatrick@sessions-law.biz

Attorney for NCO Financial Systems, Inc.

UNITED STATES DISTRICT COURT

CENTRAL  DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON L. THOMAS, | Case No.  2:11-CV-04428 AHM (OPx) |
| Plaintiff, | |
| vs. | ANSWER OF NCO FINANCIAL SYSTEMS, INC. TO SECOND AMENDED COMPLAINT |
| BLEIER & COX, LLP, NCO FINANCIAL SYSTEMS, INC., CAPITAL ONE aka CAPITAL ONE, NATIONAL ASSOCIATION, CAPITAL ONE FINANCIAL CORP, CAPIAL ONE BANK (USA) N.A., | |
| Defendants. | |

Defendant, NCO Financial Systems, Inc. (hereinafter "NCO"), for itself

alone, responds to the Second Amended Complaint ("Complaint") filed by

Plaintiff, Deon L. Thomas ("Plaintiff"), as follows:

///

1.    NCO admits that Plaintiff purports to seek redress for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788, *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* as alleged at ¶ 1 of the Complaint, but NCO denies any and all liability or wrongdoing.  Except as expressly admitted, NCO denies the remaining allegations contained in ¶ 1.

2.    NCO admits that Plaintiff purports to seek redress for alleged "actions and inactions" of Defendants in connection with efforts to collect a debt from Plaintiff as alleged at ¶ 2 of the Complaint, but NCO denies any and all liability or wrongdoing.  Except as expressly admitted, NCO denies the remaining allegations contained in ¶ 2.

3.    NCO lacks sufficient information to answer the allegations contained in ¶ 3 of the Complaint, and based thereon denies the same.

4.    NCO admits that Plaintiff purports to seek redress for alleged violations of the FDCPA, Rosenthal Act, and FCRA as alleged at ¶ 4 of the Complaint, but NCO denies any and all liability or wrongdoing.  Except as expressly admitted, NCO denies the remaining allegations contained in ¶ 4.

5.    NCO denies  the allegations contained in ¶ 5 of the Complaint.

## **PRELIMINARY STATEMENT**

6.      NCO admits that Plaintiff seeks damages for alleged violations of the FDCPA, Rosenthal Act, and FCRA as alleged at ¶ 6 of the Complaint, but NCO denies any and all liability or wrongdoing and denies Plaintiff is entitled to damages from NCO in any amount whatsoever.   Except as expressly admitted, NCO denies the remaining allegations contained in ¶ 6.

## **JURISDICTION AND VENUE**

7.      NCO admits the allegations contained in ¶ 7 of the Complaint for jurisdiction purposes only.

8.      NCO admits the allegations contained in ¶ 8 of the Complaint for venue purposes only.

9.      NCO admits the allegations contained in ¶ 9 of the Complaint for venue purposes only.

10.     NCO admits the allegations contained in ¶ 10 of the Complaint for jurisdiction and venue purposes only.

## **PARTIES**

11.     NCO lacks sufficient information to answer the allegations contained in ¶ 11 of the Complaint, and based thereon denies the same.

Case 2:11-cv-04428-AHM -OP    Document 42    Filed 11/03/11    Page 4 of 16    Page ID #:403

12.    NCO is unable to meaningfully respond to the phrase at ¶ 12 of the Complaint.

13.    NCO admits that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6) its conduct may be governed by the applicable provisions of the FDCPA.  NCO further admits it engages in the business of debt collection and that its principal business is debt collection related services.  Except as expressly admitted, NCO denies the remaining allegations contained in ¶ 13 of the Complaint.

14.    NCO lacks sufficient information to answer the allegations contained in ¶ 14 of the Complaint, which relate to a party other than NCO, and based thereon denies the same.

15.    NCO lacks sufficient information to answer the allegations contained in ¶ 15 of the Complaint, which relate to a party other than NCO, and based thereon denies the same.

