Harvey M. Moore, Esq., CBN 101128
Terri Lazo, Esq., CBN 228663
The Moore Law Group,
A Professional Corporation
3710 S. Susan St., Ste 210
P.O. Box 25145
Santa Ana, CA 92799-5145
(714) 431-2000

Attorneys for Defendant
Bleier & Cox, LLP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON L. THOMAS,<br><br>             Plaintiff,<br><br>      vs.<br><br>BLEIER & COX, LLP, NCO FINANCIAL SYSTEM, INC., CAPITAL ONE BANK USA N.A., DOES 1 THROUGH 10,<br><br>             Defendants. | Case No. 2:11-cv-04428 AMH (OPx)<br><br><br>**DEFENDANT BLEIER & COX, LLP'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |

///
///
///
///
///
///
///
///

Defendant, Bleier & Cox, LLP ("Defendant"), by and through its attorneys, and for itself alone, answers Plaintiff Deon L. Thomas' ("Plaintiff") Second Amended Complaint ("Complaint"), filed on or about October 21, 2011, as follows:

1.    Responding to Paragraph 1 of the Complaint, Defendant admits, that the Complaint purports to be based on alleged violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, et.seq. ("FDCPA"), the California Rosenthal fair Debt Collection Practice Act ("Rosenthal Act"), and the Fair Credit Reporting Act 15 U.S.C. §1681 et seq. ("FCRA").

2.    Responding to Paragraph 2 of the Complaint, Defendant admits based upon information and belief that Plaintiff has brought this suit to challenge alleged actions on the part of all defendants.  Defendant specifically and generally denies any and all allegations of unlawfully collecting on a debt and that Plaintiff suffered any damages.

3.    Responding to Paragraph 3 of the Complaint, Defendant admits based upon information and belief that Plaintiff believes he is making the allegations in the Complaint on information, belief, and personal knowledge, respectively.

4.    Responding to Paragraph 4 of the Complaint, Defendant admits that that any action it personally took part in pertaining to this case, occurred in California.  Except as otherwise admitted, Defendant generally and specifically denies.

5.    Responding to Paragraph 5, Defendant denies, based on information

and belief, generally and specifically, each and every allegation contained therein.

6.      Responding to Paragraph 6, Defendant admits based upon information and belief that Plaintiff filed this action for damages for violations of the FCRA, FDCPA, and Rosenthal Act.  Except as otherwise admitted, Defendant generally and specifically denies any such violations occurred and that Plaintiff suffered any damages.

7.      Responding to Paragraph 7 of the Complaint, Defendant admits the Court has jurisdiction to hear the present action.

8.      Responding to Paragraph 8, of the Complaint, Defendant admits venue is proper with this Court as Plaintiff resides nearby.  Except as otherwise admitted, Defendant generally and specifically denies.

9.      Responding to Paragraph 9 of the Complaint, Defendant admits.

10.      Responding to Paragraph 10, Defendant admits venue and jurisdiction is proper with this Court.

11.      Responding to Paragraph 11, Defendant admits based upon information and belief.

12.      Responding to Paragraph 12 of the Complaint, Defendant admits there are defendants in this lawsuit.

13.      Responding to Paragraph 13 of the Complaint, Defendant admits that it does engage in the collection of debts and that it would fall under the definition of debt collector under the FDCPA.  Defendant asserts that additional facts alleged in

this paragraph are against Co-Defendant NCO Financial System, Inc. ("NCO") and not against Defendant.  Therefore, those facts and allegations are inapplicable to Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no response to them.  Except as otherwise admitted, Defendant generally and specifically denies.

14.   Responding to Paragraph 14 of the Complaint, Defendant asserts that the facts alleged in this paragraph are against Co-Defendant Capital One Bank USA N.A. ("Capital One") and not against Defendant.   Therefore, those facts and allegations are inapplicable to Defendant.   Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no response to them.

15.   Responding to Paragraph 15 of the Complaint, Defendant admits.

16.   Responding to Paragraph 16 of the Complaint, Defendant asserts that the facts alleged in this paragraph are against Co-Defendant NCO and not against Defendant.   Therefore, those facts and allegations are inapplicable to Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no response to them.