16.    NCO admits it engages in the business of debt collection and that its principal business is debt collection related services.  Except as expressly admitted, NCO denies the remaining allegations contained in ¶ 16 of the Complaint.

Answer of NCO Financial Systems, Inc. to Second Amended Complaint

4

17.     NCO lacks sufficient information to answer the allegations contained in ¶ 17 of the Complaint, which relate to a party other than NCO, and based thereon denies the same.

18.     NCO lacks sufficient information to answer the allegations contained in ¶ 18 of the Complaint, and based thereon denies the same.

## STATEMENT OF FACTS

19.     NCO lacks sufficient information to answer the allegations contained in ¶ 19 of the Complaint, and based thereon denies the same.

20.     NCO lacks sufficient information to answer the allegations contained in ¶ 20 of the Complaint, and based thereon denies the same.

21.     NCO lacks sufficient information to answer the allegations contained in ¶ 21 of the Complaint, and based thereon denies the same.

22.     NCO lacks sufficient information to answer the allegations contained in ¶ 22 of the Complaint, and based thereon denies the same.

23.     NCO lacks sufficient information to answer the allegations contained in ¶ 23 of the Complaint, and based thereon denies the same.

24.     NCO denies the allegations contained in ¶ 24 of the Complaint.

25.     NCO admits Capital One Bank (USA), N.A. placed Plaintiff's account ending in 4182 ("4182 Account") with NCO for collection on March 19, 2010.

NCO further admits account records reflect a letter was sent to Plaintiff on or about November 2, 2010 relating to the account. NCO denies the November 2, 2010 letter was an initial notice. Except as expressly admitted, NCO denies the remaining allegations contained in ¶ 25.

26.    NCO admits the allegations contained in ¶ 26.

27.    NCO admits its records relating to the 4182 Account reflect a letter was sent to plaintiff on or about January 19, 2011 to inform him the account was closed and NCO had not credit reported the account. NCO avers the original letter is the best evidence of its content and denies the letter constituted continued collection activity. Except as expressly admitted, NCO denies the remaining allegations contained in ¶ 27.

28.    NCO lacks sufficient information to answer the allegations contained in ¶ 28 of the Complaint, which relate to a party other than NCO, and based thereon denies the same.

29.    NCO lacks sufficient information to answer the allegations contained in ¶ 29 of the Complaint, which relate to a party other than NCO, and based thereon denies the same.

30.    NCO lacks sufficient information to answer the allegations contained in ¶ 30 of the Complaint, which relate to a party other than NCO, and based thereon denies the same.

31.    NCO lacks sufficient information to answer the allegations contained in ¶ 31 of the Complaint, which relate to a party other than NCO, and based thereon denies the same.

32.    NCO lacks sufficient information to answer the allegations contained in ¶ 32 of the Complaint, and based thereon denies the same.

33.    NCO lacks sufficient information to answer the allegations contained in ¶ 33 of the Complaint, and based thereon denies the same.

34.    NCO lacks sufficient information to answer the allegations contained in ¶ 34 of the Complaint, and based thereon denies the same.

35.    NCO lacks sufficient information to answer the allegations contained in ¶ 35 of the Complaint, and based thereon denies the same.

36.    NCO lacks sufficient information to answer the allegations contained in ¶ 36 of the Complaint, and based thereon denies the same.

37.    NCO lacks sufficient information to answer the allegations contained in ¶ 37 of the Complaint, and based thereon denies the same.

38.    NCO lacks sufficient information to answer the allegations contained in ¶ 38 of the Complaint, which relate to a party other than NCO, and based thereon denies the same.

39.    NCO lacks sufficient information to answer the allegations contained in ¶ 39 of the Complaint, which relate to a party other than NCO, and based thereon denies the same.

40.    NCO lacks sufficient information to answer the allegations contained in ¶ 40 of the Complaint, which relate to a party other than NCO, and based thereon denies the same.