17.   Responding to Paragraph 17 of the Complaint, Defendant asserts that the facts alleged in this paragraph are against Co-Defendant Capital One and not against Defendant.   Therefore, those facts and allegations are inapplicable to Defendant.  Defendant is without knowledge or information sufficient to form a

belief as to the truth of such allegations contained therein, and has no response to them.

18.     Responding to Paragraph 18 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff being ignorant of names of Does 1 through 10 inclusive and whether such fictitious Doe Defendants have committed a wrongdoing and caused Plaintiff damages; and on that basis, denies, generally and specifically, each and every allegation contained therein.

19.     Responding to Paragraph 19 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiff's date of and request for copies of his own credit report and whether he found entries on the reports that he was unfamiliar with; and on that basis, denies, generally and specifically, the allegations contained therein.

20.     Responding to Paragraph 20 of the Complaint, Defendant admits that it ran Plaintiff's credit report.  Except as otherwise admitted, Defendant asserts that some of the facts alleged in this paragraph are against Co-Defendants NCO and Capital One, and not against Defendant.  Therefore, those facts and allegations are inapplicable to Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no Response to them.  Except as otherwise admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation

5

regarding Plaintiff's determination that his credit report had been pulled on various occasions by various entities he did not recognize and whether such was without Plaintiff's express consent; and on that basis, denies, generally and specifically, the allegations contained therein.   Except as otherwise admitted, Defendant denies, generally and specifically, each and every remaining allegation contained therein.

21.     Responding to Paragraph 21 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiff allegedly joining Privacy Guard, on what date he allegedly joined it, and what Privacy Guard does or does not monitor; and, on that basis, denies, generally and specifically, the allegation contained therein.

22.     Responding to Paragraph 22 of the Complaint, Defendant asserts that the facts alleged in this paragraph are against Co-Defendant NCO and not against Defendant.   Therefore, those facts and allegations are inapplicable to Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no response to them.

23.     Responding to Paragraph 23 of the Complaint, Defendant admits that it ran Plaintiff's credit report.

24.     Responding to Paragraph 24 of the Complaint, Defendant admits that Plaintiff has properly interpreted the statute of limitations for FCRA 15 U.S.C. §1681 et seq. is one year.   Except as is otherwise admitted, Defendant denies, generally and specifically, each and every remaining allegation contained therein.

25.    Responding to Paragraph 25 of the Complaint, Defendant asserts that the facts alleged in this paragraph are against Co-Defendant NCO and not against Defendant.  Therefore, those facts and allegations are inapplicable to Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no response to them.

26.    Responding to Paragraph 26 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiff allegedly sending a cease and desist notice and demand for validation to Co-Defendant NCO; and, on that basis, cannot admit or deny such allegations.  Defendant asserts that the remaining facts alleged in this paragraph are against Co-Defendant NCO and not against Defendant.  Therefore, those facts and allegations are inapplicable to Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no response to them.

27.    Responding to Paragraph 27 of the Complaint, Defendant asserts that the facts alleged in this paragraph are against Co-Defendant NCO and not against Defendant.  Therefore, those facts and allegations are inapplicable to Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no response to them.

28.    Responding to Paragraph 28 of the Complaint, Defendant admits to sending an initial debt collection letter on or about December 22, 2010 and that it

was Defendant's initial contact with Plaintiff.   Except as otherwise admitted, Defendant denies, generally and specifically, each and every allegation contained therein.

29.   Responding to Paragraph 29 of the Complaint, Defendant admits that Plaintiff sent a cease and desist notice to Defendant which was received by Defendant on or about February 8, 2011.  Except as otherwise admitted, Defendant denies, generally and specifically, each and every remaining allegation contained therein.

30.   Responding to Paragraph 30 of the Complaint, Defendant admits that Plaintiff sent a request for validation to Defendant which was received by Defendant on or about March 3, 2011.  Except as otherwise admitted, Defendant denies, generally and specifically, each and every remaining allegation contained therein.

31.   Responding to Paragraph 31 of the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

32.   Responding to Paragraph 32 of the Complaint, Defendant asserts that the facts alleged in this paragraph are against Co-Defendant Capital One and not against Defendant.   Therefore, those facts and allegations are inapplicable to Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no response to them.