41.    NCO denies the allegations contained in ¶ 41 of the Complaint.

42.    NCO admits that Plaintiff seeks redress for alleged violations of the FDCPA, Rosenthal Act, and FCRA as alleged at ¶ 42 of the Complaint, but NCO denies any and all liability or wrongdoing and denies Plaintiff is entitled to damages from NCO in any amount whatsoever.  Except as expressly admitted, NCO denies the remaining allegations contained in ¶ 42.

## **Count I**

## **VIOLATION OF THE FDCPA 15 U.S.C. § 1692**

### **By Defendants Bleier and NCO**

43.    NCO incorporates its responses to paragraphs 1-42 as though fully set forth herein.

44.    NCO lacks sufficient information to answer the allegations contained in ¶ 44, and based thereon denies the same.

45.    NCO admits that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6) its conduct may be governed by the applicable provisions of the FDCPA.  NCO further admits it engages in the business of debt collection and that its principal business is debt collection related services. Except as expressly admitted, NCO denies the remaining allegations contained in ¶ 45 of the Complaint.

46.    NCO denies the allegations contained in ¶ 46 of the Complaint and denies Plaintiff is entitled to the requested relief.

47.    NCO denies the allegations contained in ¶ 47 of the Complaint and denies Plaintiff is entitled to the requested relief.

48.    NCO denies the allegations contained in ¶ 48 of the Complaint and denies Plaintiff is entitled to the requested relief.

49.    NCO denies the allegations contained in ¶ 49 of the Complaint and denies Plaintiff is entitled to the requested relief.

50.     NCO denies the allegations contained in ¶ 50 of the Complaint and denies Plaintiff is entitled to the requested relief.

## Count II

## VIOLATION OF THE ROSENTHAL CAL. CIVIL CODE  *§ 1788  et seq.*

### By Defendants Bleier and NCO

51.     NCO incorporates its responses to paragraphs 1-50 as though fully set forth herein.

52.     NCO admits that when it acts as a debt collector as defined by Cal. Civ. Code § 1788.2(c), its conduct may be governed by the applicable provisions of the Rosenthal Act.  NCO further admits it engages in the business of debt collection and that its principal business is debt collection related services. Except as expressly admitted, NCO denies the remaining allegations contained in ¶ 52 of the Complaint.

53.     NCO admits that when it acts as a debt collector as defined by Cal. Civ. Code § 1788.2(c), its conduct may be governed by the applicable provisions of the Rosenthal Act.  NCO further admits it engages in the business of debt collection and that its principal business is debt collection related services. Except as expressly admitted, NCO denies the remaining allegations contained in ¶ 53 of the Complaint.

54.    NCO denies the allegations contained in ¶ 54 of the Complaint and denies Plaintiff is entitled to the requested relief.

55.    NCO lacks sufficient information to answer the allegations contained in ¶ 55 of the Complaint, which relate to a party other than NCO, and based thereon denies the same.

56.    NCO denies the allegations contained in ¶ 56 of the Complaint and denies Plaintiff is entitled to the requested relief.

57.    NCO denies the allegations contained in ¶ 57 of the Complaint and denies Plaintiff is entitled to the requested relief.

## Count III

## VIOLATION OF THE FRCA 15 U.S.C. § 1681 *et seq./ § 623*

## WILLFUL NON-COMPLIANCE NEGLIGENT NON-COMPLIANCE

### By Defendants Bleier and NCO

58.    NCO incorporates its responses to paragraphs 1-57 as though fully set forth herein.

59.    NCO lacks sufficient information to answer the allegations contained in ¶ 59, and based thereon denies the same.

60.     NCO lacks sufficient information to answer the allegations contained in ¶ 60 of the Complaint, which relate to a party other than NCO, and based thereon denies the same.

61.     In response to ¶ 61 of the Complaint, NCO avers the cited statute speaks for itself and refers all matters of law to the Court.