33.   Responding to Paragraph 33 of the Complaint, Defendant is without

knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiff allegedly disputing information with the identified credit reporting agencies and on what dates he may or may not have done so; and, on that basis, denies, generally and specifically, each and every allegation contained therein.

34.   Responding to Paragraph 34 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiff allegedly disputing information with the identified credit reporting agency, on what date he may or may not have done so, and on what date such may or may not have been received by the credit reporting agency; and, on that basis, denies, generally and specifically, each and every allegation contained therein.

35.   Responding to Paragraph 35 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiff allegedly disputing information with the identified credit reporting agency, on what date he may or may not have done so, and on what date such may or may not have been received by the credit reporting agency; and, on that basis, denies, generally and specifically, each and every allegation contained therein.

36.   Responding to Paragraph 36 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiff allegedly disputing information with the identified credit reporting agency, on what date he may or may not have done so, and on what date such may or may not have been received by the credit reporting agency; and, on that

basis, denies, generally and specifically, each and every allegation contained therein.

37.   Responding to Paragraph 37 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding whether the credit reporting agencies sent a consumer discloser to Plaintiff and what if any language such disclosure contained; and, on that basis, denies, this allegation.  Defendant further asserts that the remaining facts alleged in this paragraph are against Co-Defendant Capital One and not against Defendant. Therefore, those facts and allegations are inapplicable to Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no response to them.

38.   Responding to Paragraph 38 of the Complaint, Defendant asserts that the facts alleged in this paragraph are against Co-Defendant Capital One and not against Defendant.   Therefore, those facts and allegations are inapplicable to Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no response to them.

39.   Responding to Paragraph 39 of the Complaint, Defendant asserts that the facts alleged in this paragraph are against Co-Defendant Capital One and not against Defendant.   Therefore, those facts and allegations are inapplicable to Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no response to

them.

40.    Responding to Paragraph 40 of the Complaint, Defendant asserts that the facts alleged in this paragraph are against Co-Defendant Capital One and not against Defendant.    Therefore, those facts and allegations are inapplicable to Defendant.    Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no response to them.

41.    Responding to Paragraph 41 of the Complaint, Defendant denies, generally and specifically, all facts and allegations against Defendant, that Defendant did anything which constituted harassment of Plaintiff, that anything Defendant did resulted in willful, negligent, and intentional infliction of emotional distress and/or public humiliation, and that Plaintiff suffered any damages or will continue to suffer damages as a result of an action on the part of Defendant.    Except as otherwise denied, Defendant asserts that the remaining facts alleged and allegations in this paragraph are against Co-Defendants NCO and Capital One and not against Defendant.    Therefore, those facts and allegations are inapplicable to Defendant.    Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no response to them.

42.    Responding to Paragraph 42 of the Complaint, Defendant admits that in this paragraph Plaintiff appears to be pleading that he demands relief.    Except as

otherwise admitted, Defendant denies, generally and specifically, that Plaintiff has pled any facts supporting any such claim and demand.

43.    Responding to Paragraph 43 of the Complaint, Defendant admits that Plaintiff appears to be realleging all facts set forth in paragraphs 1-42. Defendant reiterates and incorporates each and every admission and denial, respectively, as it has above previously pled in response to paragraphs 1-42.

44.    Responding to Paragraph 44 of the Complaint, Defendant, based on information and belief, admits.

45.    Responding to Paragraph 45 of the Complaint, Defendant admits that it is a debt collector under the FDCPA.  Defendant asserts that the remaining and additional facts alleged in this paragraph are against Co-Defendant NCO and not against Defendant.   Therefore, those facts and allegations are inapplicable to Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no response to them.

46.    Responding to Paragraph 46 of the Complaint, Defendant denies, generally and specifically, each and every allegation and alleged fact against Defendant contained therein.   Defendant asserts that the remaining additional allegations and facts alleged in this paragraph are against Co-Defendant NCO and not against Defendant.  Therefore, those facts and allegations are inapplicable to Defendant.  Defendant is without knowledge or information sufficient to form a

belief as to the truth of such allegations contained therein, and has no Response to them.