62.     In response to ¶ 62 of the Complaint, NCO avers the cited statute speaks for itself and refers all matters of law to the Court.

63.     In response to ¶ 63 of the Complaint, NCO avers the cited statute speaks for itself and refers all matters of law to the Court.

64.     NCO admits the allegations contained in ¶ 64, except the allegation that Plaintiff "never had . . . any accounts with" NCO.  Capital One placed two accounts in Plaintiff's name with NCO for collection and thus NCO denies the cited allegation.

65.     In response to ¶ 65 of the Complaint, NCO avers that Capital One's placement of Plaintiff's accounts with NCO for collection provided NCO with a permissible purpose to obtain Plaintiff's credit report.  NCO refers all matters of law to the Court.

66.     In response to ¶ 66 of the Complaint, NCO avers the cited statute speaks for itself and refers all matters of law to the Court.

67.     In response to ¶ 67 of the Complaint, NCO avers the cited statute speaks for itself and refers all matters of law to the Court.  NCO further avers that Capital One's placement of Plaintiff's accounts with NCO for collection provided NCO with a permissible purpose to obtain Plaintiff's credit report.

68.     NCO denies the allegations contained in ¶ 68 of the Complaint.

69.     NCO lacks sufficient information to answer the allegations contained in ¶ 69 of the Complaint, which relate to a party other than NCO, and based thereon denies the same.

70.     NCO denies the allegations contained in ¶ 70 of the Complaint.

## Count VI

## VIOLATION OF THE FRCA 15 U.S.C.  § 1681 *et seq./ § 623*

## WILLFUL NON-COMPLIANCE NEGLIGENT NON-COMPLIANCE

### By Defendants Cap

71.     NCO incorporates its responses to paragraphs 1-70 as though fully set forth herein.

72.     NCO lacks sufficient information to answer the allegations contained in ¶ 72, and based thereon denies the same.

73.     NCO lacks sufficient information to answer the allegations contained in ¶¶ 73-76, inclusive, of the Complaint, which relate to a party other than NCO, and based thereon denies the same.

## Count V

## VIOLATION OF THE FRCA 15 U.S.C. § 1681 *et seq.*/ § 623

### By Defendants Cap

74.     NCO incorporates its responses to paragraphs 1-76 as though fully set forth herein.

75.     NCO lacks sufficient information to answer the allegations contained in ¶ 78 and based thereon denies the same.

76.     NCO lacks sufficient information to answer the allegations contained in ¶¶ 79-81, inclusive, of the Complaint, which relate to a party other than NCO, and based thereon denies the same.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

As a first affirmative defense, NCO alleges Plaintiff's Complaint should be dismissed because the various causes of action fail to state claims upon which relief can be granted.

///

## SECOND AFFIRMATIVE DEFENSE

As a second affirmative defense, NCO alleges, pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such error.

## THIRD AFFIRMATIVE DEFENSE

As a third affirmative defense, NCO alleges, pursuant to California Civil Code § 1788.30(e), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such violation.

## FOURTH AFFIRMATIVE DEFENSE

As a fourth affirmative defense, NCO alleges, Plaintiff consented to and/or invited the conduct for which he seeks relief.

## FIFTH AFFIRMATIVE DEFENSE

As a fifth affirmative defense, NCO alleges, Plaintiff knowingly and voluntarily waived his rights to obtain any or all of the relief sought in the complaint.

WHEREFORE, NCO respectfully requests that:

1.      Plaintiff take nothing by way of his Complaint;

2.      Judgment of dismissal be entered in favor of NCO;

3.      NCO be awarded costs and attorney's fees it has incurred in defending

this lawsuit.

4.      NCO be granted such other and further relief as the Court deems just

and proper.

Dated: 11/3/11                  SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

/s/ Debbie P. Kirkpatrick
Debbie P. Kirkpatrick
Attorney for Defendant
NCO Financial Systems, Inc.