47.   Responding to Paragraph 47 of the Complaint, Defendant denies, generally and specifically, each and every allegation and alleged fact against Defendant contained therein.   Defendant asserts that the remaining additional allegations and facts alleged in this paragraph are against Co-Defendant NCO and not against Defendant.   Therefore, those facts and allegations are inapplicable to Defendant.   Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no Response to them.

48.   Responding to Paragraph 48 of the Complaint, Defendant denies, generally and specifically, each and every allegation and alleged fact against Defendant contained therein.   Defendant asserts that the remaining additional allegations and facts alleged in this paragraph are against Co-Defendant NCO and not against Defendant.   Therefore, those facts and allegations are inapplicable to Defendant.   Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no Response to them.

49.   Responding to Paragraph 49 of the Complaint, Defendant denies, generally and specifically, each and every allegation and alleged fact against Defendant contained therein.   Defendant asserts that the remaining additional

allegations and facts alleged in this paragraph are against Co-Defendant NCO and not against Defendant. Therefore, those facts and allegations are inapplicable to Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no Response to them.

50. Responding to Paragraph 50 of the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

51. Responding to Paragraph 51 of the Complaint, Defendant admits that Plaintiff appears to be realleging all facts set forth in paragraphs 1-50. Defendant reiterates and incorporates each and every admission and denial, respectively, as it has above previously pled in response to paragraphs 1-50.

52. Responding to Paragraph 52 of the Complaint, Defendant denies, generally and specifically, that it is a debt collector as defined under the Rosenthal Act California Civil Code §1788 et seq. ("Rosenthal Act"). Defendant asserts that the remaining and additional facts alleged in this paragraph are against Co-Defendant NCO and not against Defendant. Therefore, those facts and allegations are inapplicable to Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no Response to them.

53. Responding to Paragraph 53 of the Complaint, Defendant denies, generally and specifically, that it is subject to the Rosenthal Act. Defendant asserts

that the remaining and additional facts alleged in this paragraph are against Co-Defendant NCO and not against Defendant.  Therefore, those facts and allegations are inapplicable to Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no Response to them.

54.    Responding to Paragraph 54 of the Complaint, Defendant denies, generally and specifically, each and every allegation and alleged fact against Defendant contained therein.  Defendant asserts that the remaining additional allegations and facts alleged in this paragraph are against Co-Defendant NCO and not against Defendant.  Therefore, those facts and allegations are inapplicable to Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no Response to them.

55.    Responding to Paragraph 55 of the Complaint, Defendant denies, generally and specifically, each and every allegation and alleged fact against Defendant contained therein.

56.    Responding to Paragraph 56 of the Complaint, Defendant denies, generally and specifically, each and every allegation and alleged fact against Defendant contained therein.  Defendant asserts that the remaining additional allegations and facts alleged in this paragraph are against Co-Defendant NCO and not against Defendant.  Therefore, those facts and allegations are inapplicable to

Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no Response to them.

57.    Responding to Paragraph 57 of the Complaint, Defendant denies, generally and specifically, each and every allegation, alleged fact, and claimed damages against Defendant contained therein.  Defendant asserts that the remaining additional allegations and facts alleged in this paragraph are against Co-Defendant NCO and not against Defendant.   Therefore, those facts and allegations are inapplicable to Defendant.   Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no Response to them.

58.    Responding to Paragraph 58 of the Complaint, Defendant admits that Plaintiff appears to be realleging all facts set forth in paragraphs 1-57. Defendant reiterates and incorporates each and every admission and denial, respectively, as it has above previously pled in response to paragraphs 1-57.

59.    Responding to Paragraph 59 of the Complaint, Defendant, based upon information and belief, admits.

60.    Responding to Paragraph 60 of the Complaint, Defendant, based upon information and belief, admits.

61.    Responding to Paragraph 61 of the Complaint, Defendant, based upon information and belief, admits.

62.    Responding to Paragraph 62 of the Complaint, Defendant neither admits nor denies that Plaintiff has properly quoted or cited the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1682b, such will stand on its own as to what is contained in the official written statute.

63.    Responding to Paragraph 63 of the Complaint, Defendant neither admits nor denies that Plaintiff has properly quoted or cited the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1682b, such will stand on its own as to what is contained in the official written statute. Except as otherwise admitted, Defendant denies, generally and specifically, each and every remaining allegation contained therein.

64.    Responding to Paragraph 64 of the Complaint, Defendant, based upon information and belief, admits Plaintiff has had no business dealings with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from Defendant.   Defendant asserts that the remaining additional allegations and facts alleged in this paragraph are against Co-Defendant NCO and not against Defendant.   Therefore, those facts and allegations are inapplicable to Defendant.   Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no Response to them.   Except as otherwise admitted and qualified, Defendant denies, generally and specifically, each and every remaining allegation contained therein.

17

65.    Responding to Paragraph 65 of the Complaint, Defendant admits, based upon information and belief, that Plaintiff did not personally grant Defendant permission to acquire his credit report.   Defendant asserts that the remaining additional allegations and facts alleged in this paragraph are against Co-Defendant NCO and not against Defendant.    Therefore, those facts and allegations are inapplicable to Defendant.   Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no response to them.

66.    Responding to Paragraph 66 of the Complaint, Defendant neither admits nor denies that Plaintiff has properly quoted or cited the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681a(r)(4), such will stand on its own as to what is contained in the official written statute.

67.    Responding to Paragraph 67 of the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

68.    Responding to Paragraph 68 of the Complaint, Defendant asserts that the allegations and facts alleged in this paragraph are against Co-Defendant NCO and not against Defendant. Therefore, those facts and allegations are inapplicable to Defendant.   Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no response to them.

69.    Responding to Paragraph 69 of the Complaint, Defendant admits it

obtained Plaintiff's credit report.  Except as otherwise admitted, Defendant denies, generally and specifically, each and every remaining allegation contained therein.

70.    Responding to Paragraph 70 of the Complaint, Defendant denies, generally and specifically, each and every allegation, alleged fact, and claimed damages against Defendant contained therein.  Defendant asserts that the remaining additional allegations and facts alleged in this paragraph are against Co-Defendant NCO and not against Defendant.    Therefore, those facts and allegations are inapplicable to Defendant.    Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no response to them.

71.    Responding to Paragraph 71 of the Complaint, Defendant admits that Plaintiff appears to be realleging all facts set forth in paragraphs 1-70. Defendant reiterates and incorporates each and every admission and denial, respectively, as it has above previously pled in response to paragraphs 1-70.

72.    Responding to Paragraph 72 of the Complaint, Defendant, based upon information and belief, admits.

73.    Responding to Paragraph 73 of the Complaint, Defendant asserts that the allegations and facts alleged in this paragraph are against Co-Defendant Capital One and not against Defendant.    Therefore, those facts and allegations are inapplicable to Defendant.    Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and

1   has no response to them.

2       74.    Responding to Paragraph 74 of the Complaint, Defendant is without

3

4   knowledge or information sufficient to form a belief as to the truth of the allegation

5   regarding Plaintiff allegedly disputing erroneous and inaccurate information with

6

7   the identified credit reporting agencies; and, on that basis, denies, generally and

8   specifically, each and every allegation contained therein.

9       75.    Responding to Paragraph 75 of the Complaint, Defendant asserts that

10

11  the allegations and facts alleged in this paragraph are against Co-Defendant Capital

12  One  and  not  against  Defendant.    Therefore,  those  facts  and  allegations  are

13  inapplicable  to  Defendant.    Defendant  is  without  knowledge  or  information

14

15  sufficient to form a belief as to the truth of such allegations contained therein, and

16  has no response to them.

17      76.    Responding to Paragraph 76 of the Complaint, Defendant asserts that

18

19  the allegations and facts alleged in this paragraph are against Co-Defendant Capital

20  One  and  not  against  Defendant.    Therefore,  those  facts  and  allegations  are

21  inapplicable  to  Defendant.    Defendant  is  without  knowledge  or  information

22

23  sufficient to form a belief as to the truth of such allegations contained therein, and

24  has no response to them.

25      77.    Responding to Paragraph 77 of the Complaint, Defendant admits that

26

27  Plaintiff appears to be realleging all facts set forth in paragraphs 1-76. Defendant

28  reiterates and incorporates each and every admission and denial, respectively, as it

has above previously pled in response to paragraphs 1-76.

78.     Responding to Paragraph 78 of the Complaint, Defendant, based upon information and belief, admits.

79.     Responding to Paragraph 79 of the Complaint, Defendant asserts that the allegations and facts alleged in this paragraph are against Co-Defendant Capital One and not against Defendant.   Therefore, those facts and allegations are inapplicable to Defendant.   Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no response to them.

80.     Responding to Paragraph 80 of the Complaint, Defendant asserts that the allegations and facts alleged in this paragraph are against Co-Defendant Capital One and not against Defendant.   Therefore, those facts and allegations are inapplicable to Defendant.   Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no response to them.

81.     Responding to Paragraph 81 of the Complaint, Defendant asserts that the allegations and facts alleged in this paragraph are against Co-Defendant Capital One and not against Defendant.   Therefore, those facts and allegations are inapplicable to Defendant.   Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations contained therein, and has no response to them.

82.     Responding to unnumbered Paragraph 82 of the Complaint, Defendant, based upon information and belief, admits that Plaintiff appears to be demanding a jury trial.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

83.   Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Failure to State Facts)

84. The Complaint, and each and every purported cause of action thereof, fails to state facts sufficient to constitute a cause of action against Defendant.

### THIRD AFFIRMATIVE DEFENSE

(Lack of Proximate Cause)

85.  The alleged injuries to Plaintiff were not proximately caused by any acts or omissions of Defendant.

### FOURTH AFFIRMATIVE DEFENSE

(Failure to Plead Damages)

86.  The Complaint fails to plead any damages sustained with any certainty.

### FIFTH AFFIRMATIVE DEFENSE

(Damages Resulted Solely from Plaintiff's Fault)

87.   Defendant alleges, without admitting liability or obligation, if any, without impairing the general denials herein, that if Plaintiff was damaged at all, Plaintiff was so damaged due to Plaintiff's own failures, or by the failures of those acting on Plaintiff's behalf.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

88.   Plaintiff failed to mitigate his damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

89.   At all times relevant to the causes of action alleged therein, Defendant acted with good faith and honesty of purpose.

## EIGHTH AFFIRMATIVE DEFENSE

### (Bad Faith)

90.   Plaintiff brought this action in bad faith and for purposes of harassment.  15 U.S.C. 1692k(a)(3) states in pertinent part, "On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to Defendant attorney's fees reasonable in relation to the work expended and costs.  California Civil Code § 1788.30(c) states in pertinent part, "reasonable attorney's fees may be awarded to a prevailing creditor upon a finding by the court that the debtor's prosecution or defense of the action was not in good faith."  California Code of Civil Procedure §128.7 provides in pertinent part: "(b) By presenting to the court, whether by signing, filing,

submitting, or later advocating, a pleading, petition, written notice of motion, or other similar paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, all of the following conditions are met:  (1) It is not being presented primarily for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation… (3) The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery…(c) If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation. In determining what sanctions, if any, should be ordered, the court shall consider whether a party seeking sanctions has exercised due diligence."

### NINTH AFFIRMATIVE DEFENSE

(Justifiable Conduct)

91.  Defendant alleges, without admitting any liability, obligation, or conduct, if any, without impairing the general denials herein, that the conduct of Defendant in regard to the matters alleged in the Complaint were justified, and by reason of the foregoing, Plaintiff is barred from any recovery against Defendant.

///

///

## TENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

92.  Plaintiff failed to bring these causes of action within the governing statute of limitations.  15 U.S.C. §1692k(d) states in pertinent part, "an action to enforce any liability created by this subchapter may be brought…within one year from the date on which the violation occurs." 15 U.S.C. §1681p states in pertinent part that the statute of limitations for a FCRA claim is 2 years from the date of discovery of the violation and within 5 years of the actual date of violation.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Statutory Exemption)

93.  The FCRA §1681b specifically allows a collection law firm such as Defendant to pull a debtor's credit report in connection with collecting on a delinquent credit card account.

## TWELFTH AFFIRMATIVE DEFENSE

### (Statutory Exemption)

94.  Attorneys and law firms are exempt from liability under the Rosenthal Act and are therefore not debt collectors under the statute.  In *Carney v. Rotkin, Schmrin & McIntyre*, the Court held the dismissal of the claim was proper as to all defendants because attorneys are not subject to the Rosenthal Act.  206 Cal.App.3d 1513, 1526.  Following the precedent in *Carney*, the Court in *Owings v. Hunt & Henriques, et al.* rejected the plaintiff's argument that the Rosenthal Act excluded attorneys but not law firms; and held that a law firm could not be held liable under the Rosenthal Act.  (S.D.Cal.) 2010 WL 3489342.

///

///

25

## THIRTEENTH AFFIRMATIVE DEFENSE

(Reservation)

95.  Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, and as yet unstated, affirmative defenses available.  Defendant reserves, herein, the right to assert additional defenses in the event that discovery indicates it would be appropriate.

## PRAYER FOR RELIEF

Defendant denies Plaintiff is entitled to the Complaint's requested relief, or to any relief whatsoever.

WHEREFORE, Defendant prays as follows:

1.    That judgment be entered in Defendant's favor;
2.    That Plaintiff take nothing by virtue of his Complaint and that this action be dismissed with prejudice in its entirety;
3.    For attorney's fees and costs; and
4.    For such other and further relief as the Court may deem just and proper.


Dated:  November 7, 2011

The Moore Law Group, APC

By: _____
Harvey M. Moore, Esq.
Terri Lazo, Esq.
Attorneys for Defendant
Bleier & Cox, LLP

///

///

26

# CERTIFICATE OF SERVICE

I, Terri Lazo, do hereby certify that on November 7, 2011, a copy of the forgoing document was sent by U.S. Mail to:

Deon L. Thomas
14626 Red Gum Street
Moreno Valley, CA 92555

Debbie P. Kirkpatrick, Esq.
Sondra R. Levine, Esq.
Sessions, Fishman, Nathan, & Israel, LLP
1545 Hotel Circle South, Suite 150
San Diego, CA 92108-3426
Attorneys for NCO

Hemmy So, Esq.
Doll Amir & Eley LLP
1888 Century Park East
Suite 1850
Los Angeles, CA 90067
Attorneys for Capital One

TERRI LAZO

///
///
///
///
///
///

27

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the county of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 3710 S. Susan Street, Suite 210, Santa Ana, CA 92704.

On July 13, 2011, I served the foregoing documents described as**:**

**Defendant Bleier & Cox, LLP's Answer to Plaintiff's Second Amended Complaint**

[ ] by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

[x] by placing ____ the original _x_ a true copy thereof enclosed in sealed envelopes addressed as follows:

[ ] by causing personal service of the foregoing document via DDS at the following address:

**Deon L. Thomas**
**14626 Red Gum Street**
**Moreno Valley, CA 92555**

**Debbie P. Kirkpatrick, Esq.**
**Sondra R. Levine, Esq.**
**Sessions, Fishman, Nathan, & Israel, LLP**
**1545 Hotel Circle South, Suite 150**
**San Diego, CA 92108-3426**
**Attorneys for NCO**

**Hemmy So, Esq.**
**Doll Amir & Eley LLP**
**1888 Century Park East**
**Suite 1850**
**Los Angeles, CA 90067**
**Attorneys for Capital One**

[ x]BY MAIL

[ ] I deposited such envelope in the mail at Santa Ana, California.  The envelope was mailed with postage thereon fully prepaid.

[x ]As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in

28

1    affidavit.

2  [ ]  ** (VIA EMAIL) I caused the above-referenced document to be delivered via electronic mail
3         to the above-referenced email address.

4  [ ]  ** (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the
5         addressee.

6  [ ]  **(VIA ONTRAC OVERNIGHT EXPRESS) As follows:  I am "readily familiar" with the
7         firm's practice of practice of collection and processing documents for overnight
          delivery.

8  [ ]  (State) I declare under penalty of perjury under the laws of the State of California that the
9         above is true and correct.

10 [ x](Federal) I declare that I am employed in the office of a member of the bar of this court at
11        whose direction the service was made.  I declare under penalty of perjury under the
          laws of the United States of America that the above is true and correct.

12    Executed on November 7, 2011, at Santa Ana, California, United States of America.

13

14    TERRI LAZO

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29